IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: METROPOLITAN LIFE )
INSURANCE COMPANY SALES )
PRACTICES LITIGATION )
)
THIS DOCUMENT RELATES TO: )  MISC. DOCKET NO. 96-179
MDL NO. 1091 )  JUDGE AMBROSE
)  MAGISTRATE JUDGE BENSON
Amodeo    C.A. No. 96-0759 )
Biggs     C.A. No. 96-0038 )
Caskey    C.A. No. 95-1426 )
Garrett   C.A. No. 96-0436 )
Oddi      C.A. No. 96-0051 )

# FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS plaintiffs and defendants entered into a Stipulation of Settlement, dated August 18, 1999 (Docket #515), which, together with the exhibits and amendments thereto, is referred to herein as the "Settlement Agreement"), to settle this class action (the "Action"); and

WHEREAS the Court entered an Order dated August 18, 1999 (Docket #517, the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering individual and publication notice to potential class members, scheduling a Fairness Hearing for December 2, 1999, and providing class members with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement; and

WHEREAS the Court held a Fairness Hearing on December 2, 1999, to determine whether to give final approval to the proposed settlement; and

AO 72A
Rev 8/82

WHEREAS the Court has issued contemporaneously herewith Findings of Fact and Conclusions of Law granting final certification of the settlement class, approving the proposed settlement, and dismissing the settlement class members' claims (among other things); now, therefore,

Based on the submissions of the parties and Class Members, as that term is defined in Paragraph 3 below, on the oral argument at the Fairness Hearing, and on this Court's Findings of Fact and Conclusions of Law filed contemporaneously herewith, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents.** This Final Order Approving Class Action Settlement incorporates and makes a part hereof

    (a) the Stipulation of Settlement dated and filed with this Court on August 18, 1999 (Docket #515);

    (b) the following exhibits to the Stipulation of Settlement: (i) Exhibit A (Guidelines for Determining, Scoring and Awarding Relief in Claim Evaluation), (ii) Exhibit B (the Class Notice Package), (iii) Exhibit C (the Publication Notice), (iv) Exhibit D (the Schedule of Policies Eligible for DAC Tax Relief and DAC Tax Relief Death Benefit Chart), (v) Exhibit E (the Proposed Hearing Order), (vi) Exhibit F (the Confidentiality Agreement), (vii) Exhibit G (the Proposed Final Order and Judgment, (viii) Exhibit H (the Statement to Accompany Post-Execution Date Responses to Customer Complaints) (ix) Exhibit I (the Post-Settlement Claim Form Mailing), (x) Exhibit J (the Claim Evaluation Administrative Forms and Letters); and (xi) Exhibit K (the Simplified Underwriting); and

(c)     the First Amendment to the Stipulation of Settlement dated and filed with this Court on December 13, 1999 (Docket #714).

The Stipulation of Settlement and all exhibits and amendments thereto shall be referred to as the "Settlement Agreement." (Docket #s 515 and 714).

2.     **Jurisdiction**. Because adequate notice has been disseminated and all potential Class Members have been given the opportunity to opt out of this class action, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject-matter jurisdiction over this Action pursuant to 15 U.S.C. § 78aa, 28 U.S.C. §§ 1331 and 1367, including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the Class, and dismiss this action on the merits and with prejudice.

**Final Class Certification**. The Class this Court previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(a), (b)(3), and (e)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The "Class" consists of all persons or entities ("Class Members") who have or had an ownership interest in any permanent life insurance policy ("Policy") or any deferred annuity contract or certificate ("Annuity") issued by Metropolitan Life Insurance Company, Metropolitan Insurance and Annuity Company, or Metropolitan Tower Life Insurance Company (hereinafter collectively referred to as "MetLife" or the "Company") in the United States during the period from January 1, 1982, through December 31, 1997 (the "Class Period") pursuant to an individual sale, but does not include (i) any present or former employee, director or sales representative of the Company, or his or her spouse; or (ii) any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under section 1035 of the Internal Revenue Code.

- 3 -

Notwithstanding the foregoing, the Class shall not include (unless and to the extent such persons or entities are Class Members by virtue of their ownership interest in another Policy or Annuity) the following: (i) any persons or entities who made a timely election to be excluded from the proposed class with respect to a particular Policy (or Policies) or Annuity (or Annuities); and (ii) any persons or entities who have or had an ownership interest in a Policy or Annuity that (a) was terminated due to the death of the insured or annuity owner or annuitant; (b) was issued by the Company, but not accepted or paid for, or was returned to the Company as part of the exercise of a free look provision in the Policy or Annuity; (c) was rescinded as part of a reissue of a new Policy or Annuity, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner with interest and the owner was represented by counsel at the time; (d) resulted in the award of relief pursuant to the nationwide class action settlement of savings and retirement plan claims in Horton v. Metropolitan Life Ins. Co., Civ. No. 93-1849 CIV-T-23A (M.D. Fla.); (e) is the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing MetLife from any further liability concerning such Policy or Annuity; (f) was issued in connection with the Transamerica HomeFirst Reverse Mortgage Program; or (g) makes such person or entity a member of the class certified by order of the United States District Court for the Southern District of New York dated August 24, 1998 in Dornberger v. Metropolitan Life Ins. Co., No. 95-CIV-10374 (LBS) (S.D.N.Y.).

4.   **Adequacy of Representation.** The law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Specter Specter Evans & Manogue, P.C. ("Co-Lead Counsel"), and the Class Representatives Charles V. Amodeo, Dennis W. Biggs, Sr., Joseph P. Garrett, Jr., Ronald R. Hess,

Arthur E. Leach, Richard L. Oddi, Michael A. Rankin, and Harvey J. Williams have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5.  **Class Notice.** The Court finds that the Class Notice Package and its distribution to the Class, and the publication of the Publication Notice implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order:

(a) constituted the best practicable notice to Class Members under the circumstances of this action;

(b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action, (ii) their right to exclude themselves from the Class and the proposed settlement,

(iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by Plaintiffs or Plaintiffs' counsel, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

- 5 -

(c)  constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

(d)  constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable law.

6.  **Final Settlement Approval**. The terms and provisions of the Settlement Agreement, including all exhibits and amendments thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the named plaintiffs and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7.  **Early Implementation**. The Company is hereby authorized, in its sole discretion but in consultation with Co-Lead Counsel, and without requiring further approval of this Court, to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date the Company elects to implement the settlement.

8.  **Appeal After Early Implementation**. If the Company chooses to exercise its discretion to implement the settlement before the Final Settlement Date, anyone seeking to appeal

-6-

from this Court's rulings must first (i) request to intervene upon a representation of inadequacy of counsel; (ii) request a stay of implementation of the settlement, and (iii) post an appropriate bond. Absent satisfaction of each of these three requirements, the Company is authorized to proceed with implementation of the settlement, even if such implementation would moot any such appeal.

9. **Post-Settlement Mailing.** The parties are hereby directed to mail the Post-Settlement Mailing materials in the form attached as Exhibit I to the Stipulation of Settlement, as provided by the Settlement Agreement.

10. **Securities Registration Not Required.** The Court hereby finds that, to the extent that the right to designate another person as eligible to receive a Settlement Death Benefit or an Accidental Death Benefit under the Settlement Agreement might be deemed to be a security under section 3(a)(10) of the Securities Act of 1933, as amended, registration of such right would not be required by virtue of the Court's approval of the settlement.

11. **Binding Effect.** The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

12. **Release.** The following Release, which is also set forth in Section XIV of the Stipulation of Settlement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and

- 7 -

forever discharges the Releasees from any claims or liabilities arising from or related to the Released Transactions:

 A. <u>Release and Waiver</u>. Plaintiffs and the Class have agreed to the following release and waiver.

  1. Plaintiffs and all Class Members hereby expressly agree that they shall release and discharge the Releasees from any and all claims or causes of action -- known or unknown -- that were or could have been asserted in this action with respect to Policies, and with respect to Annuities solely as described below in subsections (b), (d) and (e). As part of this Release, Plaintiffs and all Class Members agree that they release, acquit and forever discharge all Releasees from and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Releasees, either directly or indirectly, on their own behalf, derivatively, or on behalf of the Class or of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, <u>including, without limitation</u>, claims for rescission, restitution or all damages of any kind, including those in excess of actual damages, and claims for mental anguish, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Class Member against the Releasees or any of them in this Action or in any other court action or before any administrative body (including any brought by or on behalf of any state attorney general or Department of Insurance or other regulatory entity or federal, state or local prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body on the basis of, connected with, arising out of, or related to, in whole or in part, the Policies, the Annuities (solely to the extent described below in subsections (b), (d) and (e)), and the Released Transactions, <u>including, without limitation</u>:

   a. any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations that have been, could have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in the Complaint, Amended Complaint or the Action;

- 8 -

b.  any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations allegedly made in connection with or directly or indirectly relating to the Released Transactions (to the extent applicable to Policies and/or Annuities), including, without limitation, any acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations relating to:

1)  the number of out-of-pocket payments that were paid or would need to be paid for a Policy or Policies, or in connection with a Vanishing Premium scheme, as alleged in the Action or the accelerated payment plan or accelerated payment arrangement;

2)  the ability to keep or not to keep a Policy or Policies in-force based on a fixed number and/or amount of premium payments (less than the number and/or amount of payments required by the terms of the Policies), and/or the amount that would be realized or paid under the Policies based on a fixed number and/or amount of cash payments (less than the number and/or amount of payments required by the terms of the Policies), whether in the form of (i) cash value and/or (ii) death, retirement or periodic payment benefits;

3)  the dividends, interest rates or other policy credits credited or to be credited to premiums paid on a Policy or Policies, or to amounts within a Policy or Policies, and the deductions or charges (including all expense and other deductions or charges) charged or to be charged against the Policy or Policies;

4)  the nature, characteristics, terms, appropriateness, suitability, descriptions and operation of a Policy or Policies, including, without limitation, (i) the amount or method of calculation of fees, charges, commissions, distribution costs, administrative expenses and/or taxes in connection with the sale of, as part of the premiums for, or in connection with a full or partial surrender or termination of a Policy or Policies, (ii) the apportionment of coverage between the base and

additional insurance or term-rider components of a Policy or Policies, (iii) the cost or availability of additional insurance or term-rider coverage relative to base-policy coverage, or (iv) the ability or inability to reduce the face amount of the base component of a Policy;

5) the fact that a Policy or Policies were or were not life insurance or that Plaintiffs' or Class Members' objectives (and/or the purchaser's goals) would be funded by the cash values and/or benefits derived from a life insurance policy or that the product being sold was life insurance was minimized or disguised;

6) whether a Policy or Policies were, would operate or could function as an Investment Plan;

7) the relationship between a Policy's or Policies' cash surrender value and the cumulative amount of premiums paid;

8) the fact that a part of the premiums paid would not be credited toward an investment or savings account or the Policy's or Policies' cash or accumulation value, but would be used to offset the Company's commission, sales, administration, tax and/or mortality expenses;

9) the fact that a loan or withdrawal of funds from a Policy or Annuity to fund another Policy or Annuity could result in interest or other charges,

10) the rate of return on Policy premiums paid with cash value or cash surrender value;

11) the rate of return on Annuity premiums paid with cash surrender value;

12) the relative suitability or appropriateness of a Policy for particular types of purchasers;

13) the use of an existing Policy's or Annuity's cash value or cash surrender value by means of a surrender, withdrawal/partial surrender or loan to purchase or maintain a new Policy or Annuity;

14) the replacement or rollover of an existing Policy or Annuity with or into a new Policy or Annuity;

15) with respect to Policies, the Company's practices regarding dividends, account values, policy loans, interest and other policy crediting and cost of insurance and administrative charges; policy or premium charges and monthly deductions; illustrations of dividends, interest and other policy crediting rates, interest or other policy bonuses, account equity rates, account value calculations, policy loans, policy charges, premium charges, monthly deductions, cost of insurance and administrative charges, cash values or death benefits; payment of any dividends to any parents or affiliates; or any other matters relating to dividends with respect to the Policies, interest or other policy crediting rates, interest or other policy bonuses, account equity rates, account value calculations, policy loans, policy charges, premium charges, monthly deductions or cost of insurance and administrative charges;

16) the so-called Deferred Acquisition Cost ("DAC") Tax, including any and all reductions in benefits, cash values or policy values, or increases in costs associated with, the DAC Tax on or before 30 days after the Implementation Date;

17) the marketing or sale of deferred annuities for funding qualified plans, such as an Individual Retirement Account ("IRA") or a 401(k), on the basis of a tax-deferral advantage that does not exist, because any investment in a qualified plan is already tax deferred;

18) the use of direct recognition of policy loans in the calculation of policy benefits and/or costs;

- 11 -

19) with respect to the Released Transactions (to the extent applicable to Policies and/or Annuities), the manner in which the Company hired, trained and supervised any of the Releasees, including but not limited to the Company's present and former Producers, general agents, agents, account representatives, sales representatives, branch managers, brokers, solicitors and representatives, or any of them;

20) disclosures in any local, state or federal regulatory filing by the Company relating to the Released Transactions (to the extent applicable to Policies and/or Annuities);

21) the sale of Policies as investment, savings or retirement funding vehicles, or any representations, promotions, or advertising regarding such matters;

22) actual or alleged violations of the "replacement" statutes or regulations under applicable law;

23) the actual or alleged violation of any applicable law or regulation relating to Policy and/or Annuity sales practices otherwise released herein;

24) the actual or alleged violation of any federal law, including the RICO statute, relating to Policy and/or Annuity sales practices otherwise released herein; and

25) the actual or alleged violation of any state law relating to Policy and/or Annuity sales practices otherwise released herein.

c. any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with or directly or indirectly relating to the allegations set forth in the Complaint, Amended Complaint, or the Action with respect to Policies, except as provided in the proviso to subsection 5 below;

d.  any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with or directly or indirectly relating to the allegations set forth in the Complaint, Amended Complaint, or the Action with respect to Annuities; and/or

e.  any and all claims for attorneys' fees, costs or disbursements incurred by Co-Lead Counsel or any other counsel representing Plaintiffs, Class Members, and/or any individual Class Member in this Action, or by Plaintiffs or the Class Members in this Action, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement and/or the Released Transactions except to the extent otherwise specified in the Settlement Agreement.

2.  Nothing in this Release shall be deemed to alter (a) a Class member's contractual rights (except to the extent that such rights are altered or affected by the election and award of benefits under the Settlement Agreement) to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of the Policy or Annuity issued by the Company; (b) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances arising after the end of the Class Period; (c) a Class Member's right to make a claim for theft, or the wrongful taking of customer funds, relating to a Policy or Annuity, or (d) the status of claims released pursuant to the nationwide class action settlement in <u>Horton v. Metropolitan Life Insurance Company</u>, Civ. No. 93 1849-CIV-T-23A (M.D. Fla.).

3.  Plaintiffs and all Class Members expressly agree that this release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release of the Releasees.

4.  Plaintiffs and Class Members expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release and which, if known by him, must have materially affected his settlement

- 13 -

with the debtor. To the extent that these principles of law arguably may be applicable - notwithstanding that the parties have chosen New York law to govern this Agreement - Plaintiffs and the Class Members hereby agree that these principles (including Cal. Civ. Code Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

5. In connection with this Release, Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein or with respect to their Policies for acts, facts, circumstances or transactions occurring or arising during the Class Period. Nevertheless, it is the intention of Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies; <u>provided, however</u>, that nothing in this Release shall prevent a Class Member from submitting a claim in Part VIII of Claim Evaluation based on facts arising out of or relating to the administration or servicing of a Policy after its purchase (<u>not including</u>, matters described in subsections A. I (a)-(d) above), so long as the Class Member did not discover the facts forming the basis of the claim - and could not, with reasonable care, have discovered them - before the deadline set in this Agreement for mailing the Election Form.

6. With respect to the allegations regarding Annuities set forth in the Complaint and Amended Complaint, Plaintiffs and the Class Members acknowledge that they are aware that they may hereafter discover facts presently unknown or unsuspected, in addition to or different from those that they now know or believe to be true with respect to their Annuities for acts, facts, circumstances or transactions occurring or arising during the Class Period. Nevertheless, it is the intention of Plaintiffs and

- 14 -

the Class Members in executing this Release fully, finally and forever to settle and release all matters, and all claims relating thereto, that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the allegations set forth in the Complaint, Amended Complaint and/or the Action regarding Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the United States District Court for the Western District of Pennsylvania.

8. Plaintiffs and the Class Members hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.

9. This release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability by the Company.

13.   **Permanent Injunction**.  Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the Anti-Injunction Act, 28 U.S.C. § 2283, and based on this Court's familiarity with the issues in this Action and the complexity of the nationwide class action settlement, the following Permanent Injunction is hereby issued:

A. All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity, and any other person, representative, or entity acting on their behalf or in concert or participation with any of them, are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions as to that Policy or Annuity, and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include

AO 72A
(Rev.3 82)

        class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding based on, arising out of, or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions as to that Policy or Annuity.

    B.    Notwithstanding any other provision of this Final Order or the accompanying Judgment, all persons are hereby permanently barred and enjoined from starting or continuing any other lawsuit or proceeding as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in any pending action) on behalf of Class Members, if that other suit is based on or relates to the claims, facts or circumstances in this Action and/or the Released Transactions.

    C.    The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment.

14.    **Enforcement of Settlement.** Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or the Final Judgment preclude Plaintiffs or Class Members from participating in the Claim Review Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

15.    **Attorneys' Fees and Expenses.** No award of attorneys' fees or expenses is made at this time. As explained in paragraph 18 below, the Court retains jurisdiction to entertain and dispose of an application for such an award in the future.

16.    **Incentive Awards.** No award of incentive payments to any of the representative plaintiffs in this Action is made at this time. As explained in paragraph 18 below, the Court retains jurisdiction to entertain and dispose of an application for incentive awards in the future.

17.    **Modification of Settlement Agreement.** The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and

- 16 -

modifications and expansions of the Settlement Agreement, as are consistent with this Final Order and do not limit the rights of Class Members under the Settlement Agreement.

18. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment, etc.);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members, and others acting on their behalf, from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement;

(c) entertaining and disposing of any application by Co-Lead Counsel for an award of attorneys' fees and/or expenses, and any application for an award of

incentive payments to any of the representative plaintiffs in this Action, the award of which will not affect class members' benefits under the Settlement; and

(d) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction;

*provided, however,* that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under subsections 7 and 17 above.

20. **No Admissions.** Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Order and the Final Judgment) is, may be construed as, or may be used as an admission or concession by or against the Defendants or Releasees of, the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; *provided, however,* that this Final Order, the accompanying Final Judgment and the Settlement Agreement may be filed in any action against or by the Defendants or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

21. **Dismissal of Action**. This Action, including all individual and Class claims resolved in it, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

22. **Rule 58 Separate Judgment**. The Court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 28th day of December, 1999.

_____
DONETTA W. AMBROSE
UNITED STATES DISTRICT JUDGE

cc: Liaison counsel of record.

AO 72A (Rev.8/82)