IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD M. GONDA, | : | CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : | |
| | : | |
| v. | : | CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM GERALD FRIEDT, JR., | : | |
| Defendants | : | |

**METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM GERALD FRIEDT, JR.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO BIFURCATE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

## PRELIMINARY STATEMENT

Plaintiff seeks punitive damages in this action, in part, on the basis of Metropolitan Life Insurance Company's ("MetLife") allegedly "widespread" conduct, including, but not limited to, claims of undisclosed replacements and "vanishing premium" claims. However, the evidence admitted during the liability phase of trial should be limited at most to the transactions at issue based on the pleadings. Much of the evidence admissible solely for purposes of considering whether punitive damages would be admissible is highly  prejudicial to MetLife on liability and will never have to be considered if there is no underlying liability.

This Court should bifurcate the liability and compensatory damage portion of the trial from any claim for punitive damages, and exclude evidence outside the scope of Plaintiff's transaction from the first phase of the trial. Bifurcation would permit any evidence relating to any alleged widespread activity on behalf of MetLife, and not specifically related to Plaintiff, to be reserved for the punitive damages portion of trial. The bifurcation of the punitive damages phase of trial would conserve this Court's time. In the instance that no liability is found, the

Court will have avoided spending days reviewing moot evidence. In the instance that liability is imposed, the presentation of evidence during the punitive damages phase of trial will take no longer than it would have if it had been folded into the liability phase of trial. Thus, such a division both promotes judicial economy, as well as protects Defendants from undue prejudice.

<u>**ARGUMENT**</u>

**I.    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE BIFURCATED AND TRIED SEPARATELY FROM THE LIABILITY ISSUES, AND, ACCORDINGLY, EVIDENCE THAT DOES NOT PERTAIN TO PLAINTIFFS' TRANSACTIONS SHOULD BE RESERVED FOR THE PUNITIVE DAMAGES PHASE OF THE TRIAL.**

The trial of liability and compensatory damages should be bifurcated from the trial of punitive damages. Accordingly, evidence that is outside the scope of Plaintiff's transactions should be excluded from the first phase of the trial. Bifurcation would promote judicial economy by avoiding the need to litigate punitive damages issues at all, if the jury finds – or the Court concludes on motion for compulsory nonsuit – that Plaintiff did not present evidence to support a claim that Defendants' behavior arose to the level of "outrageousness" required to award punitive damages.

Pennsylvania law clearly permits bifurcation in the circumstances found here. Federal Rule of Civil Procedure 42(b) provides that a court may order a separate trial of any claim or separate issue. The relief request in this motion was recently granted in a similar sales practices case recently tried in Pennsylvania state court. <u>See</u> Ex. A, <u>Maleski v.</u> <u>Metropolitan Life Ins. Co.,</u> A.D. No. 95-10451, Memo. Op. and Order of Court (C.C.P. Butler Cty. April 6, 2004). In <u>Maleski</u>, the jury returned a defense verdict. As a result of the bifurcation ruling, the Court and the jury were spared the burden of hearing additional, unnecessary days of testimony and other evidence involving transactions and policyholders wholly unrelated to the case.

Indeed, in similar situations where the issues to be bifurcated were not necessarily interwoven, Pennsylvania courts have not hesitated to order bifurcation in order to protect a party's due process right to a fair trial.  See Emerick v. United States Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984) (affirming bifurcation of liability and punitive damages) (citing Hilbert v. Roth, 149 A.2d 648, 652 (Pa. 1959)); see also Hall v. Babcock & Wilcox Co., 69 F. Supp. 2d 716, 733 (W.D.Pa. 1999) (on granting a motion for a new trial, holding that "there is no reason to believe that the jury did not place all the evidence of Defendants' wrongful conduct on the scale when determining whether plaintiffs met their burden of proof on the issues of liability and compensatory damages").  Additionally, many states expressly provide for bifurcation of the punitive damages portion of trial.  See, e.g., Miss. Code. Ann. § 11-1-65(1)(b)-(c) ("In any action where punitive damages are sought . . . the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.  If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact"; Cal. Civ. Code § 3295 ("The court may, for good cause, grant any defendant a protective order requiring the plaintiff to produce evidence of a prima facie case of liability for damages pursuant to § 3294, prior to the introduction of evidence of . . . the financial condition of the defendant"); Collins v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) ("Issues of punitive damages should normally be bifurcated from issues of liability, so that proof of wealth is not being admitted at the trial on liability and compensatory damages").

Bifurcation would promote the goals of convenience and judicial economy.  See Kushner v. Hendon Constr., Inc., 81 F.R.D. 93, 99 (D.C.Pa., 1979) ("[i]t is the view of the Court that the

decision to bifurcate was a correct one and did in fact result in a shorter trial because as a result of the jury's finding of no liability, no court and jury time was expended in considering the question of damages"); see also Pascale v. Hechinger Co. of Pa., 627 A.2d 750, 756 (Pa. Super. 1993) ("bifurcation is strongly encouraged where separation of issues facilitates the orderly presentation of evidence and judicial economy"); Sacco v. City of Scranton, 540 A.2d 1370, 1373 (Pa. Cmwlth. 1988) (considerations of judicial economy "provide ample justification for the trial court's decision to bifurcate the issues of liability and damages").  If no liability is imposed, the Court will avoid the introduction of days of testimony relating only to the issue of punitive damages.  Alternatively, if liability is imposed, the Court will not be burdened by any additional time, as the punitive damages phase of trial will merely be the product of a delay in the presentation of evidence, as opposed to the presentation of additional evidence.

As in Maleski, Plaintiff's proposed evidence regarding unrelated transactions involving other policyholders and MetLife's alleged conduct toward such policyholders has absolutely no bearing on the primary issue in this case: whether Defendants are liable to Plaintiff for the transaction at issue.  Any evidence of improper sales practices beyond the transaction does not pertain in any way to the resolution of whether Defendants are liable to Plaintiff.  Such evidence is relevant, if at all, solely to Plaintiff's claim for punitive damages.

Where, as here, the evidence beyond the scope of the transactions relates only to punitive damages, rather than to liability and compensatory damages, the appropriate course is to bifurcate the liability issues from the trial of punitive damages issues.

The Court should not allow Plaintiff to prejudice the jury's determination of liability and compensatory damages through introduction of the evidence beyond the scope of Plaintiff's transaction.  At trial, Defendants will attempt to demonstrate that they are not liable because,

among other reasons, Plaintiff was fully aware of the terms of the transactions at issue and because Plaintiff has suffered no damages. Introduction of evidence that is entirely unrelated to Plaintiff at the liability and/or compensatory damage stage will serve no purpose other than to distract and inflame the jury, and thus taint its determination. The central issue of the Defendants' liability to Plaintiff for compensatory damages, if any, should not be determined or tainted by evidence beyond the scope of the transaction.

In a bifurcated trial, if either the Court, on a motion for compulsory nonsuit, or the jury accepts Defendants' defense, the Court and the jury would be spared the burden of hearing what is expected to be days of evidence involving transactions and policyholders wholly unrelated to this case. Saving this unnecessary evidence for a later stage of the proceedings could thus save substantial time and advance the goals of judicial economy.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court bifurcate the liability and compensatory damage portion of the trial from any claim for punitive damages, and exclude evidence outside the scope of Plaintiff's transactions from the first phase of the trial.

Respectfully Submitted,

s/ B. John Pendleton, Jr.
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendants
Metropolitan Life Insurance Company
and William Gerald Friedt, Jr.

Dated: June 19, 2006

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via electronic submission, on this 19th day of June 2006 on the following counsel of record:

> Kenneth R. Behrend, Esq.
> Behrend and Ernsberger, P.C.
> Union National Bank Building
> 306 Fourth Avenue, Suite 300
> Pittsburgh, PA  15222

       __ s/ B. John Pendleton, Jr._____