IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| STEPHANIE A. CHARLES, | CIVIL DIVISION |
| Plaintiff | |
| vs. | NO. GD95-017151 |
| METROPOLITAN LIFE INSURANCE COMPANY and KEITH R. GALLAGHER, | MEMORANDUM AND ORDER OF COURT |
| Defendants | HONORABLE R. STANTON WETTICK, JR. |

Counsel for Plaintiff:

Kenneth R. Behrend, Esquire
306 Fourth Avenue
Suite 300
Pittsburgh, PA 15222

Counsel for Defendants:

Kimberly A. Brown, Esquire
301 Grant Street
14th Floor One Oxford Centre
Pittsburgh, PA 15219

B. John Pendleton, Jr., Esquire
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

JAN 6  2006

## MEMORANDUM AND ORDER OF COURT

WETTICK, A.J.

The subject of this Memorandum and Order of Court is defendants' motion for summary judgment seeking dismissal of plaintiff's complaint.

Defendants contend that this litigation is barred by the *Horton* action which defendants describe as follows at pages 2-3 of their brief:

> A. **Background of the Horton Action**
>
> On or about November 1, 1993, Horton v. Metropolitan Life Insurance Co., Civ. No. 93-1849-CIV-T-23A (M.D. Fla.), was commenced as a putative class action in the United States District Court for the Middle District of Florida. The representative plaintiffs in Horton asserted claims on behalf of a class of persons who purchased MetLife whole life insurance policies allegedly sold as retirement and/or savings plans or vehicles pursuant to written or other solicitations that purportedly did not disclose fully that the products purchased were life insurance products. On April 22, 1994, the Honorable Steven D. Merryday, U.S.D.J., preliminarily approved a proposed settlement and class notice plan (the "Settlement Agreement") and certified a settlement class consisting of:
>
>> all persons who purchased a MetLife whole life insurance policy as
>> a retirement and/or other savings plan or vehicle, based in whole or
>> in part on written materials or other solicitations that allegedly did
>> not fully disclose that these plans were life insurance products
>> from (a) the Rick Urso & Associates sales office (or its
>> predecessor office) between January 1, 1988 and October 31, 1993,
>> or (b) any other office of MetLife between January 1, 1990 and
>> October 31, 1993.
>
> Ex. C, Horton v. Metropolitan Life Ins. Co., Civ. No. 93-1849-CIV-T-23A, at 1-2 (M.D. Fla. Apr. 22, 1994) (order certifying settlement class). The Court's Order required all potential class members who did not wish to participate in the proposed settlement to submit written requests for exclusion from the settlement class by June 13, 1994. Id. at ¶ 9.

After conducting a fairness hearing on July 18, 1994, the <u>Horton</u> Court approved the settlement and further held that: (i) the <u>Horton</u> settlement is fair and reasonable; and (ii) the class notice complied with the requirements of due process and Federal Rule of Civil Procedure 23. Ex. B, Settlement Order at 1. On October 25, 1994, the Court entered a Final Judgment in the <u>Horton</u> action. See Ex. D, <u>Horton v. Metropolitan Life Ins. Co.</u>, Civ. No. 93-1849-CIV-T-23A (M.D. Fla. Oct. 25, 1994) (Final Judgment). The Settlement Order dismissed all settlement class members' claims "on the merits and with prejudice." Ex. B, Settlement Order at ¶ 6. The Settlement Order also decreed that "[t]he Settlement Agreement is and shall be binding on all settlement class members." <u>Id.</u> at ¶ 4. The Settlement Order released MetLife and its agents and employees from (among other things) all claims related to the subject of this action, namely the alleged sale of whole life policies as retirement and/or savings plans or vehicles.[4] Id. at ¶ 5. In addition, the Court expressly retained jurisdiction over the <u>Horton</u> action so that it could enter necessary and appropriate orders to protect the Settlement Order and to "ensure the fair and orderly administration of this settlement." <u>Id.</u> at ¶ 7.

On November 8, 1995, the <u>Horton</u> Court entered an Order Granting Permanent Injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), permanently enjoining all <u>Horton</u> settlement class members, or those purporting to act on their behalf, from "pursuing in any forum other than this Court any claims that were or could have been raised in this action." Ex. E, <u>Horton v. Metropolitan Life Ins. Co.</u>, Civ. No. 93-1849-CIV-T-23A, at ¶ 6 (M.D. Fla. Nov. 8, 1995) (order granting permanent injunction) (the "Permanent Injunction").

---

[4] The Settlement Order states as follows: "MetLife, its past, present and future officers, directors, employees, agents, representatives of any or all of them ("MetLife and its Affiliates"), . . . are forever discharged from any and all causes of action, claims, damages, equitable and legal relief, demands or rights that (i) have been or could have been asserted by . . . settlement class members . . . or (ii) have been, could have been, may be or could be alleged or asserted by any . . . settlement class members . . . against MetLife and its Affiliates, or any of them, now or hereafter, on the basis of, connected with, arising out of or related in whole or in part to any or all of the acts, omissions, facts, matters, transactions or occurrences that were directly or indirectly alleged, asserted, described, set forth or referred to in this action or that are related to sales solicitations described in the Second Amended Complaint ("Sales Solicitations") or the purchase of Whole Life Policies (defined as policies designated by MetLife as Whole Life, Life Paid Up at 95 or Life Paid up at 98), including without limitation any and all claims for damages, rescission, equitable and legal relief, attorney's fees costs or disbursements incurred by any person or entity in connection with or related in any manner to this action, the settlement thereof, the administration of this settlement, the Sales Solicitations or the purchase of Whole Life Policies . . . <u>Id.</u> at ¶ 5.

Plaintiff purchased the whole life policy that is the subject of this litigation in April 1993. The *Horton* class consists of all persons who purchased a MetLife whole life insurance policy as a retirement and/or other savings plan or vehicle, based in whole or in part on written materials or other solicitations that allegedly did not fully disclose that these plans were life insurance policies from January 1, 1992 to October 31, 1993.[1]

Plaintiff's claim, as described in the complaint, is a vanishing premium claim. Plaintiff alleges that the MetLife agent represented that the policy would be fully paid through annual payments of $1,200 for fourteen years (paragraph 27). However, plaintiff's deposition testimony establishes that she purchased the policy as a retirement plan based on MetLife's representations that she was buying a retirement plan—and not insurance.

At pages 84 and 85 of her deposition, plaintiff testified that:

```
19    Q.  Was there any discussion of life
20   insurance during your meeting with
21   Mr. Gallagher in January of 1993?
22    A.  No, there wasn't.
23    Q.  Did he ever use that phrase, life
24   insurance?
25    A.  No, he did not.
```

Page 85

```
 1   S. Charles - by Mr. Allen
 2    Q.  Do you believe you were purchasing a
 3   life insurance policy?
 4    A.  No, I didn't.
 5    Q.  Were you interested in buying life
 6   insurance at that time?
 7    A.  No.
 8    Q.  If he had offered you life
 9   insurance, in January of 1993, what would you
10   have said?
11    A.  I would have told him I would not be
12   interested.
```

---

[1] At page 2 of plaintiff's response and brief in support of plaintiff's response to defendants' motion for summary judgment, plaintiff acknowledges that any claims based on the sale of the 1993 Policy as a "retirement plan" are barred by the *Horton v. Metropolitan Life* Class Action Release.

3

At page 86, she testified that "I bought a retirement plan, unaware that I was buying a whole life policy." At pages 90-92, she testified that when the meeting with the insurance agent ended, she believed that she was buying a retirement plan and not life insurance. She would make payments of $50 per month for fourteen years. The money that she paid MetLife would grow through dividends. It was better than a savings account because the growth was faster and there were restrictions on access to the money.

Plaintiff's counsel contends that this is a vanishing premium case because plaintiff testified that she was told that she would need to make the monthly payments for only fourteen years. However, her testimony was that these payments were to be made as part of her retirement plan and that these payments would produce the savings which the agent described at the time of her retirement.

For these reasons, I enter the following Order of Court:

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| STEPHANIE A. CHARLES, | |
| Plaintiff | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY and KEITH R. GALLAGHER, | NO. GD95-017151 |
| Defendants | |

## ORDER OF COURT

On this __5__ day of January, 2006, it is hereby ORDERED that defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed.

BY THE COURT:

_____
WETTICK, A.J.