IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JAMES L. BACHMAN,

Plaintiff

vs.

METROPOLITAN LIFE
INSURANCE COMPANY
and MILTON J. OWENS,

Defendants

CIVIL DIVISION

NO. GD03-008091

MEMORANDUM AND ORDER OF COURT

HONORABLE R. STANTON WETTICK, JR.

Counsel for Plaintiff:

Kenneth R. Behrend, Esquire
306 Fourth Avenue
Suite 300 Union Bank Building
Pittsburgh, PA 15222

Counsel for Defendant Metropolitan
Life Insurance Company:

Kimberly A. Brown, Esquire
301 Grant Street
14th Floor One Oxford Centre
Pittsburgh, PA 15219

GD03-008091

## MEMORANDUM AND ORDER OF COURT

WETTICK, A.J.

Defendants' motions for summary judgment seeking dismissal of plaintiff's amended complaint are the subject of this Memorandum and Order of Court.

Plaintiff's complaint alleges that as of February 1989, plaintiff had two 1972 insurance policies insuring his children. A MetLife agent represented that (1) plaintiff could obtain $25,000 of insurance coverage for his son with an annual payment of $276.25 for eight years if plaintiff also deposited the proceeds of the cash surrender value of the son's 1972 policy into the new policy and (2) plaintiff could obtain $25,000 of insurance coverage for his daughter with an annual payment of $218.00 for eight years, if plaintiff also deposited the proceeds of the cash surrender value of the daughter's 1972 existing policy into this new policy.

These allegations are made in the following paragraphs of plaintiff's amended complaint:

> 230. Defendant Owens represented that the Plaintiff could purchase a new Life 95 policy, which would offer $25,000.00 worth of coverage for Lynn Bachman Fein, with an annual premium of $218.00, for eight years, plus depositing the proceeds of the cash surrender value in her existing policy into this new policy.

> 231. Defendant Owens represented that the Plaintiff could purchase a new life 95 policy, which would offer $25,000.00 worth of coverage for Steven Bachman, with an annual premium of

1

GD03-008091

$276.25, for eight years, plus depositing the proceeds of the cash surrender value in his existing policy into this new policy.

The evidence shows that plaintiff withdrew money from the 1972 policies but never paid this money into the 1989 policies. Defendants seek summary judgment on the ground that there was no reliance on MetLife's alleged representations since plaintiff did not make the payments from the 1972 policies that were needed to be paid for the 1989 policies to be fully funded at the end of eight years.

Plaintiff contends that summary judgment should not be granted because the complaint does not accurately describe the transaction. In his deposition, Mr. Bachman testified that MetLife's agent said that the 1989 policies would be fully paid if the annual premiums were paid for eight years. According to Mr. Bachman's testimony, the MetLife agent never said that plaintiff had to transfer the cash surrender values of the 1972 policies into the 1989 policies and to pay the annual premiums.

Plaintiff is raising a new cause of action because his claim is based on material facts which differ from the material facts in plaintiff's complaint and amended complaint. A court may not allow a party to introduce evidence that varies with the allegations in the complaint where this evidence changes the material facts supporting the claim. Furthermore, a court may not permit a party to file an amended complaint which raises new or different material facts after the statute of limitations has run. See, generally, *Reynolds v. Thomas Jefferson University Hospital*, 676 A.2d 1205 (Pa. Super. 1996).

The claim that plaintiff seeks to pursue is set forth at pages 5 and 6 of Plaintiff's Supplemental Brief. According to the Brief, It was never intended that the money in the 1972 policies would be "dumped" into the whole life policies at the creation of the policy

2

GD03-008091

and that annual payments were to be made in addition to the dump-in of the cash surrender value. Instead, this money in the 1972 policies would be withdrawn on an annual basis from the 1972 policies to pay most of the annual premiums.

A transaction in which most of the annual premiums for the new policies will be paid by money in the existing policies is significantly different from a transaction in which the money in the existing policies will be deposited into the new policies and the insured will also pay the full amount of eight annual premiums with new money. Because of the significant difference in the operative facts (i.e., plaintiff's testimony supports a different cause of action from that described in the complaint), plaintiff cannot offer testimony that the annual premiums were to be paid with money from the existing policies without amending his complaint.[1]

More than five years have elapsed since plaintiff learned that the agent's representations were not true.[2]  Consequently, plaintiff cannot file an amended complaint raising a fraudulent misrepresentation claim based on a different transaction from that described in his complaint. I make no ruling as to whether it would be possible for plaintiff to obtain leave of court to file an amended complaint as to plaintiff's Consumer Protection Law claims.[3]

---

[1]Also, the description of the transaction in the Supplemental Brief (the annual premiums would be paid by depositing the proceeds of the cash surrender values into the new policies) appears to differ from the actual facts. It appears that (except for the first annual payments) plaintiff took the money out of the 1972 policies approximately one year after plaintiff purchased the 1989 policies. It was not kept in the 1972 policies to pay the annual premiums.

[2]Plaintiff alleges at paragraph 251 of his amended complaint that he learned in November 1999 that there was something wrong with the products he had purchased.

[3]Any motion to amend must include the proposed amendment.

3

GD03-008091

Consequently, I enter the following Order of Court:

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

JAMES L. BACHMAN,

      Plaintiff

      vs.

METROPOLITAN LIFE
INSURANCE COMPANY
and MILTON J. OWENS,

      Defendants

NO. GD03-008091

## ORDER OF COURT

On this _25_ day of October, 2005, it is hereby ORDERED that defendants' motions for summary judgment are granted and plaintiff's complaint is dismissed with prejudice. This order is entered without prejudice to plaintiff to seek leave of court to file an amended complaint as to plaintiff's Consumer Protection Law claims. This case is removed from the November 2005 Trial List.

BY THE COURT:

_____
WETTICK, A.J.