**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR. | : |
| Defendants. | : |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND
WILLIAM FRIEDT'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE
REFERENCES TO "RETIREMENT" AND "SAVINGS" SALES**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, | CIVIL ACTION NO. 00-2286 |
| Plaintiffs, | |
| v. | CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | |
| Defendants. | |

## DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT, JR'S MOTION TO EXCLUDE REFERENCES TO "RETIREMENT" AND "SAVINGS" SALES

### PRELIMINARY STATEMENT

Defendants Metropolitan Life Insurance Company ("MetLife") and William Friedt (collectively "defendants") bring this Motion in Limine to Exclude References to "retirement" and "savings" sales.

Plaintiff may attempt to introduce evidence or testimony at trial that he purchased the 1992 Policy for purposes of savings and/or retirement.[1]  However, plaintiff's Complaint fails to make any mention those allegations.  Plaintiff's failure to raise those claims in his Complaint precludes him from raising them at trial.  Further, if plaintiff should try to raise these claims, he

---

[1] For example, in his deposition, plaintiff makes several references to the 1992 policy as a retirement plan. See Ex. A, Deposition of Ronald Gonda at 22:3-20; 57:4-5; 57: 25.  Plaintiff's proposed Exhibits 4, 6-8, 32, and 40 also make reference to "retirement" or "savings plans." See Ex. B-G, Plaintiff's Proposed Exhibits 4, 6-8, 32 and 40.

are barred by the class action settlement in Horton v. Metropolitan Life Ins. Co. Thus, any testimony or other evidence with regard to "retirement" and "savings" sales should be excluded.

## BACKGROUND

Plaintiffs claims arise from the 1992 sale of a Whole Life insurance policy. Plaintiff alleges that in 1992, MetLife sales representative William Friedt made misrepresentations at the sale of Policy No. 95 207 015 A (the "1992 policy.") Specifically, plaintiff alleges that Mr. Friedt made misrepresentations regarding the replacement of an existing Pruco life insurance policy which was used to partially fund the 1992 policy, and that Mr. Friedt misrepresented that the 1992 policy would be fully funded by making monthly payments of $50.50 for ten years. Plaintiff also alleges that Mr. Friedt represented that the 1992 policy would accumulate a certain cash value and death benefit after forty years.

In his Complaint, plaintiff does not allege that the 1992 policy was represented to be a "savings" or "retirement" plan. However, in his deposition plaintiff makes several references to the 1992 policy as a "retirement" plan. See Ex. A, at 22:3-20; 57:4-5; 57: 25. Plaintiff also proposes several exhibits that refer to "savings" or "retirement" plans.[2] See Ex. B-G.

## ARGUMENT

### I. THE INTRODUCTION OF EVIDENCE THAT PLAINTIFF PURCHASED THE POLICY FOR "RETIREMENT" OR "SAVINGS" PURPOSES IS BARRED BY THE HORTON SETTLEMENT.

On or about November 1, 1993, Horton v. Metropolitan Life Ins. Co., Civ. No. 93-1849-CIV-T-23A (M.D. Fla.), was commenced as a putative class action in the United States District Court for the Middle District of Florida. The representative plaintiffs in Horton asserted claims

---

[2] Plaintiff's Proposed Exhibits 4, 6, 7 and 8 are sales presentation materials produced by plaintiff that refer to a "50/50 Personal Savings Plan" and a "Retirement Plan." See Ex. B-E. Plaintiff's Proposed Exhibit 32 refers to a complaint filed by another customer against Mr. Freidt regarding the "50/50 [Savings] program." See Ex. F. Similarly, Plaintiff's Proposed Exhibit 40 references a complaint filed by another customer against Mr. Friedt alleging that Mr. Friedt sold a Whole Life policy as an "Individual Retirement Benefit." See Ex. G.

on behalf of a class of persons who purchased MetLife whole life insurance policies allegedly sold as retirement and/or savings plans. Specifically, the settlement class consisted of: "all persons who purchased a MetLife whole life insurance policy as a retirement and/or other savings plan or vehicle . . . ." See id. Plaintiff never made any effort to opt out of the Horton class, and therefore is a member of the settlement class. Thus, to the extent plaintiff attempts to allege that these policies were sold to him as a savings or retirement plan, those claims (and evidence related thereto) are barred by Horton.[3] See In re Prudential, 261 F.3d 355, 366 (3d. Cir. 2001); Ross v. Metropolitan Life Ins. Co., 411 F.Supp.2d 571, 576 (W.D. Pa. 2006); Ex. H, Charles v. Metropolitan Life Ins. Co., G.D. 95-17151, Memo. and Order of Court, (C.C.P. Allegh. Cty. Jan. 5, 2006) (plaintiff's complaint dismissed where plaintiff testified that she thought she had purchased a retirement plan but she failed to make that allegation in her complaint). Moreover, any such new claims would be time barred.

## II.  PLAINTIFF IS BARRED FROM RAISING ANY CLAIMS AT TRIAL BEYOND THOSE RAISED IN HIS COMPLAINT.

Pennsylvania Rule of Civil Procedure 1019 requires "fact" pleading, which means that a complaint must give notice of the claim, synopsize the facts essential to support the claim, and define the issues raised. See Miketic v. Baron, 675 A.2d 324, 330-31 (Pa. Super. 1996). Thus, any claims which plaintiff may raise at trial must have first been pled in his Complaint. See Ex. I, Bachman v. Metropolitan Life Ins. Co., G.D. 03-8091, Memo. and Order of Court, at 2 (C.C.P. Allegh. Cty. Oct. 25, 2005). A court may not allow a party to introduce evidence that varies with

---

[3] Furthermore, plaintiff should be barred from presenting any evidence or testimony that Mr. Friedt promised that the 1992 Policy would accumulate a cash value of $125,017. See Complaint ¶212a. Such an allegation effectively amounts to a "savings plan" allegation (or at the very least arises from the "common nucleus of operative facts" as a "savings plan" allegation) and thus is barred by the Horton settlement. See Prudential, 962 F.Supp. at 566; see also Ross, 411 F.Supp.2d at 576.

the allegations in the complaint where this evidence changes the material facts supporting the claim. Id.

If plaintiff had purchased the 1992 Policy as a retirement or savings plan or vehicle, he should have opted out of Horton and stated those claims in his Complaint. By failing to allege these claims in his Complaint, plaintiff knowingly forfeited his opportunity to do so at trial. Therefore, any testimony or evidence relating to a "retirement" or "savings" sale ought to be excluded at trial because plaintiff cannot raise new claims at the time of trial.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court exclude any references to "retirement" and/or "savings" sales from trial.

Respectfully submitted,

By:  s/ B. John Pendleton, Jr.
B. John Pendleton, Jr.
PA I.D. No. 41162
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
Attorneys for Defendants
Metropolitan Life Insurance Company and
William Friedt

Dated: June 19, 2006

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of June, 2006, a true and correct copy of **DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLAIM T. FRIEDT'S MOTION TO EXCLUDE REFERENCES TO "RETIREMENT" AND "SAVINGS" SALES** was served upon the following via the electronic filing service:

Kenneth R. Behrend, Esq.
Behrend and Ernsberger, P.C.
Union National Bank Building
306 Fourth Avenue, Suite 300
Pittsburgh, PA  15222
Attorneys for Plaintiffs

                                                                             s/ B. John Pendleton, Jr._____