GD99-19511

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROOSEVELT L. BRYANT, | CIVIL DIVISION |
| Plaintiff, | No. GD99-19511 |
| vs. | DECISION AND AWARD |
| METROPOLITAN LIFE INSURANCE COMPANY AND DOUGLAS T. BEATTY, | |
| Defendants. | |

JUDGE RONALD W. FOLINO

Copies Served By First
Class Mail Upon:

William M. Wycoff, Esquire
THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant St., 14th Floor
Pittsburgh, PA 15219

B. John Pendleton, Jr., Esquire
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Kenneth R. Behrend, Esquire
BEHREND AND ERNSBERGER
Suite 300 Union Bank Building
306 Fourth Avenue
Pittsburgh, PA 15222

MAR 3 0 2006

GD99-19511

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROOSEVELT L. BRYANT, | CIVIL DIVISION |
| Plaintiff, | No. GD99-19511 |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY AND DOUGLAS T. BEATTY, | |
| Defendants. | |

DECISION

This is a private action under 73 P.S. § 201 – 9.2 of the Consumer Protection Law. Plaintiff's claim is based on 73 P.S. § 201 – 2 (4) (xxi). My decision in this non-jury trial is based on the evidenced simultaneously presented in a jury trial over which I presided.[1]

The claims before the jury were fraudulent misrepresentation claims arising from the sale of two insurance policies: a 1988 $10,000 whole life policy on Plaintiff himself, and a 1992 $25,000 whole life policy on his daughter, Onaija. As to the 1988 policy, Plaintiff claimed that Defendant Beatty falsely represented that the policy would be fully paid up after fourteen years of out-of-pocket payments. As to the 1992 policy, Plaintiff claimed that Defendant Beatty falsely represented that it was in the best financial interest of Plaintiff to finance the sale of the 1992 policy from the proceeds of a previously purchased 1975 $10,000 whole life policy. That is, the claim Plaintiff pursued at trial was that the fraud lay in the representations as to the manner of *financing* the sale of the 1992 policy. The jury returned a verdict in favor of Plaintiff on both fraudulent misrepresentation claims.

---

[1] In addition, counsel stipulated that my calculation of damages and attorneys fees should be based upon the written submissions of the parties at the conclusion of the trail.

1

GD99-19511

I am likewise finding in favor of the Plaintiff on the UTPCPL claim. Although I used the "preponderance of the evidence" standard of proof in reaching my decision, my decision would be the same if I used a "clear and convincing" standard. Accordingly, this Court awards Plaintiff damages as follows:

It should first be noted that, as to the 1988 policy, Plaintiff believed that after he paid premiums for fourteen years there would then be a sufficient accumulation of funds in the policy to pay the policy's premiums. Thus, Plaintiff expected to receive a $10,000 whole life policy on his life, and he expected to pay premiums for fourteen years.

With regard to the $25,000 1992 whole life policy on his daughter, Onaija, Plaintiff claimed, as noted above, that it was not in his best financial interest to finance the policy from the proceeds of a $10,000 1975 policy on her life. At trial, Plaintiff testified that he felt he did not need the $25,000 policy and would have rather kept the $10,000 policy. It is a close call regarding whether Plaintiff has offered any evidence that the *method of financing* the 1992 policy has caused him damages. I have determined, however, that Plaintiff did suffer the modest damages set forth below.

Plaintiff admitted that he learned in 1999 of problems with the Metropolitan Life policies which caused him to go to a lawyer (the Behrend law firm). Subsequently, he filed suit on the policies. He has kept the policies in force and continues to pay the premiums. He is not requesting the Court to rescind the policies.

According to Plaintiff's expert calculations attached to his court papers, Plaintiff calculated that, with regard to the 1988 policy, considering the premiums paid and the prime rate of interest until December 1999, Plaintiff paid $3,803.30. The cash value of the policy was $1,821.91. Thus damages are $1,981.39.

As to the 1992 policy, Plaintiff's calculation of premiums paid and prime interest is $2,002.02. The cash value of the policy is $656.53. Thus damages regarding the 1992 policy are $1,345.49.

GD99-19511

Total damages for the two policies are $3,324.98, plus prejudgment interest of 6% simple interest from December 31, 1999, for a total damage award of $4,322.47. In my discretion, I have determined to treble the award, for a total trebled award of $12,967.41.

Plaintiff also makes a claim for attorneys' fees in the amount of $24,867 plus costs in the amount of $1,915.69. After argument as to the reasonableness of the figures, Plaintiff agreed to a 20% reduction in fees. I have determined, however, that a 25% reduction is more appropriate. In addition, I am reducing costs by $844.54 regarding an electronic data base library and trial support charge. I do not see any support in the record why this change would be appropriate.

Accordingly, I am awarding attorney fees and costs in the amount of $19,721.40.

For these reasons, I am this date entering the following award.

3

GD99-19511

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROOSEVELT L. BRYANT, ) | CIVIL DIVISION |
| Plaintiff, ) | No. GD99-19511 |
| ) | |
| vs. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY AND DOUGLAS T. BEATTY, ) | |
| ) | |
| Defendants. ) | |

## AWARD

AND NOW, this 29TH day of March, 2006, the Court finds in favor of Plaintiff and against Defendants and awards (trebled) damages in the amount of $12,967.41, and attorneys' fees and costs in the amount of $19,721.40.

BY THE COURT:

_____ J.

4