IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Paul Bauer,

    Plaintiff,

v.

Metropolitan Life Insurance Company and
Richard Antonino,

    Defendants.

GD 95-15814

DECISION AND AWARD

Honorable Robert P. Horgos

Kimberly A. Brown, Esquire
Thorp, Reed & Armstrong
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA 15219

James E. DePasquale, Esquire
906 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Copies Sent To:

B. John Pendleton, Jr., Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Dennis L. Lewis, Esquire
Lewis & Sargent LLC
2793 Noblestown Road
Pittsburgh, PA 15205

Kenneth R. Behrend, Esquire
Behrend and Ernsberger
306 Fourth Avenue, Suite 300
Pittsburgh, PA 15222

GD    95-15814

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Paul Bauer, <br><br> Plaintiff, <br><br> v. <br><br> Metropolitan Life Insurance Company and Richard Antonino, <br><br> Defendants. | GD   95-15814 |

## DECISION AND AWARD

Horgos, J.

April 5, 2006

Plaintiff, Paul Bauer, filed a Complaint in Civil Action against Metropolitan Life Insurance Company (MetLife) and one of its agents, Richard Antonino, to recover damages for alleged violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. Section 201-9.2 (UTPCPL) and fraud. The cause of action arose out of the sale of three MetLife policies to Plaintiff.

The fraud claim and the UTPCPL violation were tried together before a jury. The jury was to decide the issue of fraud. The jury returned a Verdict in favor of Plaintiff on the fraud claim. This Court's decision on the UTPCPL claim is based on the evidence presented in the jury trial over which this Court presided.

On the claim of a violation of 73 P.S. Section 201-2(4)(xxi), the Court finds that Plaintiff has sustained his burden of proof using a preponderance of the evidence standard of proof and a Verdict is entered in favor of Plaintiff on this claim. If the Court utilized the clear and convincing standard of proof, the same conclusion would be reached. MetLife and its agent represented to the Plaintiff that the policies Plaintiff

2

GD      95-15814

purchased were "wealth accumulation accounts" which had an investment purpose designed to meet Plaintiff's retirement plans. In fact, Plaintiff purchased a universal whole life insurance policy from MetLife rather than an investment vehicle. After considering all of the evidence of record, the Court concludes that Plaintiff presented sufficient evidence to establish his claim that the individual Defendant, as an authorized and recognized agent for MetLife, was engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding under the UTPCPL in his dealings with Plaintiff regarding the insurance policies at issue.

The UTPCPL provides that a plaintiff may bring a private action to recover "actual damages or one hundred dollars ($100), whichever is greater." 73 P.S. Section 201-9.2(a). Based on the evidence presented by the parties and precedent, this Court, sitting as the fact finder, determined that the appropriate measure of damages under the circumstances in this case is the actual loss suffered by the Plaintiff.

The competent evidence of record demonstrates that the Plaintiff paid a total amount of premiums on the three policies in the amount of $13,929.63. This represents Plaintiff's total loss due to Defendants' fraudulent misrepresentations and violation of the UTPCPL. The UTPCPL provides that the Court, in its discretion, may award three times the actual damages sustained. The Court, therefore, awards Plaintiff damages in the amount of $41,788.89.

The UTPCPL permits the recovery of reasonable attorney's fees and costs in connection with plaintiffs' claims. 73 P.S. Section 201-9.2(a); Sewak v. Lockhart, 699 A.2d 755, 762 (Pa. Super. 1997). In Neal v. Bavarian Motors, Inc., 2005 Pa Super. 305 (September 2, 2005), the Pennsylvania Superior Court stated that where a plaintiff had

3

GD    95-16814

filed a complaint containing several separate causes of action, only one of which was pleaded under the UTPCPL, the trial court must eliminate from the award of counsel fees the efforts of counsel to recover under the non-Consumer Protection Law theories. Among other factors which the Court may consider in determining an award of reasonable attorney's fees is that the award of fees must be proportionate to the award achieved by Plaintiff's counsel.

James E. DePasquale, Esquire requests attorney's fees in the amount of $13,470.00 for professional services rendered from October 31, 2005 through November 21, 2005. Kenneth R. Behrend, Esquire of Behrend & Ernsberger, P.C., has submitted a Billing Statement of Fees and Costs setting forth fees in the amount of $36,387.50 and costs of $4,122.71 for professional services rendered by eleven (11) attorneys, three (3) paralegals and three (3) legal assistants from May 27, 1997 through November 21, 2005. The total amount of counsel fees claimed is $49,857.50.

A review of the invoices for professional services rendered reveals that many of the items billed were not necessary in the prosecution of the UTPCPL claim. Further, it does not appear that trial preparation by two law firms was necessary for the prosecution of the UTPCPL claim. Accordingly, the Court will award counsel fees for James E. DePasquale's necessary preparation and trial of the UTPCPL claim in the amount of $9,470.00. The law firm of Behrend & Ernsberger, P.C., will be awarded $15,300.00 in counsel fees and reimbursed for reasonable litigation costs in the amount of $2,251.37.

## **AWARD**

Plaintiff is awarded three times his actual damages $41,788.89 and reasonable

4

GD    95-15814

counsel fees and costs to the law firm of Behrend & Ernsberger, P.C., in the amount of $17,551.37 and to James E. DePasquale, Esquire in the amount of $9,470.00 in counsel fees.

BY THE COURT:

_Robert P. Horgos_, J.

5