IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

JANICE L. PIETZ (formerly BRAEUDIGAM),   CASE NO: GD 95-16429

    PLAINTIFF,

v.   DECISION AND AWARD

METROPOLITAN LIFE INSURANCE
COMPANY, and RONALD F. SCHRAM,

    DEFENDANTS.

FILED ON BEHALF OF:

Hon. Cynthia A. Baldwin
820 City-County Bldg.
414 Grant Street
Pittsburgh, PA 15219

COPIES TO:

Plaintiff's Counsel:
Barbara Ernsberger, Esquire
Daniel W. Ernsberger, Esquire
Union Bank Building, Suite 300
306 Fourth Avenue
Pittsburgh, PA 15222

Defendants' Counsel:
Andrew O. Bunn, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

James W. Creenan, Esquire
1624 Frick Building
437 Grant Street
Pittsburgh, PA 15219

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

JANICE L. PIETZ (formerly BRAEUDIGAM),          CASE NO: GD 95-16429

PLAINTIFF,
v.

METROPOLITAN LIFE INSURANCE
COMPANY, and RONALD F. SCHRAM,

DEFENDANTS.

### DECISION AND AWARD

Baldwin, J.                                      Date: February __, 2006

### Decision

This Court presided over a non-jury trial to resolve a dispute initiated by way of a private action for violations of the following Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-2)(ii), (v),(vii), (xi) and (xvii). The allegations of unfair consumer activities arose from a transaction in 1989 between the Plaintiff, Janice Pietz (*f/k/a* Janice Braeudigam, and *herein* Ms. Pietz) and the Defendant, Metropolitan Life Insurance Company ("Met Life") by and through their authorized sales agent, the other Defendant, Ronald F. Schram ("Mr. Schram"). According to the testimony and evidence presented at trial, on June 12, 1973 Plaintiff, Janice Pietz, and her then husband Earl Braeudigam purchased a One-Parent Family Plan policy from Defendant Metropolitan Life Insurance Company, insuring Janice Pietz in the amount of $3,000, for premium payments of $8.85 a month. In 1973, Earl Braeudigam also purchased from Met Life a policy with a face amount of $10,000, insuring his own life. In 1987, Ronald F. Schram, contacted Plaintiff and her then husband suggesting that they use the accumulated value from Mr. Braeudigam's 1973 policy to purchase what Plaintiff contends Mr. Schram represented to them as a retirement plan with a bonus of $50,000 in life insurance. In 1993, after a meeting with Mr. Schram,

1

Mr. Braeudigam reduced his new policy amount from $50,000 to $25,000 so that his premium payments would sustain the policy.

In July 1989, Mr. Schram again contacted Plaintiff offering to sell her a Met Life insurance plan or policy. Plaintiff contends that Mr. Schram represented to her that the instrument she was purchasing would provide her with a retirement fund as well as life insurance of $50,000, and that Mr. Schram suggested to her that she use the accumulated cash value from her 1973 policy to purchase the new instrument. (Trial Transcript, Page 154) Plaintiff further contends that Mr. Schram relayed to her that her premiums would be approximately $150 semi-annually if she agreed to transfer cash from her existing life insurance policy to help fund the new plan. Ms. Pietz thereafter completed an application for a "Flexible Premium Life Insurance Policy", dated May 13, 1989, allowing $1,295.08, the cash value of the 1973 policy at the time, to be transferred from the 1973 existing policy to her new plan. Plaintiff testified that she only read a section of the front page of the insurance application and that she did not read the rest of the document. (Trial Transcript, pg. 193) Plaintiff asserts that she entered into the transaction in reliance upon Mr. Schram's representations that she was receiving a retirement plan that would provide her with benefits including $50,000 worth of life insurance. Mr. Schram does not recall his conversation with Plaintiff at the time of the transaction.

On July 20, 1989, Met Life issued Plaintiff a Universal Life Policy (NO. 892 746 072 UL). Plaintiff testified that she did not read any portion of the insurance policy after receiving it. (Trial Transcript, pg. 188) The Policy states "Flexible Premium Life Insurance Policy" on the front cover and in what Mr. Schram testified was his writing, the words "Reduce to $25,000 after 5 years" are handwritten on the front page. Mr. Schram testified that he wrote the words "reduce to $25,000 as a reminder that based on the premiums being paid by Ms. Pietz, the policy was not being sold at

2

$50,000 forever. Mr. Schram did not recall whether he explained the reduction to Ms. Pietz (Trial Transcript, pg 89). He also testified that the original premiums had been set up with the purpose of reducing the benefit after 5 years, and that he intended to meet with Ms. Pietz after five years to reduce the death benefit to $25,000, but that he was no longer employed by Met Life when the time period elapsed. Plaintiff's Policy was never reduced. Plaintiff testified that it would not have made sense for her to buy a $50,000 policy to be reduced to $25,000 at later date, rather than purchasing a $25,000 initially, and that she did not remember Mr. Schram writing on the policy that it would be reduced at a later date. (Trial Transcript, pg. 159, 190)

Plaintiff and Earl Braeudigam divorced in 1997. Mr. Braeudigam died on February 14, 2003, with Plaintiff receiving $25,000 in death benefits from his policy. By consent of the parties, this Court amended the caption on December 12, 2005 to read as shown above.

Plaintiff contends that in addition to representing to her that the instrument she was purchasing was a retirement plan, Mr. Schram also failed to disclose to her that her premium payments would need to be increased at some future time, or that premium payments of $300 per year would be insufficient to fund the policy, and that the policy would lapse at age seventy under the 'guaranteed value' and at age seventy-four under the 'non-guaranteed value'. (Trial Transcript, pg. 157) Plaintiff's date of birth is May 30, 1940. She was sixty-five years of age at the time of trial. As of August 4, 2005, Plaintiff's 1989 policy had a cash value of $2,308.99, and Plaintiff had paid a total of $5,445.08 into the policy in order to receive a $50,000 death benefit.(Trial Transcript, pg. 172-174)

This Court's decision and award is based on the evidence presented by the parties at trial and their respective proposed findings of facts and conclusions of law. This Court concludes that Ms. Pietz

3

failed to present sufficient, credible and weighty evidence at trial to establish her fraud based claims. Feeney v. Disston Manor Personal Care Home, Inc., 849 A.2d 590 (Pa. Super. 2004) (Clear and convincing standard); and Blumenstock v. Gibson, 811 A.2d 1029, 1034 (Pa. Super. 2003) (The elements of fraudulent misrepresentation must be proven by clear and convincing evidence). Therefore, this Court's verdict is for the Defendant and against the Plaintiff as to liability with respect to the fraud-based claims raised by Plaintiff under the UTPCPL.

This Court concludes, however, that Ms. Pietz did present sufficient, credible evidence to satisfy the preponderance standard to establish her non-fraudulent claims. Weisblatt v. Minnesota Mutual Life Insurance Company, 4 F.Supp.2d 371, 377 (E.D. Pa. 1998) (Preponderance standard); This Court finds that Plaintiff has shown by a preponderance of the evidence that Metropolitan Life Insurance Company, by and through its agent and representative Mr. Schram, engaged in "unfair or deceptive practices" insofar as causing Plaintiff to believe that she would receive a $50,000 policy that would remain in effect upon her continued payments of $300 per year, which in fact Plaintiff did not receive, and for which Plaintiff is entitled to money damages for harm actually suffered as a result.

Based on the evidence presented at trial, this Court has determined that the appropriate measure of damages under the circumstances is the actual loss suffered by the Plaintiff. Delahanty v. First Bank, N.A., 464 A.2d 1243, 1257 (Pa.Super. 1983) (The issue of damages is a factual question to be decided by the fact finder). Plaintiff presented sufficient evidence that she sustained an ascertainable loss as a direct result of Mr. Schram's sales practices.

The evidence of record shows that as of August 4, 2005, Plaintiff had paid $5445.08 into the policy. (Trial Transcript, pg. 168) The accumulated cash value of the policy was $2,308.99 as of August 4, 2005. Ms. Pietz, however, continued to pay her monthly premiums on the life insurance policy after

4

discovered both that the product was not a retirement policy in 1994, and that the policy might lapse if she continued to pay her annual $300 premium. Ms. Pietz continued to pay her monthly premiums on the life insurance policy after she discovered both that the product was not a retirement policy in 10994, and that the policy might lapse if she continued to pay her annual $300 premium. By continuing to make premium payments, Plaintiff failed to timely mitigate her losses. Therefore, this Court finds that Plaintiff is not entitled to recover damages for the time period after discovery in February or March of 1994. The evidence of record reveals that Plaintiff had made payments totaling $2295.08 before the date of discovery. This Court finds therefore that this amount of $2295.08 constitutes Plaintiff's actual damages.

This Court cannot conclude without speculating that Plaintiff is entitled to receive the "benefit of her bargain" damages. Agliori v. Metropolitan Life Insurance Co., 879A.2d 315 (Pa.Super. 2005) (Under the private action provision of the UTPCPL, the 'ascertainable loss' required to support a damage award must be established from the factual circumstances surrounding the parties in each case).

Under Section 201-9.2 of the UTPCPL, this Court has the discretion to award Plaintiff up to three (3) times the actual damages she sustained as a proximate result of Defendants' conduct. The evidence of record supports a treble damage award in the amount of $6,885.24.

Therefore, the Court enters the following award:

5

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

JANICE L. PIETZ (formerly BRAEUDIGAM),   CASE NO: GD 95-16429

PLAINTIFF,
v.

METROPOLITAN LIFE INSURANCE
COMPANY, and RONALD F. SCHRAM,

DEFENDANTS.

### AWARD

Plaintiff Janice L. Peitz, formerly known as Janice L. Braeudigam, is hereby awarded a total of $6,885.24 ($2295.08 x 3) the equivalent of three (3) times her actual damages. The Prothonotary is directed to enter a civil judgment in favor of Plaintiff and against the Defendants for the sum of $6,885.24 and to mark the docketing statement accordingly.

BY THE COURT:

_____ J.