UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | : |
| Defendants. | : |

**BRIEF IN SUPPORT OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING THE RECOVERY OF PURPORTED EXPECTATION DAMAGES**

### PRELIMINARY STATEMENT

Plaintiff is not entitled to "benefit of the bargain," or "expectation" damages, in this matter. Pennsylvania law is clear that expectation damages are not available in actions grounded in fraud. The expert report of Robert Boyd Carter, CLU, ChFC, which purports to assess plaintiff's alleged damages, contemplates expectation damages. Plaintiff should be precluded from introducing any evidence of expectation damages and from recovering expectation damages. Plaintiff's damages should be properly limited to his actual, out of pocket loss.

### BACKGROUND

Plaintiff's claims arise from the 1992 sale of a whole life insurance policy. Plaintiff alleges that in 1992, MetLife sales representative William Friedt, Jr. made misrepresentations at the sale of a Policy No. 925 207 015 A (the "1992 policy"). Specifically, plaintiff alleges that Mr. Friedt made misrepresentations regarding the replacement of an existing Pruco life insurance policy, which was used to partially fund the 1992 policy, and that Mr. Friedt misrepresented that the 1992 policy would be fully funded by making monthly payments of $50.50 for ten years.

Plaintiff also alleges that Mr. Friedt represented that the 1992 policy would accumulate a certain cash value and death benefit after forty years. Plaintiff cash surrendered the 1992 policy in January of 1994 -- less than two years after its purchase -- for $671.91.

In his report, plaintiff's expert, Robert Boyd Carter concludes that plaintiff was sold a product he did not need, understand, nor could afford; that he was sold this product in a misleading manner[1]; and that plaintiff was misled through "vanishing premium" and "retirement plan" schemes.[2] In the report, Mr. Carter concludes that plaintiff is entitled to a total award of $53,660.00, which Mr. Carter labels as the "benefit of the bargain." See Ex. A, Opinion prepared by Robert Boyd Carter, at 14. This calculation is based on the face value of the Pruco policy that plaintiff knowingly replaced, and interest on the cash value of the Pruco policy. Further, this calculation operates from the assumption that plaintiff would have retained the Pruco policy and continued making regular premium payments towards it. The calculation has no relation to the amount of premiums actually paid towards the 1992 policy.

## ARGUMENT

**I.   THIS COURT PROPERLY RULED IN SOLARCHICK THAT A PLAINTIFF MAY NOT RECOVER "EXPECTATION" OR "BENEFIT OF THE BARGAIN" DAMAGES.**

This Court ruled that plaintiff is a not entitled either under the UTPCPL or common law fraud, to receive expectation damages such as those awarded in contract. Solarchick v. Metropolitan Life Ins. Co., --- F.Supp.2d ----, 2006 WL 1312530 at *2 (W.D. Pa. 2006). This ruling is correct and comports with Pennsylvania law. See Neuman v. Corn Exch. Nat'l Bank &

---

[1] Mr. Carter in part basis this conclusion on the assertion that plaintiff and Pruco did not receive notices of the replacement transaction. These assertions are false. See Ex. B, Notice of Replacement; Ex. C, Letter from Nicsky to Pruco.

[2] In his Complaint, plaintiff makes no reference to any alleged "retirement plan" schemes. Furthermore, any allegation that the 1992 policy was sold as a retirement plan is barred by the Horton class action. Defendants incorporate by reference the arguments set forth more fully in their Motion to Exclude References to "Retirement" and "Savings" Sales.

Trust Co., 51 A.2d 759, 766 (Pa. 1947) ("in an action for deceit or fraud in Pennsylvania, the plaintiff can recover only his 'actual loss' and not 'the value of his bargain'").

## II. IN AN ACTION BASED ON FRAUD, A PARTY'S ACTUAL LOSS IS LIMITED TO HIS OUT-OF-POCKET EXPENSES.

A party's "actual loss" constitutes out-of-pocket expenses incurred as a result of the alleged fraud. Savitz v. Weinstein, 149 A.2d 110, 113 (Pa. 1959); see also Agliori v. Metropolitan Life Ins. Co., 879 A.2d 315 (Pa. Super. 2005) (although the trial court determined that there was no ascertainable loss because the insured's estate received exactly what he thought he was purchasing, the Superior Court reversed and remanded with instructions to determine damages consistent with out of pocket loss due to the fact that plaintiff's estate would have received a greater death benefit had he never entered into the transaction); Kaufman v. Mellon Nat'l Bank and Trust Co., 366 F.2d 326, 331 (3d Cir. 1966) ("In an action based upon fraud the purchaser is entitled to recover his actual loss measured by the difference between the price he paid and the value of that which he received, determined as of the time of the transaction") (internal citations omitted); see also First Lehigh Bank v. North River Ins. Co., 1989 WL 146654 (E.D. Pa. Dec. 4, 1989) ("damages collectible in a fraud action are limited to what losses were immediately and proximately caused by the fraud") (internal citations omitted).

In Solarchick, this Court incorrectly applied a more expansive formula in the determination of actual loss than the out-of-pocket formulation set forth in Savitz and subsequent cases. This Court ruled that the jury may consider the actual and allegedly promised face values of the subject policies as well as additional unexpected outlays that a plaintiff is obligated to pay. Solarchick, 2006 WL 1312530 at *4. This formulation focuses on the expectations of the plaintiff -- that is, the plaintiff allegedly expected a certain alleged policy value and a certain number of alleged premiums -- and constitutes a benefit of the bargain analysis in everything but

name. For example, this Court provided a hypothetical, in which an investor was fraudulently told that a $10.00 investment would provide a return of one million dollars, when in fact such a return would require an investment of $100.00. The Court concluded that the investor could be seen to have an actual loss of $90.00, the difference between the promised investment and the investment actually required. Id. at 4. Importantly, this Court noted that this formulation of damages represents the "value of [the hypothetical investor's] bargain." Id. (emphasis added). Nowhere in the hypothetical did the investor actually lose $90.00, thus it is inconceivable how $90.00 represents his "actual loss."

If the Savitz formulation were applied in the above hypothetical, the investor would be awarded $10.00, his out of pocket loss. Similarly, if the formulation articulated by the Third Circuit in Kaufman were applied, one would witness the same result. The investor in the hypothetical received nothing of value, and paid $10.00. His actual loss, difference between the price paid and the value received, is therefore $10.00. See Kaufman, 366 F.2d at 331.

The Court of Common Pleas of Allegheny County consistently has limited its awards of damages to actual damages based on plaintiff's "out-of-pocket" losses in similar sales practices cases based on alleged violations of the UTPCPL. For example, in Lasko v. Metropolitan Life Insurance Co., this Court found that actual damages resulting from defendants' unfair trade practices consisted of the monthly payments made by plaintiff into her whole life policy, plus interest, up until the time that plaintiff knew that what she had purchased was a life insurance policy, less any cash value within the policy as of that date. See Lasko v. Metropolitan Life Ins. Co., G.D. No. 95-015438, Decision and Order at 7 (C.C.P. Allegh. Cty. Aug. 2, 2004) (Wettick, J.). Similarly, in Eck v. Metropolitan Life Ins. Co., Judge Wettick found the plaintiff's actual damages to be equal to the thirty-six monthly premiums she made into her life insurance policy, plus interest, less the cash surrender value she would have received as of the time that she had

sufficient information to be on notice of the alleged fraud.[3]  See Eck v. Metropolitan Life Ins. Co., G.D. No. 95-017150, Decision and Award at 2 (C.C.P. Allegh. Cty. Sept. 13, 2005) (Wettick, J.).  These damage awards are consistent with the Third Circuit's ruling in Kaufman that actual loss is equal to the difference between the price paid by plaintiff and the value received.  See 366 F.2d at 331.

### III.   THE LESOON DECISION IS NOT APPLICABLE HERE.

As in Solarchick, the Superior Court's statement regarding expectation damages set forth in the recent decision in Lesoon v. Metropolitan Life Insurance Co., 2006 WL 771568 (Pa. Super. 2006), is not binding in this case.  At no point in its decision does the Superior Court rule that expectation damages are the appropriate measure of damages for all, or even most, claims arising under the UTPCPL.  In fact, the Superior Court focused on several fact-specific issues in Lesoon and determined that expectation damages were appropriate there.  Specifically, the Court focused on the findings of forgery, undisclosed replacement of insurance policies, and purported obstructionism on the part of MetLife in making its determination.  See Lesoon, 2006 WL 71568 at *10-11.  Further, the Superior Court noted that, in Lesoon, the plaintiffs could not afford the policy actually issued by MetLife, as evidenced by the fact that the Check-O-Matic payment withdrawals (procured through a forged Check-O-Matic Authorization Form) caused the Lesoon plaintiffs to bounce checks.[4]  In fact, the Lesoon plaintiffs "altered their lifestyle" in order to raise funds for the policy at issue.  Id. at *10.  Perhaps most important, the Lesoon plaintiffs had suffered no actual, out-of-pocket losses.  Recognizing the fraud-prevention purpose of the UTPCPL, the Superior Court found it was inappropriate to limit plaintiffs to nominal losses in

---

[3] In Eck, as here, the plaintiff cash surrendered her policy.  Judge Wettick noted that "a plaintiff who rescinds a transaction cannot later seek recovery of the benefit of the bargain."  G.D. No. 95-017150, Decision and Award at 14.

[4] Mr. Carter provides no evidence to support the bald allegation in his Report that plaintiff could not afford the 1992 policy.

light of what it found to be particularly egregious violations of the UTPCPL.  Id. at *6-7.  In the matters currently before this Court, plaintiff does not, and cannot, make similar allegations.

Lesoon does not overturn the line of Superior Court cases that have consistently held that an award of a party's actual, out-of-pocket loss is an appropriate measure of damages under the UTPCPL.  See Agliori v. Metropolitan Life Ins. Co., No. 1579 WDA 2004, 2005 Pa. Super. 253 (July 8, 2005);  Skurnowicz v. Lucci, 798 A.2d 788, 795 (Pa. Super. 2002) (in a UTPCPL action where seller misrepresented that property had no flood problem, the plaintiff was awarded actual damages, or the difference between the amount paid and the value of property flooded); Young v. Dart, 428 Pa. Super. 43, 53-54 (1993) (in a UTPCPL action regarding the purchase of a defective automobile, the Superior Court upheld the trial court's award based primarily on plaintiff's out-of-pocket payment, minus the value plaintiff received from the use of the automobile).  Accordingly, it is clear that the Superior Court did not intend its ruling in Lesoon to set forth a universal rule that all courts are to award expectation damages upon a finding of liability in all UTPCPL cases.  Rather, the Superior Court ruled that expectation damages should be awarded with respect to the Lesoon plaintiffs' UTPCPL claim, which included factors that the Court found to be particularly egregious.[5]  See Lesoon, 2006 WL 71568  at *10-11.

Further, in Lesoon, the Superior Court specifically states that "the duty of assessing damages is for the trier of fact, and we will not usurp that function."  2006 WL 71568  at *11.  After the release of the Lesoon decision, courts have issued a number of opinions ruling that the plaintiffs' damages pursuant to a UTPCPL claim were limited to their actual losses, which were calculated by considering the premiums paid, with interest and subtracting the remaining cash value of the policy.  See e.g. Ex. D Bryant v. Metropolitan Life Ins. Co., G.D. No. 99-19511, Decision and Award at 2 (court reached its decision despite specifically noting that the plaintiff

-6-

expected to receive a $10,000 policy on his life and expected to pay premiums for fourteen years); Ex. E Bauer v. Metropolitan Life Ins. Co., G.D. No. 95-15814, Decision and Award, at 3 (court "determined that the appropriate measure of damages under the circumstances in this case is the actual loss suffered by the Plaintiff" and held that the plaintiff's premium payments represented "Plaintiff's total loss due to Defendants' fraudulent misrepresentation and violation of the UTPCPL"); Ex. F Eck v. Metropolitan Life Ins. Co., G.D. No. 95-17150, Op. and Order of Court at 14 (C.C.P. Allegh. Cty. Feb. 9, 2006) (Judge Wettick, after the initial release of the unpublished Lesoon decision, ruled that, although plaintiffs were not necessarily limited to recovery of actual, out-of-pocket loss in every case arising under the UTPCPL, neither were "expectation" or "benefit of the bargain" damages appropriate in every case. In that ruling, Judge Wettick rejected the plaintiff's post-trial motion for an award of expectation damages and upheld his award of actual, out-of-pocket damages.); Ex. G Braeudigam v. Metropolitan Life Ins. Co., G.D. No. 95-16429, Decision and Award at 4 (C.C.P. Allegh. Cty. Feb. 16, 2006) (in a decision issued after the initial release of the unpublished Lesoon decision, the Court held "[b]ased on the evidence presented at trial, this Court has determined that the appropriate measure of damages under the circumstances is the actual loss suffered by the Plaintiff.") (emphasis added). Thus, it is clear that an award of actual damages in UTPCPL cases, based on a plaintiff's out-of-pocket loss, remains appropriate depending on the circumstances presented.

     Moreover, the facts of Lesoon are readily distinguishable from the instant case. In this case, plaintiff admits that he signed an application for life insurance, but alleges that premium payments would only be required for a specific number of years. In Lesoon, the plaintiffs alleged that because of a forgery, funds were wrongfully withdrawn from their checking account. See id. Here, plaintiff does not dispute the veracity of his signature on any transactional

---

[5] MetLife is seeking redress of the Lesoon decision on appeal.

documents. Thus, given that this case and <u>Lesoon</u> have distinguishable facts, plaintiff cannot successfully argue that the <u>Lesoon</u> decision supports the imposition of expectation damages.

In addition to lacking any legal foundation, plaintiff's expert report is factually unsupported. The report does not contain sufficient evidence of damages or actual loss that plaintiff incurred with respect to the transaction at issue. Courts dismiss claims where a plaintiff alleges only speculative or future harm and fails to prove actual current losses. The calculation of damages must rest on a reasonable factual basis and not conjecture, and the fact-finder may not render a verdict based on "speculation or guesswork." <u>Delahanty v. First Pa. Bank. N.A.</u>, 464 A.2d 1243, 1257 (Pa. Super. 1983); <u>see</u> <u>also</u> <u>Carroll v. Philadelphia Housing Auth.</u>, 650 A.2d 1097, 1100 (Pa. Cmwlth. 1994). A plaintiff needs to provide the fact-finder with a reasonable amount of information so as to enable the fact-finder to estimate damages fairly without engaging in speculation. <u>See</u> <u>Detterline v. D'Ambrosio Dodge, Inc.</u>, 763 A.2d 935 (Pa. Super. 2000). A fact-finder may not render a verdict based on "sheer conjecture or guesswork," but it may use a "measure of speculation." <u>See</u> <u>Omicron Sys., Inc. v. Weiner</u>, 860 A.2d 554, 565 (Pa. Super. 2004). However, this means only that the fact-finder may make a reasonable estimate of damages based on relevant data, for example, by assessing testimony and accepting or rejecting the estimates of the damages given by witnesses. <u>Id.</u> at 564-565.

Mr. Carter's Report is unduly speculative. For example, he bases his conclusion in part on the assumption that the Pruco policy would not have lapsed if plaintiff continued to make premium payments. <u>See</u> Ex. A at 6. Furthermore, plaintiff voluntarily cash surrendered the 1992 policy in January of 1994, less than two years after its purchase. It is impossible to speculate how the 1992 policy would have performed in the future.

Plaintiff is not entitled to recover damages equivalent to his purported expectations, or his "benefit of the bargain." To the extent plaintiff has been damaged at all with respect to the 1992

policy, plaintiff's damages are limited to actual, out-of-pocket losses. Plaintiff's expectations regarding the 1992 policy cannot be contemplated by this Court as this action arises out of alleged fraud. Plaintiff's expert report considers a measure of expectation damages to which plaintiff is not entitled.

## **CONCLUSION**

For the foregoing reasons, MetLife and Mr. Friedt respectfully request that this Honorable Court determine that any evidence regarding expectation damages is excluded and that plaintiff may not recover expectation damages at the time of trial.

Respectfully Submitted,

s/ B. John Pendleton, Jr.
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
PA I.D. No. 41162
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendant
Metropolitan Life Insurance Company
and William Friedt

Dated: June 19, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 19th day of June 2006 on the following counsel of record:

>Kenneth R. Behrend, Esq.
>Behrend and Ernsberger, P.C.
>Union National Bank Building
>306 Fourth Avenue, Suite 300
>Pittsburgh, PA  15222

>s/ B. John Pendleton, Jr. _____