IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM FRIEDT, JR., | : |
| Defendants. | : |

**METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM FRIEDT, JR.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE PLAINTIFF'S EXHIBIT NOS. 47, 48, AND 49, APPROVAL PROCESS OF ACCELERATED PREMIUM PLAN-RELATED DOCUMENTS**

**PRELIMINARY STATEMENT**

Defendant Metropolitan Life Insurance Company ("MetLife") and William Friedt, Jr., by and through their attorneys, McCarter & English, LLP, hereby submit the following Brief in Support of Motion in Limine to Exclude from Evidence Plaintiff's Exhibit Nos. 47, 48, and 49, which discuss the Approval Process of Accelerated Premium Plan-Related Documents, copies of which are attached to the Motion as Exhibits.

Plaintiff's claims arise from the 1992 sale of a Whole Life insurance policy. Plaintiff alleges that in 1992, MetLife sales representative William Friedt, Jr. made misrepresentations at the sale of Policy No. 925 207 015 A (the "1992 policy"). Specifically, plaintiff alleges that Mr. Friedt made misrepresentations regarding the replacement of an existing Pruco life insurance policy which was used to partially fund the 1992 policy, and that Mr. Friedt misrepresented that the 1992 policy would be fully funded by making monthly payments of $50.50 for ten years.

Plaintiff also alleges that Mr. Friedt represented that the 1992 policy would accumulate a certain cash value and death benefit after forty years.

Plaintiff's exhibit nos. 47, 48, and 49 relate to the sales material approval process for certain AP-related documents (the "AP approval documents") in 1980, over ten years prior to the sale of plaintiff's 1992 WL policy. Any documents drafted in connection with the sales material approval process of the 1980 AP-related documents are irrelevant to events occurring in 1992.

As plaintiffs' exhibit nos. 47, 48, and 49 do not apply to the transactions, they are irrelevant under Federal Rule of Evidence 401[1] and therefore inadmissible at trial under Federal Rule 402.[2] Even if admissible, exhibit nos. 47, 48, and 49 should be excluded under Federal Rule of Evidence 403 as highly prejudicial and likely to confuse the jury.[3]

## ARGUMENT

I. **THE AP APPROVAL DOCUMENTS REFERENCED IN PLAINTIFF'S EXHIBIT NOS. 47, 48, AND 49 ARE IRRELEVANT TO PLAINTIFF'S AP ALLEGATIONS, INVOLVE AP-RELATED DOCUMENTS DRAFTED SUBSTANTIALLY PRIOR TO THE 1992 SALE AND ARE HIGHLY IRRELEVANT TO THE LITIGATION, UNFAIRLY PREJUDICIAL TO METLIFE, AND INADMISSABLE PURSUANT TO FEDERAL RULES 401, 402, AND 403.**

Plaintiff's exhibit no. 47 relates to the approval of a whole life policy illustration form in 1980. See Ex. A, Pl. Ex. No. 47. Attached to the policy illustration is a January 29, 1980, memorandum from K. Pelker to J. Lakner, Actuarial - Personal, Personal Insurance Contract Bureau, regarding discussion about language to be included on the 1980 policy sales

---

[1] Federal Rule of Evidence 401 defines "relevant evidence" as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] Rule 402 provides that relevant evidence is generally admissible, and irrelevant evidence is inadmissible.

[3] Pursuant to Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Any probative value that the AP-related documents could possibly provide is negligible when compared to the unduly prejudicial impact it would have upon the jury. See Taylor v. Monette, et al., 564 F.Supp. 1, 2 (E.D.Pa.1982)(excluding from trial evidence of the amounts of plaintiffs' medical expenses holding that "whatever marginal probative value such evidence would have on the issue of pain and suffering is greatly outweighed by its tendency for harm.")

illustrations. Id. Exhibit 47 also contains a January 25, 1980 memorandum from K. Kirk to J. Lakner regarding computer problems with the illustrative cash value on the 1980 policy illustration. Id. Clearly, communications about a computer system problem that existed in 1980 are not relevant to the electronic systems being used in 1992. Furthermore, Plaintiff provides no evidence that the policy sales illustration form being discussed in 1980 had any connection to Plaintiff's 1992 WL sale. On Plaintiff's exhibit no. 47, the title of the illustration is "short term payment plan", not "Accelerated Premium Plan." Plaintiff's exhibit no. 48 is a similar document concerning the "Short Term Payment Plan" and revising the illustration title to "Accelerated Payment Plan." See Ex. B, Pls. Ex. No. 48. As such, both exhibit nos. 47 and 48 are irrelevant, unfairly prejudicial, and inadmissible.

Plaintiff's exhibit no. 49 is a June 19, 1980 letter from D. Goodwin of the Personal Insurance Contract Bureau, to F. Risley of PI Marketing, regarding approval of a descriptive insert for the Accelerated Payment Plan illustration. See Ex. C, pls. ex. no. 49. The 1980 letter contains comments that the literature should state that premiums must continue to be paid under the accelerated payment plan, and that the plan is not "automatic." Id. However, the document is from 1980 and is not consistent with an illustration used for a 1992 purchase. The second comment on Plaintiff's exhibit no. 49, that the policyholder does not stop paying premiums under the AP plan is also prejudicial and misleading. These documents evolved over time, as all sales materials do. The 1980 discussion of the initial draft of the AP illustration form has no relevance to a policy sold over ten years later. As such, Plaintiffs' exhibit no. 49, with its outdated and misleading comments, is highly irrelevant, unfairly prejudicial, and inadmissible pursuant to Federal Rules 401-403.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Honorable Court enter an Order barring the introduction or use of Plaintiff's exhibit nos. 47, 48, and 49, which discuss the Approval Process of AP- Related documents.

                                          Respectfully Submitted,

                                          s/ B. John Pendleton, Jr.
                                          B. John Pendleton, Jr.
                                          McCARTER & ENGLISH, LLP
                                          Four Gateway Center
                                          100 Mulberry Street
                                          Newark, NJ 07102
                                          (973) 622-4444

                                          Attorneys for Defendants
                                          Metropolitan Life Insurance Company
                                          and William Friedt, Jr.

Dated: June 19, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of June, 2006, a true and correct copy of the foregoing **METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM FRIEDT, JR.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE PLAINTIFF'S EXHIBIT NOS. 47, 48, AND 49, APPROVAL PROCESS OF AP-RELATED DOCUMENTS:**

> Kenneth R. Behrend, Esquire
> BEHREND & ERNSBERGER, P.C.
> Union National Bank Building, 3rd Floor
> 306 Fourth Avenue
> Pittsburgh, Pennsylvania 15222
> *(Attorneys for Plaintiff)*

s/  B. John Pendleton, Jr.

ME1\57059061.