IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, | Civil Action No. 00-2286 |
| Plaintiff, | Chief Judge Donetta W. Ambrose |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM GERALD FRIEDT, JR., | |
| Defendants. | |

**BRIEF IN RESPONSE TO METROPOLITAN LIFE INSURANCE COMPANY AND WILLIAM FRIEDT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO "RETIREMENT" AND "SAVINGS" PLANS SALES**

**PRELIMINARY STATEMENT**

Plaintiff acknowledges that he is precluded from presenting any claims that his policy was sold as a retirement or savings plan based on the terms of the class action settlement in Horton v. Metropolitan Life Ins. Co.. In cases in state court where this issue has arisen, the plaintiff has been instructed to avoid making reference to any retirement or savings plan representations made at the time of sale. However, the sales materials provided to induce the sale are what they are and are typically admitted in state court as is, but the plaintiff's testimony in support of the same is made without reference to any retirement or savings plan aspect of the materials, instead the focus of the testimony is placed on the "Accelerated Payment Plan" portions of the materials. MetLife's attempt to exclude the Accelerated Payment Plan illustration used in the sale is improper.

## BACKGROUND

Plaintiff's claims arise from the purchase of a whole life policy in `1992 through the use of a "vanishing" premium sale using MetLife's "Accelerated Payment Plan" by making monthly out-of-pocket payments of $50.50 for ten years. However, the policy required plaintiff to make an additional fifty-two years of payments beyond those represented to induce the sale. Also, as is typical in an "Accelerated Payment Plan" sale, it was represented that the amount of insurance coverage as well as the cash value would increase on an annual basis, even though the out-of-pocket premium payments stopped after ten years.

Here there was also an improper replacement of an existing Prudential life insurance policy used to partially fund the proposed MetLife policy.

## ARGUMENT

**I.  THE INTRODUCTION OF EVIDENCE THAT PLAINTIFF PURCHASED THE POLICY FOR "RETIREMENT" OR "SAVINGS" PLAN PURPOSES IS BARRED BY THE HORTON SETTLEMENT**.

Plaintiff acknowledges that he is precluded from presenting any claims that his policy was sold as a retirement or savings plan based on the terms of the class action settlement in <u>Horton v. Metropolitan Life Ins. Co.</u>, Civ. No. 93-1849-CIV-T-23A (U.S.D.C. M.D. Fla.), filed in the United States District Court for the Middle District of Florida on November 1, 1993. However, claims based on "vanishing" premiums and "performance" claims related to misrepresentations regarding the dividend scale projected at the time of sale and its relationship to the amount of out-of-pocket premium payments and the growth in value in the death benefit and cash accumulation over the life of the policy are not barred by the <u>Horton</u> settlement.

The <u>Horton</u> plaintiffs asserted claims on behalf of a class of persons who purchased

Metropolitan Life Insurance Company whole life insurance policies allegedly sold as retirement and/or savings plans pursuant to written or other solicitations that purportedly did not fully disclose that the products purchased were life insurance products. The Complaint filed in <u>Horton</u> did not assert any claims based on "vanishing" premiums or the "performance" in growth in values in the insurance product.

A class action release may bar claims based only upon the identical factual predicate underlying the claims in the settled class action. See <u>TBK Partners, LTD. v. W. Union Corp</u>., 675 F.2d 456 (2d Cir. 1982). The <u>Horton</u> Court was requested to whether claims involving allegations of "vanishing" premiums misrepresentations, as well as misrepresentations of future "performance" through growth in value were bared by the <u>Horton</u> release and injunction order. The District Court determined upon reviewing its release and injunction order that where a plaintiff failed to opt-out of the settlement class and that plaintiff had both a <u>Horton</u>-like claim and non-<u>Horton</u>-like claims, i.e. claims based upon "vanishing" premiums or "performance" misrepresentations, that the plaintiff's non-<u>Horton</u>-like claims were not barred by the <u>Horton</u> Release.

The District Court in <u>Horton</u> assigned a Special Master to review whether individual cases filed after the opt-out time period of the <u>Horton</u> settlement class were barred by the release and injunction order. The Special Master assigned by federal court determined that:

> Plaintiffs and the class certified here were persons who possessed savings and retirement claims, not accelerated payment [vanishing premium] claims or performance claims or various and sundry other possible claims. **Class plaintiffs could not release those claims for absent class members because they did not possess them. . . .**

(Exhibit 1)(emphasis added).

Subsequently, the Special Master' recommendations were adopted by the District Court. In

interpreting the Special Master's Report, the Horton Court held that:

> The Special Master has indicated repeatedly that a complaint on behalf of plaintiffs who are not barred and for claims that are not barred is readily transferable. I agree.

Judge Merryday's July 30, 1999 Order. (Exhibit 2)

This issue was again reviewed by the Horton court in the cases of Privett v. Metropolitan Life Insurance Company, et al., Case No. 8:00-cv-2244-T-23TBM (M.D. Fla. September 6, 2001) and Binns v. Metropolitan Life Insurance Co., et al., Case No. 8:00-cv-1305-T-23EAJ (M.D. Fla, July 5, 2001) by a second Special Master appointed by the Horton Court, Wayne Lee Thomas, Esquire. The second Special Master also recommended that there individuals that have claims that are barred by the Horton release may have claims outside the terms of the class settlement release which are not barred by the release and may be proceeded upon. In Privett, supra, the Special Master stated:

> In summary, the rights affected by the class settlement are limited by the definition of the class itself. All claims of misrepresentation regarding the purchase of a whole life policy between January 1, 1990 and October 31, 1993 based upon it being a retirement or savings vehicle are barred, but **other claims for other types of misrepresentations, e.g., purchases made because an agent misrepresented a policy's cost or potential value are not. Those are not Horton claims**.

(Exhibit 1)(emphasis added).

A second national class action was filed against Metropolitan Life which included as class members any Horton class members who did not receive relief under the Horton class settlement. Mr. Conners opted out of this class action. See In re Metropolitan Life Insurance Company Sales Practices Litigation, MDL 1091, Misc. Docket No. 96-179, (W.D. Pa.) (MDL 1091). The Special Master in Privett, supra, noted that:

> Accordingly, in MDL 1091, the non-Horton claims of MetLife policyholders during the Horton time period were not excluded or limited. Rather, only those who had actually obtained relief in Horton - which was a full refund of premiums, plus interest-

> were excluded from MDL 1091. See MDL 1091, Final Judgment, p. 2. **In other words, if a person purchased a whole life policy within the relevant time period based upon both Horton-like deceptions and, for example, "accelerated payment" [vanishing premium] deceptions, Horton would not bar the latter claim in MDL 1091 unless that party had actually participated in Horton relief.**
>
> **The Horton settlement and judgment does not bar the assertion of non-Horton claims on whole life policies purchased between January 1, 1990 and October 31, 1993. This is because the settlement and release in Horton, regardless of the breadth of its language, is limited by the nature of the class action brought and the class defined.**

Exhibit 1

For these reasons, the Horton class action settlement does not bar plaintiff from bringing claims based upon misrepresentations regarding "vanishing" premium claims, "performance" claims, improper replacement, and unapproved policy claims.

## II. PLAINTIFF IS BARRED FROM RAISING ANY CLAIMS AT TRIAL BEYOND THOSE RAISED IN THE COMPLAINT.

Plaintiff agrees that he is limited to present claims raised in his complaint. Those claims relate to "vanishing" premium and "performance" claims, as well as improper replacement and unapproved policy forms. See Complaint. However, this fact does not preclude plaintiff from providing evidence of the use of the "accelerated Payment Plan" illustration which is at the heart of the case as asserted by defendants in footnote 3 on page 4 of their brief.

Typically, in an "Accelerated payment Plan" case, the heart of the proof of the misrepresentation is the use of the "Accelerated Payment Plan" illustration itself by the sales agent during the sale. MetLife is attempting to have the "Accelerated Payment Plan" illustration used at the time of sale that is the heart of the case excluded because the "Accelerated Payment Plan" illustration contains the information regarding growth in cash value as well as growth in death benefit.

However, every "Accelerated Payment Plan" case involves a performance claim regarding the growth in values in the policy premised upon an unrealistic rate of return. This evidence is relevant, admissible, independent of any "retirement" plan sale and is consistent with the allegations made in the Complaint. See Complaint, ¶¶ 17, 18, and 31.

> 17. Defendant Friedt, on behalf of Defendant Metropolitan, also represented that he could structure the policy for Plaintiff, so that Plaintiff would only have to pay out-of-pocket premiums for ten (10) years for Plaintiff, and then the policy would qualify for the Accelerated Payment Plan, the policy would be paid up and the premiums would "vanish".
>
> 18. Defendant Friedt, then provide Plaintiff with computer generated illustrations to support his oral misrepresentations that Plaintiff's out-of-pocket premiums payments would vanish in ten (10) years.

\*     \*     \*     \*     \*

> 31. Defendants Metropolitan, and Friedt, breached the duty of care owed the Plaintiffs by failing to disclose the following information to the Plaintiff:
>
>> ak. **That the cash value** and the death benefit that **would accumulate over the life of the policy would be far less than the amounts indicated by Defendants' policy performance illustrations.**
>>
>> al. That the duration of premiums **and accumulation of cash value** and death benefits, **all were sensitive to and dependent upon the prevailing interest rate and dividends;**
>>
>> am. That the policy would not be paid up in the time as represented at the time of sale and have "vanishing premiums", **as well as the policy would not perform as per the illustrated cash value** and /or illustrated death benefits, unless the dividends and/or interest rates stayed at the level, which was represented at the time of sale;
>>
>> ao. That Defendant **Metropolitan did not always keep the dividends and interest rate at a level high enough to allow** for the out-of-pocket premiums to "vanish", or **for the illustrated cash value** or death benefits **to accumulate;**
>>
>> ap. That **every reduction in the Metropolitan interest rate and/or**

|     |     |
| --- | --- |
|     | **dividend rate would require** the policy holder to continue to pay premiums for many years beyond the date on which the agents represented they would "vanish" and **the growth of the cash value and death benefit to decline.** |
| aq. | That the Defendants knew or should have known or anticipated that **the Metropolitan interest and/or dividend rates payable to the policy holders in the future could be less than the rate necessary to sustain the policy under the terms and performance level represented by Defendants**; |
| ar. | **That in the "vanishing premium" policies, and/or "Accelerated Payment Plans" policies, the growth of the policy's cash value** and death benefit, **would not perform as represented by the Defendants**, because Defendants at the time of sale had no reasonable basis for asserting that the future interest rates would be sufficient to sustain the "vanishing premium" terms or the performance levels they promised to the Plaintiff; |
| as. | That the performance representations and the viability of the Accelerated Payment Plan, under which the policy at issue was to be funded, was premised upon multiple undisclosed assumptions which lacked any reasonable basis in fact, including, but not limited to those set forth in subparagraphs (aj) through (ar) above. |

Accordingly, plaintiff should be permitted to present evidence in support of proof of the "vanishing" premium and "performance" claims set forth in the Complaint premised on the misrepresentations made at the time of sale as demonstrated in the "Accelerated Payment Plan" illustration used in the sale of the 1992 whole life policy. This evidence supports proof of the use of the a standard regular business practice at metLife and the corporate culture of MetLife, as well as the credibility of plaintiff.

Also, the fact that the sales agent had complaints made against him for misrepresentations in the sale of life insurance policies during relevant time periods to the instant case as asserted by defendants in footnote 3 on page 4 of their brief does not vary with the allegations that the sales agent

engaged in misrepresentations in order to make commissions and that MetLife was aware of the same and failed to take corrective action. This evidence supports proof of the use of the a standard regular business practice at metLife and the corporate culture of MetLife, as well as the credibility of plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully submitted,

BEHREND AND ERNSBERGER, P.C.


By_____
    Kenneth R. Behrend
    Pa. I.D. No. 37961
    Behrend and Ernsberger, P.C.
    Firm No. 018
    Suite 300 Union Bank Building
    306 Fourth Avenue
    Pittsburgh, PA 15222
    (412) 391-2515

## CERTIFICATE OF SERVICE

I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the foregoing Brief in Support of Plaintiffs' Response to Defendants' Motion in Limine was served upon the below listed counsel and parties by U.S. First Class mail, postage pre-paid on the 26th day of June, 2006.

B. John Pendleton, Jr., Esquire
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

BEHREND AND ERNSBERGER, P.C.

BY: _____
Kenneth R. Behrend
Pa. ID No. 37961
BEHREND AND ERNSBERGER, PC
Firm ID No. 018
306 Fourth Avenue, Suite 300
Pittsburgh, PA 15222
(412) 391-2515
(412) 391-2762 facsimile
Attorney for Plaintiff