IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Civil Action No. 01-444 |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY, | ) ) ) ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION

and

## ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") has filed a Motion in Limine (Docket No. 68) seeking to exclude at trial evidence regarding the Florida Report of Investigation into Sales Practices of MetLife ("Florida Report"). Defendant's Motion is granted.

The Florida Report was prepared by Thomas Tew, a Miami attorney who was named by the Florida Insurance Commissioner and Treasurer and the Florida Attorney General to head a joint-agency investigation into certain sales practices of

1

MetLife.  Florida Report at 1.[1]  The Report, dated March 6, 1994, was prepared in response to a Notice and Order to Show Cause filed by the Florida Department of Insurance, alleging that Met Life violated various Florida insurance statutes.  Id.

With respect to the Florida Report, Defendant argues that it centered largely on the conduct of Rick Urso, Manager of the District Sales Office for the Southeastern Head Office Branch of MetLife.  Urso's scheme to sell insurance policies as "Nurses Retirement Savings Plans" is detailed in the report, and complaints about that program were the genesis for the report.  See Florida Report at 1-2.  The deceptive marketing is alleged to have occurred nationwide.  Id. at 2.  There is, however, no indication that the report addresses conduct in Pennsylvania similar to that which is alleged in this case.  Indeed, the focus of the Florida Report was the marketing of insurance policies to nurses as retirement accounts, a situation in which the very nature of the transaction was misrepresented.[2]  Moreover, although Urso's territory included Pennsylvania, MetLife represents that the agents who sold the policy in this case, John and Tonya Daley, did not work in Urso's branch and did not sell the policies at issue in the Florida Report as "Nurses Retirement Savings Plan[s]."

I conclude that the Florida Report, which addresses almost exclusively the

---

[1]  The Florida Report is attached as Exhibit A to Defendant's Motion in Limine.  Plaintiffs list the Pennsylvania Report as Exhibit 25 in their revised exhibit list dated April 26, 2006.  See Docket No. 64.

[2]  Although Plaintiffs allege in their Complaint that they were sold their policies in connection with an investment plan, Defendant correctly notes that Plaintiffs admitted during their depositions that they knew they were buying life insurance.  See Docket No. 68, Exs. B, C.  In addition, the Florida Report does not appear to discuss any of the sales materials used in this case.

"Nurses Retirement Savings Plan" marketed by Urso has some limited relevance, particularly since it concludes that MetLife's supervision of its agents led to improper sales tactics on a national level.  However, the specific type of misrepresentation alleged by Plaintiffs here does not appear to have been included in the Florida report.  Thus, there is potential to confuse the jury.

Because the Florida Report has limited relevance, yet great potential to confuse the jury, I find that the report is inadmissible as it will be unfairly prejudicial to Defendant under Rule 403.

An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON A. SOLARCHICK, minor by ALAN )
SOLARCHICK and CARLA SOLARCHICK, and in )
their own rights, )
                            )
         Plaintiffs, )
                            )
 -vs- )
                            Civil Action No.  01-444
METROPOLITAN LIFE INSURANCE COMPANY, )
JOHN T. DALEY and TONYA DALEY, )
                            )
         Defendants. )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **10th** day of May, 2006, after careful consideration, it is Ordered that Defendant's Motion in Limine to Exclude Evidence Regarding the Florida Market Conduct Examinations of Metropolitan Life Insurance Company (Docket No. 68) is Granted.  Plaintiffs are barred from introducing evidence of the Florida Market Conduct Report, Plaintiffs' Exhibit No. 25, at trial.

BY THE COURT:

/S/   Donetta W. Ambrose
Donetta W. Ambrose,
Chief U. S. District Judge

4