IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No. 01-444 ) |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY, | ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife") has filed a Motion in Limine to Exclude Exhibits 115 and 116. See Docket No. 99. Exhibit 115 is a July 19, 1996 MetLife Corporate Internal Audit ("the 1996 Audit Report"). Exhibit 116 is a December 4, 1998 Corporate Internal Audit ("the 1998 Audit Report"). MetLife urges that the Audit Reports are excludable as irrelevant, as evidence of subsequent remedial measures and as hearsay.

I have reviewed both Audit Reports and the parties' respective positions. I

1

agree with MetLife that the 1998 Audit Report is not relevant to the matters at hand. It addresses MetLife's compliance with the NAIC Model Regulation, enacted in January of 1997, relating to the use of illustrations. The Model Regulation was not in place at the time the Solarchicks purchased their policies, nor does the Audit cover the time frame during which the Solarchicks purchased their policies. As such, I do not think that the 1998 Audit Report is probative of any of the issues in this litigation.

I reach a different conclusion, however, with respect to the 1996 Audit Report. That Audit Report covers the time frame at issue here. Moreover, it speaks of the failings of the Individual Business Ethics and Compliance Department, which apparently was enacted to combat and monitor the deceptive sales practices of its agents. The 1996 Audit speaks of "[s]erious concerns ... with regard to the fulfillment of the IB E&C's mission to ensure that business practices employed by the Career Agency Sales force are ethical, fair and in full compliance with all applicable laws and regulations." See Docket No. 99-2, p. 2. Certainly this evidence is relevant to the issue of whether MetLife's sales practice problems had abated by the time the Solarchicks purchased their policies. As such, the 1996 Audit is not excluded under Rules 401 and 402.

Additionally, I conclude that the 1996 Audit is not excluded under Rule 407 as evidence of a subsequent remedial measure. Rule 407 of the Federal Rules of Evidence provides, in relevant part:

> [w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously would

2

> have made the injury or harm less likely to occur, evidence of the subsequent remedial measures is not admissible to prove negligence, [or] culpable conduct … . This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, <u>or impeachment</u>.

F.R.E. 407 (emphasis added). Here, the Solarchicks insist that Exhibit 115 is "necessary for plaintiff's [sic] ability to offer evidence in rebuttal of MetLife's defense that because an enhanced compliance program was instituted in 1994 the sales practice problems were eliminated and no liability should be found as well as no punishment damages should be awarded." <u>See</u> Docket No. 144, p. 1. I agree with the Solarchicks that the 1996 Audit Report would constitute impeachment evidence and would thus not be excluded under Rule 407, provided that MetLife first raises the issue of the compliance programs.

I also reject MetLife's arguments that the 1996 Audit Report is excludable under Rule 403 as more prejudicial than probative. The 1996 Audit Report is highly relevant to the issue of whether MetLife's compliance programs were effective. In my view, the probative effect of this evidence outweighs the prejudice to MetLife if the document is admitted. Additionally, the document should not be excluded under Rule 404(b) as it is evidence of MetLife's knowledge regarding the compliance failures. Finally, I am satisfied that the 1996 Audit Report is admissible as a business records exception to the hearsay rule under Rule 803(6).

It is therefore ORDERED this **12th** day of May, 2006, that the Defendant's

3

Motion In Limine to Exclude Exhibits 115 and 116 (Docket No. 99) is Granted in part and Denied in part. It is Granted insofar as Exhibit 116 is excluded from evidence as irrelevant. It is Denied insofar as Exhibit 115 is admissible.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge