IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| -vs- | )<br>) Civil Action No. 01-444 |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY, | )<br>)<br>) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant") has filed four Motions in Limine (Docket No. 91, 93, 97, 111) seeking to exclude from evidence at trial a number of Plaintiffs' proposed exhibits relating to testimony and documents concerning former MetLife employee, James Rayl. James Rayl was the Director of MetLife's Tulsa, Oklahoma Customer Service Center during relevant time periods to this case. Plaintiffs oppose Defendant's Motions. After careful review, Defendant's Motions are granted in part and denied in part as follows.

**I. Motion in Limine to Exclude from Evidence Unrelated Testimony and Exhibits of James Rayl**

Defendant moves to exclude Plaintiffs' proposed Exhibit Nos. 123 and 124,

which together comprise the deposition testimony of James Rayl taken in previous employment discrimination litigation filed by Rayl against MetLife as well as the exhibits to that deposition. (Docket No. 111). Defendant argues that Rayl's testimony and related exhibits are irrelevant and will only serve to inflame the jury. Defendant also argues that the deposition exhibits are inadmissible hearsay or contain hearsay within hearsay. Defendant's Motion is granted in part and denied in part.

As an initial matter, Plaintiffs indicate in their Response Brief that they do not intend to read to the jury any portions of Rayl's deposition testimony concerning his employment claims against MetLife. Plaintiffs also indicate that they do not intend to use deposition exhibit 37 relating to single premium UL policies. Thus, Defendant's Motion to exclude these portions of Rayl's deposition testimony and exhibits is denied as moot.

With respect to the deposition testimony itself, Plaintiffs only seek to read excerpts concerning Rayl's work history at MetLife, his communications concerning the "vanishing premium" problems, and MetLife's response thereto. Pls.' Resp. (Docket No. 138) at 4. I find that this testimony is relevant to Plaintiffs' claims in this case. In particular, Rayl's concerns involve sales practices similar to Plaintiffs' vanishing premium allegations in this lawsuit. Such evidence may be relevant, for example, in establishing a pattern or practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. This probative value is not substantially outweighed by the danger of unfair prejudice to Defendant.

Accordingly, Defendant's Motion is denied to the extent it seeks to exclude these portions of Rayl's deposition testimony. See Fed. R. Evid. 401, 402, 403.

Defendant's Motion also is denied to the extent it seeks to exclude certain exhibits to Rayl's deposition testimony in their entirety on the basis of irrelevance or prejudice. To the extent these deposition exhibits are documents to which Defendant objects more specifically in its other motions in limine, those documents and objections thereto are discussed more fully below. Insofar as any remaining exhibits relate to Rayl's concerns regarding sales practices similar to Plaintiffs' "vanishing premium" allegations in this case, such evidence is probative and is not unduly prejudicial for the reasons set forth above.

I also disagree with Defendant that the exhibits are categorically inadmissible as hearsay. As an initial matter, Plaintiffs represent that they will be able to establish at trial that the documents are business records within the meaning of Rule 803(6). Plaintiffs also argue that Rayl's statements are admissions of a party opponent, an argument not addressed by Defendant. See Fed. R. Evid. 801(d). Even if the statements are neither admissions nor business records within the meaning of the Rules of Evidence, I find that the exhibits to Rayl's deposition relating to Plaintiffs' vanishing premium allegations are admissible under the "residual" hearsay exception set forth in Rule 807.

Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as

> evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807.

Defendant's Motion is granted, however, with respect to any portions of the Rayl exhibits that constitute hearsay within hearsay. For example, any statements by Rayl as to what a customer said or told him are double hearsay and must be excluded, unless an independent hearsay exception applies. Fed. R. Evid. 805. Plaintiffs have not identified any such exceptions.

Defendant's Motion also is granted with respect to any "expert"-type opinions contained in Rayl's deposition testimony or exhibits. Rayl is not an expert witness and thus opinion evidence properly within the realm of an expert is inadmissible.

## II. Motion in Limine to Exclude Plaintiffs' Exhibit Nos. 14, 33, 47, 51, and 54 (Docket No. 91)

Defendants move to exclude as evidence at trial Plaintiffs' Exhibit Nos. 14, 33, 47, 51, and 54, all of which are documents authored by or referencing James Rayl and his concerns regarding sales practices associated with the accelerated premium program.

4

Defendant first argues that these exhibits are irrelevant because Rayl's primary concern is misrepresentation in connection with the AP program (associated with whole life policies) and not with "vanishing premiums" in the context of Universal Life policies such as those purchased by Plaintiffs in 1990. I disagree. As set forth in Section I, supra, Rayl's concerns regarding deceptive sales tactics in the AP context are substantially similar to the allegations raised by Plaintiffs in connection with their Universal Life policies. Indeed, although Rayl often focuses on "vanishing premium" concerns in the AP context, he indicates in Proposed Exhibit 14 that the "vanishing premium" issue is a concern in both the AP and Universal Life contexts. Furthermore, Plaintiffs' 1995 policy was sold as an AP whole life policy. Thus, a whole life policy is at issue in this case.

I also disagree that the Rayl documents are irrelevant because they do not specifically mention Pennsylvania. Plaintiffs allege that the same deceptive sales techniques were used by MetLife agents on a national level, and the Rayl documents support this assertion. The fact that the documents fail to reference Pennsylvania goes to the weight of the evidence, not its admissibility.

In short, I find that the documents authored by Rayl are relevant to Plaintiffs' claims in this case. Among other things, the evidence may be relevant in establishing a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. I also find that this probative value is not substantially outweighed by the danger of unfair prejudice to Defendant.

For the reasons set forth in section I, supra, I also disagree that proposed

exhibits 14, 33, 47, 51 and 54 are categorically inadmissible hearsay. Thus, Defendant's Motion to exclude the exhibits as hearsay is denied. Defendant's motion is granted, however, to the extent the exhibits contain hearsay within hearsay, such as Rayl's description of what a customer said, to the extent such statements are offered for the truth of the matter asserted therein. Defendant's Motion also is granted with respect to any "expert"-type opinions contained in the exhibits at issue. As set forth above, Rayl is not an expert witness and thus any opinions properly within the realm of an expert are inadmissible.

A final issue exists with respect to proposed exhibit 54. Although this document mentions Rayl and his concerns, proposed exhibit 54 was neither written by nor addressed to Rayl - unlike the other exhibits at issue in Defendant's Motion. Thus, it is unclear to me how Plaintiffs intend to introduce the document at trial. In addition, although the parties do not specifically discuss the article attached to Exhibit 54, that article appears to be replete with hearsay. The portions of the article discussing MetLife also strike me as unfairly prejudicial. For these reasons, Defendant's Motion is granted to the extent it seeks to exclude the article attached to Plaintiffs' proposed Exhibit No. 54. If Plaintiffs plan to introduce the remainder of exhibit 54 at trial (i.e., the letter itself), they must lay an appropriate foundation as well as obviate any hearsay and/or authentication concerns.

### III. Defendant's Motion in Limine to Exclude Exhibit Nos. 34 and 35

Defendant seeks to exclude as evidence Plaintiffs' proposed exhibits 34 and 35, documents authored by Rayl. (Docket No. 93). Proposed exhibit 34 is a

6

December 23, 1992 letter from Rayl to David G. Martin, Vice President, Mid-America Territory, regarding Rayl's deceptive sales practice concerns. (Docket No. 93, Ex. B). Proposed exhibit 35 is a December 31, 1992 letter from Rayl to Kathy Schoos, Director of Customer Services and Communications in MetLife's Warwick Customer Service Center, thanking Schoos for writing a letter in support of his concerns. Id. Defendant argues that these exhibits are irrelevant, prejudicial, and inadmissible hearsay.

    I disagree that exhibits 34 and 35 are irrelevant and/or unfairly prejudicial. As with the exhibits discussed above, exhibits 34 and 35 are probative as to a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. Exhibit 35 is relevant for the additional reason that it shows that the director of MetLife's Warwick customer service center (the only other MetLife call center at the time) shared the same concerns as Rayl. Thus, exhibit 35 undercuts any assertion by Defendant that Rayl's concerns were confined to the Tulsa call center and were not nationwide. This probative value is not substantially outweighed by the danger of unfair prejudice to Defendant.

    For the reasons set forth in section I, supra, I also disagree that proposed exhibits 34 and 35 are categorically inadmissible hearsay. Thus, Defendant's Motion to exclude the exhibits as hearsay is denied. Defendant's Motion is granted, however, to the extent the exhibits contain hearsay within hearsay, to the extent such statements are offered for the truth of the matter asserted therein. For example, the customer complaint attached to the Rayl memo in exhibit 34 appears

to be inadmissible hearsay and hearsay within hearsay. Defendant's Motion also is granted with respect to any "expert"-type opinions contained in the exhibits at issue. As set forth above, Rayl is not an expert witness and thus any opinions properly within the realm of an expert are inadmissible.

### IV. Defendant's Motion in Limine to Exclude Exhibit Nos. 32, 41, and 120

Defendant moves to exclude Plaintiffs' proposed Exhibit Nos. 32, 41, and 120, relating to James Rayl. (Docket No. 97). Defendant argues that these exhibits are irrelevant, unfairly prejudicial, and inadmissible hearsay.

As an initial matter, Plaintiffs indicate in their response that they do not intend to use proposed Exhibit No. 120 (a performance evaluation of Rayl) at trial. See Docket No. 118, at 2. Therefore, Defendant's Motion to exclude this exhibit is denied as moot.

Defendant's Motion to exclude Exhibit No. 32 is granted. Exhibit 32 is a memo dated December 16, 1992 from Cheryl Fager to Rayl and Darlene West regarding electronic notification of the branch office when the processing for an AP payment is completed. See Docket No. 97, Ex. B. As set forth in Defendant's Brief, it is unclear from the face of exhibit 32 how it relates to Plaintiffs' unfair sales practices claims in this case. In their Opposition Brief, Plaintiffs argue that Exhibit 32 "demonstrates that MetLife management did not consider the APP sales problems a high priority item, despite Jim Rayl's warnings that the policies were being deceptive [sic] sold as 'paid up' policies." Docket No. 118 at 2. Presumably, Plaintiffs are referring primarily to paragraph 4 of the memo which states: "I think we have higher priorities on our

8

wishlist that need to be addressed before this is addressed." Docket No. 97, Ex. B. Although Plaintiffs may be correct in their assessment, this conclusion is not at all clear from the face of exhibit 32. Among other things, the terms "paid up" or "vanishing premiums" do not appear anywhere in the document. Unless Rayl's deposition testimony (or other appropriate testimony) can specifically put this letter in context, I cannot conclude that the letter relates to Plaintiffs' claims.

Defendant's Motion to exclude Exhibit 41 in its entirety is denied. Exhibit 41 is a January 19, 1994 letter from Rayl to Robert J. Crimmins, Executive Vice-President of Personal Insurance. Docket No. 118, Exhibit D. Unlike Exhibit 32, Exhibit 41 specifically mentions Rayl's "paid up" policy concerns. I find that Exhibit 41 is probative as to a pattern and practice on the part of MetLife, or a corporate culture encouraging similar deceptive sales techniques. The letter also demonstrates that MetLife senior management was put on notice of Rayl's concerns.

For the reasons set forth in section I, supra, I also disagree that proposed Exhibit 41 is categorically inadmissible hearsay. Thus, Defendant's Motion to exclude Exhibit 41 as hearsay is denied. Defendant's Motion is granted, however, to the extent Exhibit 41 contains hearsay within hearsay if such statements are offered for the truth of the matter asserted therein. Defendant's Motion also is granted with respect to any "expert"-type opinions contained in Exhibit 41. As set forth above, Rayl is not an expert witness and thus any opinions properly within the realm of an expert are inadmissible.

9

## V. Conclusion

For all of these reasons, Defendant's Motions to exclude evidence relating to James Rayl are granted in part and denied in part. An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights,<br><br>Plaintiffs,<br><br>-vs-<br><br>METROPOLITAN LIFE INSURANCE COMPANY, JOHN T. DALEY and TONYA DALEY,<br><br>Defendants. | Civil Action No. 01-444 |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **12th** day of May, 2006, after careful consideration and for the reasons set forth above, it is Ordered that the following Motions are granted in part and denied in part as set forth more fully in the Opinion accompanying this order: (1) Defendant's Motion in Limine to Exclude From Evidence Plaintiffs' Exhibit Nos. 14, 33, 47, 51, and 54, Documents Authored by and Relating to James Rayl (Docket No. 91); (2) Defendant's Motion in Limine to Exclude From Evidence Plaintiffs' Exhibit Nos. 34 and 35, Documents Authored by James Rayl (Docket No. 93); (3) Defendant's Motion in Limine to Exclude From Evidence Plaintiffs' Exhibit Nos. 32, 41, and 120

11

(Docket No. 97); and (4) Defendant's Motion in Limine to Exclude From Evidence Unrelated Testimony and Exhibits of James Rayl (Docket No. 111).

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge