IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, ) | Civil Action No. 00-2286 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Chief Judge Donetta W. Ambrose |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and WILLIAM FRIEDT, JR., ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO STRIKE DEMAND FOR ATTORNEYS' FEES UNDER PLAINTIFF'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM**

Kenneth R. Behrend
Pa. I.D. No. 37961
Behrend & Ernsberger, P.C.
Firm ID No. 018
Union National Bank Building
306 Fourth Avenue, Suite 300
Pittsburgh, PA 15222
(412) 391-2515

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, ) | Civil Action No. 00-2286 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Chief Judge Donetta W. Ambrose |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and WILLIAM FRIEDT, JR., ) | |
| ) | |
| Defendants ) | |

---

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO STRIKE DEMAND FOR ATTORNEYS' FEES UNDER PLAINTIFFS' UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW CLAIM

---

AND NOW come the Plaintiffs, by and through their attorneys, Behrend and Emsberger, PC and Kenneth R. Behrend, and files the following response to Defendants' Motion in Limine to Strike Plaintiffs' Claims for Counsel Fees Pursuant to Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1, *et seq.* (UTPCPL) and in support thereof avers as follows:

1.  Denied. To the contrary, Plaintiffs are entitled to attorney's fees for their claims under 73 Pa. C.S.A. § 201-1 et seq., the Unfair Trade Practices and Consumer Protection Law ("Consumer Protection Law"). By way of further reply, this Court has previously considered the identical arguments raised in Defendants' Motion in <u>Solarchick v. MetLife</u>, Civil Division No. 01-444. In <u>Solarchick,</u> this court determined that, under the UTPCPL, Plaintiffs' were entitled to the award of attorneys' fees related to any work done after the 1996 Amendment.

2.  Admitted in part and Denied in part. It is admitted that in 1978, the Legislature

required that a statute must expressly provide for an award of counsel fees. See Pa.C.S. §2503(10). A private right of action was provided under the Consumer Protection Law in 1976. Every Court that has reviewed the award of counsel fees under the 1976 version of the Consumer Protection Law has permitted the award of counsel fees. Additionally, it has been found by the appellate courts in Pennsylvania that the Legislature in the 1976 language provided an express grant of authority to the courts to award counsel fees. See Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987), see also McCauslin v. Reliance Finance Co., 751 A.2d 683 (Pa. Super. 2000). It is Denied that Plaintiffs seek an award for counsel fees incurred prior to the initiation of litigation. To the contrary, case law establishes that the date of when the legal fees are incurred controls, not the date of the deceptive act. See Gehris v. Com. Dept. of Transp., 369 A.2d 1271, (Pa. 1977). See also Ihnat v. Pover, G.D. No. 94-17465, Mem. Op. at 5 (C.C.P. Alleg. Cnty. Nov. 24, 2003)(Emphasis added).

      3.     Denied. To the contrary, there is no legislative history concerning the issue of counsel fees at all. It equally could be assumed that the Legislature took out the language regarding the award of counsel fees because the language was redundant. It was redundant because, before Section 2503 was passed there was no need to make an express grant of attorney fees and the Legislature in the Consumer Protection Law had already provided the courts with broad powers to eradicate unfair and deceptive business practices by expressly providing the courts with the power to "provide such additional relief as it deems necessary or proper." This power was not limited, it was written broadly and as every court interpreting language found, it included the authority for the courts to award counsel fees. Furthermore, if the Legislature had disapproved of the construction by the courts to permit counsel fees under the 1976 Consumer Protection Law language, the Legislature could have included language in the 1996 Amendment specifically designed to

disapprove of the appellate courts' 20 year construction of the 1976 statutory language permitting the award of counsel fees. Instead, the 1996 amendment was a curative amendment in that it recognized and confirmed the propriety of the courts' awarding counsel fees for 20 years under the 1976 language.

    4.    Denied. Every Pennsylvania court to address the award of counsel fees for twenty (20) years under the 1976 language permitted the award of counsel fees. Further, case law establishes that where counsel fees are incurred after the effective date of an amendment, they are awarded. The date of when the legal fees are incurred controls, not the date of the deceptive act. See Gehris v. Com. Dept. of Transp., 369 A.2d 1271, (Pa. 1977)(holding the date when legal fees are incurred is controlling with regard to award of legal fees); See also Ihnat v. Pover, G.D. No. 94-17465, Mem. Op. at 5 (C.C.P. Alleg. Cnty. Nov. 24, 2003)

    5.    Denied. The language used by the Supreme Court is an "express" grant of authority, not "explicit" as Defendants' assert. To the contrary, in McCauslin v. Reliance Finance Co., 751 A.2d 683 (Pa. Super. 2000), the Superior Court decided the issue of whether counsel fees were expressly authorized by the Legislature under the pre-1996 version of the Pennsylvania Consumer Protection Law and the provision for a private right of action under 42 P.S. §201-9.2. In applying this standard to the pre-1996 version of the Consumer Protection Law, the Superior Court held that there was an express grant of statutory authority by the Legislature through the Consumer Protection Law, and thus attorney's fees were permissible. This decision was rendered after the Supreme Court's decision in Merlino v. Delaware County, 728 A.2d 949 (Pa. 1999), the case erroneously relied upon by Defendants, and when deciding a case the Superior Court takes into account prior controlling decisions of the Supreme Court. The Superior Court in 2000 clearly did not find the

Merlino decision to be controlling on the award of counsel fees under the Consumer Protection Law.

6.     Denied. To the contrary, the 1996 amendment was curative in nature in that it confirmed the twenty years of interpretation of the Consumer Protection Law by the courts permitting the award of counsel fees under the 1976 language. The proposition of curative statutory amendments to confirm prior court interpretation was addressed inn Sun Home v. W.C.A.B., 815 A.2d 1156 (Pa. Cmwlth. 2003), where the court concluded that a 2001 amendment to a 1976 statute was not a change of intent of the Legislature, since it "clearly indicates the Legislature's agreement with this Court's [prior] interpretation" in 1995. Thus, the Court permitted the claim to proceed even though the claim was filed in 1999 under the 1976 language and prior to the 2001 amendment. The Court held the 2001 amendment did not alter or change the prior construction of the court, instead the 2001 amendment confirmed the court's prior allowance of such claim. See also City of Philadelphia v. Schaller, 25 A.2d 406, 409(Pa. Super. 1942)("The construction placed upon a statute by the courts becomes a part of the statute and hence a part of the law thereby enacted.").

7.     Denied. Every reported Consumer Protection Law case decided under the 1976 version of the statute has provided for the award of counsel fees and costs. The Legislature in 1996 realizing that for twenty (20) years counsel fees were awarded under the 1976 language under section 9.2(a), and the legislature confirmed the court's interpretation of the Consumer Protection Law through the 1996 Amendment. Moreover in both Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987) and McCauslin v. Reliance Finance Co., 751 A.2d 683 (Pa. Super. 2000), the Superior Court held counsel fees expressly were authorized by the Legislature under the pre-1996 version of the Pennsylvania Consumer Protection Law and the provision for a private right of action under 42 P.S. §201-9.2. By way of further reply, this Court has previously considered the identical arguments

raised in Defendants' Motion in <u>Solarchick v. MetLife</u>, Civil Division No. 01-444.  In <u>Solarchick,</u> this Court determined that, under the UTPCPL, Plaintiffs' were entitled to the award of attorneys' fees related to any work done after the 1996 Amendment.

WHEREFORE, Plaintiffs respectfully request that Defendants' Motion In Limine to Strike the Demand for Attorneys' Fees Under Plaintiffs' Unfair Trade Practices and Consumer Protection Law Claim be denied.

Respectfully submitted,

/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Emsberger, P.C.
306 Fourth Ave. - Suite 300
Pittsburgh, PA 15222
(412)391-2515   (phone)
(412)391-2762   (Fax)

## CERTIFICATE OF SERVICE

     I, Kenneth R. Behrend, hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion in Limine, was served upon the all counsel of record by U.S. first-class mail, postage pre-paid and/or hand delivery on this 26th day of June, 2006, as follows:

B. John Pendleton, Jr., Esquire
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

/s/Kenneth R. Behrend
Kenneth R. Behrend
PA I.D. # 37961
Behrend and Emsberger, P.C.
306 Fourth Ave. - Suite 300
Pittsburgh, PA 15222
(412)391-2515   (phone)
(412)391-2762   (Fax)