**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD M. GONDA, ) | Civil Action No. 00-2286 |
| ) | |
| Plaintiff, ) | Chief Judge Donetta W. Ambrose |
| ) | |
| ) | |
| v. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and WILLIAM GERALD ) | |
| FRIEDT, JR., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN RESPONSE TO METROPOLITAN LIFE INSURANCE COMPANY AND
WILLIAM FRIEDT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING
THE RECOVERY OF PURPORTED EXPECTATIONS DAMAGES**

**PRELIMINARY STATEMENT**

This Court in <u>Solarchick v. Metropolitan Life Ins. Co.</u>, __ F. Supp. 2d ___, 2006 WL

1312530 (W.D. Pa. 2006) previously addressed the legal arguments raised by defendants herein.  This

Court held "the Court will determine the proper measure of damages, and I will instruct the jury

accordingly; the jury will then determine the appropriate amounts, if any. To the extent that the

Motion seeks to prevent Plaintiffs from presenting testimony of all losses beyond premiums paid,

however, it will be denied."  In making this holding the Court reasoned that the plaintiff was not

entitled to the benefit of the contract since the claims in the case are tort based.  <u>Id.</u>  Rather, this

Court upon review of relevant Pennsylvania and Federal appellate decisions determined that "the jury

may consider the actual and promised face amounts of the subject policies, as well as additional

unexpected outlays that Plaintiffs are obligated to pay." The Court concluded " Mr. Carter will not,

however, be permitted to testify that these numbers represent the benefit of Plaintiffs' bargain, or otherwise testify regarding the appropriate measure of damages, either under the UTPCPL or the common law. Instead, the Court will instruct the jury as to the proper measure of damages, and the jury will determine the proper amount." It is believed and expected that the same rationale and ruling applies to the instant litigation.

## BACKGROUND

The claims alleged in this case relate to misrepresentations regarding the actual cost of the 1992 whole life policy sold to plaintiff. Defendants represented that the cost was monthly out-of-pocket payments of $50.50 for ten years. However, the policy is a whole life policy requiring payments until age 100, or in the instant case payments for sixty-two years. Thus, plaintiff had an additional fifty-two years of payments to make beyond those represented to induce the sale. Also, it was represented that the amount of insurance coverage would increase on an annual basis as well as the cash value would continually increase, even though the out-of-pocket premium payments stopped after ten years. This type of sales tactic is commonly referred to as a "vanishing" premium sale and is called by Metropolitan Life an "Accelerated Payment Plan" sale. This is the same sales practice that was at issue in the Kintner, Tran and Solarchick, cases all before this Court.

Upon learning of the sales misrepresentation in 1994, plaintiff stopped making payments, just as the plaintiff stopped making payments upon learning of the deception in the case of Lesoon v. Metropolitan Life Insurance Company, 2006 Pa Super 67, __ A.2d __ (Pa. Super 2006), re-argument denied, __ A.2d __ (June 9, 2006). In Lesoon, the Superior Court of Pennsylvania observed, "at a minimum, [plaintiffs] should be compensated for the difference in price between the policy that was promised them and the policy that was issued." Id. at **30, 34. The court agreed that plaintiffs should

receive "compensatory damages calculated in relation to the terms of the underlying transaction that gave rise to the UTPCPL violation," and that they were entitled to the "benefit of the contract that was promised . . . and therefore, the trial court should have fashioned an award designed to cover the increase in the price of a comparable insurance policy that [defendant] promised [to] them." Id. at *28.

Plaintiff's harm suffered is similar to the <u>Lesoon</u> measure of damages and the <u>Lesoon</u> measure of damages is appropriate herein. Additionally, in the instant case, based upon the funding scheme through use of plaintiff's existing policy issued by Prudential, plaintiff cash surrendered his Prudential policy and used the money to partially fund the 1992 MetLife policy. Plaintiff also suffered damage as a result of the loss of the Prudential policy as a result of the fraudulent misrepresentations of defendants.

## ARGUMENT

### I. THIS COURT DETERMINED IN <u>SOLARCHICK</u> THAT A PLAINTIFF MAY NOT RECOVER 'EXPECTATION' OF 'BENEFIT OF THE BARGAIN' DAMAGES.

This Court determined in <u>Solarchick</u>, that in a tort action that tort remedies and not contract remedies are available. <u>supra</u>.

### II. THIS COURT DETERMINED IN <u>SOLARCHICK</u> THAT IN A FRAUD AND UTPCPL CLAIM A PLAINTIFF'S ACTUAL LOSS INCLUDES THE ADDITIONAL COST OF THE POLICY.

This Court in <u>Solarchick</u>, <u>supra</u>, determined that defendants' interpretation of the term "actual loss" failed to comport with Pennsylvania appellate caselaw interpretation of the term and rejected the identical argument raised by defendants herein. In <u>Solarchick</u>, this Court interpreted properly the relevant Pennsylvania appellate decisions of <u>Agliori v. Metropolitan Life Ins. Co.</u>, 879 A.2d 315, 320

-3-

(Pa. Super. 2005), <u>Lesoon</u>, <u>supra</u> and <u>Metz v. Quaker Highlands</u>, 714 A.2d 447 (Pa. Super. 1998).

Specifically, this Court held in rejecting MetLife's argument that, "Certainly, both <u>Agliori</u> and <u>Lesoon</u>

make it clear that a UTPCPL plaintiff is not limited to out-of-pocket losses.  Defendant's repeated

mantra of 'actual loss' does not lead me to a different conclusion; the term is clearly more expansive

than suggested."  <u>Solarchick</u> at *5 - *6. (footnote omitted).  MetLife presents no new authority in

support of its argument and similarly it should be rejected herein.

MetLife also references various rulings of the trail courts in the Court of Common Pleas of

Allegheny County, however, those rulings were all made prior to the Superior Court publishing the

decision in <u>Lesoon</u>.  Since the <u>Lesoon</u> opinion was published, the trial court's have been following

the damages model as described by the Superior Court in <u>Lesoon</u>.  To date there have not been any

post-trial memorandum describing the revised conduct of the trial courts, but plaintiff's counsel has

personally participated in two trials, <u>Ferguson v. Metropolitan Life</u>, GD 95-13198, tried  the last

week of May of 2006 and <u>Frampton v. Metropolitan Life</u>, GD 95-7543, tried the second week of

June of 2006, where the trial court instructed the jury on damages in each case that "There are two

damages amounts that are to be considered, they are: (1) the additional costs required to fulfill the

contract that you find defendants promised to the defendants; and (2) all monetary losses otherwise

suffered as a result of the misrepresentation."

Accordingly, MetLife's argument should be rejected in this case, just as it was rejected in

<u>Solarchick</u>.

## III.    THE <u>LESOON</u> DECISION IS APPLICABLE TO THE INSTANT CASE

This identical argument of defendants was rejected by this Court in <u>Solarchick</u>.  Defendants'

attempt to narrowly construe the <u>Lesoon</u> decision improperly by limiting the decision to the identical

factual pattern of the Lesoon case. When the appeal filed in Lesoon was initially decided by the Superior Court it was issued as an unpublished opinion. Plaintiffs specifically filed a petition with the Superior Court requesting that the opinion be published because the holding applies to all of the 200+ cases against MetLife filed in Allegheny County as well as to other life insurance sales practices cases. Based upon consideration of the reasons set forth in the plaintiffs' petition, the Superior Court withdrew the unpublished opinion and subsequently reissued it as a published opinion. When the opinion was published, the Superior Court did not alter the holding of the case to restrict or limit it in any fashion to only the facts of the Lesoon case. See Lesoon, supra.

Again, MetLife on pages 6-7 of its brief references rulings made by the Court of Common Pleas of Allegheny County made prior to the Superior Court publishing the decision in Lesoon in support of its position. Similarly, MetLife's argument should be rejected in this case, just as it was rejected in Solarchick.

In both Lesoon and in the instant case, the same problem occurred, that is, the sales agent misrepresented the actual cost of the proposed policy in order to induce the sale and the plaintiffs upon learning of the actual cost of the policy stopped making premium payments.[1]  Moreover, the legal premise for the measure of damages in a life insurance sales practices case announced in Lesoon was not limited by the Superior court and is applicable to all life insurance sales practices cases, not just the Lesoon case.

Next, MetLife engages in argument on page 8 of its brief regarding future damages are too speculative, baldly stating that "it is impossible to speculate how the 1992 policy would have

---

[1]MetLife in it footnote 5, on page 7 of its brief, fails to note that on June 9, 2006, the Superior Court denied its petition for reconsideration en banc and to date MetLife has not filed a petition for allocator with the Pennsylvania Supreme Court.

performed in the future." This argument has been rejected repeatedly by this Court and every other court that has reviewed this argument. See Solarchick, supra.

Finally, to the extent, if any, that plaintiff's expert report varies from this Court's holdings on what damages are permissible, plaintiff's expert will be instructed at trial as to the Court's rulings and will abide thereby.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully submitted,

BEHREND AND ERNSBERGER, P.C.


By_____
    Kenneth R. Behrend
    Pa. I.D. No. 37961
    Behrend and Ernsberger, P.C.
    Firm No. 018
    Suite 300 Union Bank Building
    306 Fourth Avenue
    Pittsburgh, PA 15222
    (412) 391-2515

## CERTIFICATE OF SERVICE

I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the foregoing Brief in Support of Plaintiffs' Response to Defendants' Motion in Limine was served upon the below listed counsel and parties by U.S. First Class mail, postage pre-paid on the 26th day of June, 2006.

B. John Pendleton, Jr., Esquire
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

BEHREND AND ERNSBERGER, P.C.

BY: _____

_____    Kenneth R. Behrend
                                    Pa. ID No. 37961
                                    BEHREND AND ERNSBERGER, PC
                                    Firm ID No. 018
                                    306 Fourth Avenue, Suite 300
                                    Pittsburgh, PA 15222
                                    (412) 391-2515
                                    (412) 391-2762 facsimile
                                    Attorney for Plaintiff