IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON A. SOLARCHICK, minor, by ALAN SOLARCHICK and CARLA SOLARCHICK, and in their own rights, | ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No. 01-444 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, JOHN T DALEY and TONYA DALEY, | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife") has filed a Motion to Bifurcate and Exclude Plaintiff's Claim for Punitive Damages. See Docket No. 50. Briefly, MetLife contends that Plaintiffs Alan Solarchick and Carla Solarchick ("the Solarchicks") are precluded from seeking any punitive damages because "MetLife has already been punished for the 'global' pattern and practice allegations" that the Solarchicks assert. See Docket No. 50, p. 1-2. In the alternative, MetLife argues that the trial should be bifurcated into a liability / compensatory damages phase and a punitive damages phase, so as to promote judicial economy and avoid inflaming the jury. Finally, MetLife posits that the Solarchicks are barred from recovering punitive

1

damages based upon conduct that occurred outside of Pennsylvania and that, as a consequence, no evidence should be introduced based upon such conduct. For the reasons set forth below, I reject each of MetLife's arguments.

1. Punitive Damages

MetLife boldly asserts that a defendant cannot be subject to multiple punitive damages awards for the same course of conduct.[1]

My research suggests that "no principle exists which prohibits a plaintiff from recovering punitive damages against a defendant or defendants simply because punitive damages have previously been awarded against the same defendant or defendants for the same conduct, or because other actions are pending against the defendant or defendants which could result in an award of punitive damages." Weinstein v. The Islamic Republic of Iran, 184 F. Supp.2d 13, 25 (D. D.C. 2002), see also, 11 A.L.R. 4th 1262, *Propriety of Awarding Punitive Damages to Separate Plaintiffs Bringing Successive Actions Arising Out of Common Incident Or Circumstances Against Common Defendant or Defendants*; Speiser, Krause and Gans, The American Law of Torts, 828-29 (1985) (observing that "[i]n a number of product liability cases, involving usually drugs or motor vehicles, the courts have held or recognized that, notwithstanding the potential danger of awarding multiple punitive damages to separate plaintiffs bringing successive actions against a single defendant, successive

---

[1]MetLife's argument is premised upon the assertion that MetLife has already paid punitive damages in conjunction with the MDL class settlement. I reject this contention. MetLife specifically denied any liability in connection with that settlement. As such, I would be hard pressed to conclude that some of the money paid in conjunction with that settlement was in recognition of the egregious nature of MetLife's actions.

2

awards of punitive damages are permissible."); Scheufler v. General Host Corp., 126 F.3d 1261, 1272 (10th Cir. 1999) (stating that "although the United States Supreme Court recently emphasized that the Due Process Clause of the Fourteenth Amendment prohibits a state from imposing grossly excessive punishment on a tortfeasor, it did not hold multiple punitive damage awards arising out of the same conduct are unconstitutional."); and Dunn v. Hovic, 1 F.3d 1371, 1387 (3d Cir. 1993) (noting that the "Restatement, which provides the most persuasive evidence of the common law as generally understood and applied in the United States, and which we are obliged to consult before exercising whatever common law authority we have in this case, does not preclude successive claims of punitive damages arising out of the same course of conduct, but instead permits consideration of the existence of multiple punitive damages claims against a defendant as a factor in assessing damages.").

Certainly I recognize that grossly excessive and arbitrary awards of punitive damages may violate a defendant's right to due process under the Fourteenth Amendment to the United States Constitution. See State Farm v. Campbell, 538 U.S. 408, 416, 123 S. Ct. 1513, 1519-20 (2003). Further, I recognize that, should MetLife be ordered to pay punitive damages in successive cases based upon the conduct at issue in this case, MetLife may have a legitimate argument regarding due process violations. However, there are adequate post-verdict opportunities of which a defendant may avail himself or herself in order to ensure that a punitive damages award comports with the Due Process Clause. Consequently, the Motion is denied

insofar as it seeks to preclude the Solarchicks from asserting their claim for punitive damages.

2. <u>Bifurcation</u>

MeLife next argues that, should the issue of punitive damages remain in the case, trial should be bifurcated into two phases - one based upon liability and compensatory damages and the other based upon punitive damages. MetLife reasons that bifurcating the trial would promote judicial economy and avoid inflaming and confusing the jury.

I disagree. Much of the evidence that the Solarchicks will undoubtedly offer regarding national deceptive sales practices that they allegedly fell victim to, will be relevant to both compensatory and punitive damages. As such, I cannot see that separate proceedings will promote judicial economy. Judicial economy is better served if the evidence is reviewed only once. MetLife is certainly permitted to propose limiting instructions so as to avoid inflaming or confusing the jury.

3. <u>Evidence of Conduct Outside of Pennsylvania</u>

Finally, MetLife asks that evidence of conduct occurring beyond Pennsylvania be excluded for purposes of considering punitive damages. MetLife urges that:

> [a]s a general rule, state courts do not have a legitimate concern in imposing punitive damages to punish a defendant for acts committed outside of the State's jurisdiction. This is because the proper adjudication of conduct that occurred to other individuals outside the state would require their inclusion in the lawsuit. Punitive damages may not be awarded as punishment for <u>any</u> conduct that occurred outside the forum state. At a minimum, Plaintiffs are barred from recovering punitive damages based upon conduct that occurred outside the

4

> State of Pennsylvania, and accordingly, no evidence should be introduced based upon such conduct. Nor may a fact finder use evidence of conduct that does not have a "nexus" to the specific, purported harm to plaintiffs.

See Docket No. 50, p. 2-3.

In <u>State Farm Mutual Automobile Ins. Co. Of America v. Campbell</u>, 538 U.S. 408, 421 2003), however, the Supreme Court stated that:

> Lawful out-of-state conduct may be probative [on the issue of punitive damages] when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, but that conduct must have a nexus to the specific harm suffered by the plaintiff. A jury must be instructed, furthermore, that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred.

Thus, there is no blanket prohibition on out-of-state conduct to establish entitlement to punitive damages. Rather, so long as a nexus exists between the harm inflicted within the forum state, and MetLife's out-of-state conduct, then such evidence is permissible. In this case, evidence that MetLife encouraged or permitted similar sales techniques in other states, and that such techniques have a nexus with the harm suffered by the Solarchicks, renders that evidence admissible. The court disagrees that a blanket ban on evidence of out-of-state activities is appropriate in this case, and will deny the Motion in this respect.

Accordingly, this **10th** day of May, 2006, after careful consideration and for the reasons set forth above, it is Ordered that the Motion in Limine to Bifurcate and Exclude (Docket No. 50) is DENIED. Additionally, because punitive damages remain

an issue in this case, Defendant's Motion in Limine to Exclude Evidence of MetLife's Financial Condition, Net Worth and Wealth (Docket No. 76) is also DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge