UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | : |
| Defendants. | : |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT'S SUPPLEMENT TO THEIR BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR "BAD ACTS" OF WILLIAM FRIEDT**

Defendants Metropolitan Life Insurance Company ("MetLife") and William Friedt (collectively "defendants") bring this Supplement to their Brief in Support of Their Motion in Limine to Exclude Evidence of Prior "Bad Acts" of William Friedt.[1]

**I. PLAINTIFF'S PROPOSED EXHIBIT 35 SHOULD BE EXCLUDED BECAUSE IT DISCUSSES IRRELVANT AND HIGHLY PREJUDICIAL ALLEGATIONS OF RAICAL AND SEXUAL DISCRIMINATION.**

Plaintiff has identified Exhibit 35, the sworn statement of Mr. Friedt, taken in preparation for an unrelated wrongful termination case against MetLife in 1994. See Ex. A to Defendant's Motion in Limine to Exclude Evidence of Prior "Bad Acts" of William Friedt. In it, Mr. Friedt discusses allegations made by April Watts, a former MetLife employee, of racial and sexual

---

[1] Defendants incorporate the arguments set forth more fully in their Brief in Support of Their Motion in Limine to Exclude Evidence of Prior "Bad Acts" of William Friedt.

discrimination in the Butler Branch Office, including allegations regarding the use of highly volatile racial epithets. See Ex. A at 11-17; 39-42.

These allegations have absolutely no commonality with plaintiff's allegations and are extremely prejudicial to MetLife. In fact, the allegations of racial and sexual discrimination involve former sales representative Craig Sabo, who is not named in this case and had no interaction with plaintiff.[2] Evidence regarding allegations of discrimination clearly has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," and thus is inadmissible. See Fed. R. Evid. 401. Plaintiff's purpose in introducing this evidence is to engage in a smear campaign against MetLife, and to distract the jury from the only real issue in this case: what was said -- or not said -- to plaintiff at the sale of the 1992 policy.

Even if this evidence was in any way relevant to the matters at hand -- and it clearly is not -- whatever marginal probative value it would have is clearly outweighed by the highly prejudicial impact these allegations would have on the jury. It goes without saying that racial and sexual discrimination are extremely emotional topics, and that allegations thereof will serve to arouse the passions of the jury. Therefore, in order to ensure that MetLife and Mr. Friedt receive a fair trial that is decided upon the facts of this case, this evidence must be excluded. See Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 188 (3d Cir. 1990) ("Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the

---

[2] MetLife in fact terminated Mr. Sabo's employment in part because of allegations that he engaged in racial and sexual discrimination.


other wrongs."), cert. denied, 501 U.S. 1217 (1991) (emphasis added); Fed R. Evid. 404(b); Fed. R. Evid. 403.

## II. PLAINTIFF'S PROPOSED EXHIBIT 37 SHOULD BE EXCLUDED BECAUSE IT DISCUSSES IRRELEVANT "SAVINGS SALES" ALLEGATIONS.

Plaintiff's proposed Exhibit 37 involves a customer complaint against Mr. Freidt for allegedly selling an insurance policies as a "savings plan." See Ex. E to Defendant's Motion in Limine to Exclude Evidence of Prior "Bad Acts" of William Friedt. In his Complaint, plaintiff makes no allegations that he was sold the policy as a "savings" or "retirement" plan, and in fact he cannot, as any such claims are barred by the Horton class settlement.[3] Therefore this evidence is wholly irrelevant. See Fed. R. Evid. 401.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order barring the introduction or use of testimony or evidence of alleged "bad acts" committed by William Friedt.

        Respectfully Submitted,

        s/ B. John Pendleton, Jr.
        B. John Pendleton, Jr.
        McCARTER & ENGLISH, LLP
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102
        (973) 622-4444

        Attorneys for Defendants
        Metropolitan Life Insurance Company
Dated: June 26, 2006         and William Friedt, Jr.

---

[3] Defendants incorporate the arguments contained more fully in their Motion to Exclude References to "Retirement" and "Savings" Sales.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 28th day of June 2006, on the following counsel of record:

> Kenneth R. Behrend, Esq.
> Behrend and Ernsberger, P.C.
> Union National Bank Building
> 306 Fourth Avenue, Suite 300
> Pittsburgh, PA  15222

> __s/ B. John Pendleton, Jr. _____