IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife") and William Friedt, Jr. ("Friedt") have filed a Motion in Limine to Exclude Exhibit Nos. 113 and 114. Exhibit 113 is a July 19, 1996 MetLife Corporate Internal Audit ("the 1996 Audit Report"). Exhibit 114 is a December 4, 1998 Corporate Internal Audit ("The 1998 Audit"). MetLife urges that the Audit Reports are excludable as irrelevant, as evidence of subsequent remedial measures and as hearsay.

I have reviewed both Audit Reports and the parties' respective positions.[1] I agree with MetLife that the 1998 Audit Report is not relevant to the matters at hand. It addresses MetLife's compliance with the NAIC Model Regulation, enacted in January of 1997, relating to the use of illustrations. The Model Regulation was not in place at the time that Gonda purchased his policy, nor does the Audit Report cover the time frame during which Gonda purchased his policy. As such, I do not think that the 1998 Audit Report is probative of any of the issues in this litigation.

I reach a different conclusion, however, with respect to the 1996 Audit Report. That Audit Report is closer in time to the conduct at issue here. Moreover, it speaks of the failings of the Individual Business Ethics and Compliance Department, which apparently was enacted to combat and monitor the deceptive sales practices of its agents. The 1996 Audit Report speaks of "[s]erious concerns ... with regard to the fulfillment of the IB E&C's mission to ensure that business practices employed by the Career Agency Sales force are ethical, fair and in full compliance with all applicable laws and regulations." See Docket No. 44-2, p. 2. Certainly, this evidence is relevant to the issue of whether MetLife's sales practice problems had abated by the time Gonda purchased his policy. As such, the 1996 Audit Report is not excluded under Rules 401 and 402.

Additionally, I conclude that the 1996 Audit Report is not excluded under Rule

---

[1] I take a moment to comment on the shortcomings of Gonda's Brief in Opposition. For instance, the brief contains an argument regarding how the Exhibits are relevant to the Solarchicks' purchases of the 1990 and 1995 Policies. The Solarchicks are not litigants in this case. Further, the discussion of how evidence of out of state wrongdoing is relevant to the issue of punitive damages seems entirely misplaced. Finally, Gonda does not even address MetLife's argument that the evidence is more prejudicial than probative under Rule 403.

407 as evidence of a subsequent remedial measure. Rule 407 of the Federal Rules of Evidence provides, in relevant part:

> [w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously would have made the injury or harm less likely to occur, evidence of the subsequent remedial measures is not admissible to prove negligence, [or] culpable conduct... . This rule does not require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, <u>or impeachment</u>.

F.R.E. 407 (emphasis added). Here, Gonda insists that Exhibit 113 is necessary to offer evidence in rebuttal of MetLife's defense that, because an enhanced compliance program was instituted in 1994, the sales practice problems were eliminated. See Docket No. 80, p. 2. I agree with Gonda that the 1996 Audit Report would constitute impeachment evidence and thus would not be excluded under Rule 407, provided that MetLife first raised the issue of the compliance programs.

I also reject MetLife's arguments that the 1996 Audit Report is excludable under Rule 403 as more prejudicial than probative. The 1996 Audit Report is highly relevant to the issue of whether MetLife's compliance programs were effective. In my view, the probative effect of this evidence outweighs the prejudice to MetLife if the evidence is admitted. Additionally, the document should not be excluded under Rule 404(b) as it is evidence of MetLife's knowledge regarding the compliance failures. Finally, I am satisfied that the 1996 Audit Report is admissible as a business records exception to the hearsay rule under Rule 803(6).

Consequently, this **29th** day of June, 2006, after careful consideration of the parties' submissions, it is Ordered that the Motion is granted in part and denied in part. Exhibit 114 is excluded, Exhibit 113 is admitted.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge