IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and Gerald Friedt ("Friedt") have filed a Motion in Limine to Exclude Plaintiff's Claim for Punitive Damages. See Docket No. 56. Briefly, MetLife and Friedt contend that Plaintiff Ronald Gonda ("Gonda") is precluded from seeking any punitive damages because "MetLife has already paid damages and fines punitive in nature for the same alleged 'widespread' conduct" of which Gonda complains. See Docket No. 57, p. 1. MetLife contends that penalizing it multiple times for the same course of conduct would violate the Due Process Clause. MetLife and Friedt also posit that Gonda is barred from recovering punitive damages based upon conduct that occurred outside of Pennsylvania and that, as a consequence, no evidence should be introduced based

1

upon such conduct. For the reasons set forth below, I reject each of MetLife's and Friedt's arguments.

### 1. <u>**Punitive Damages**</u>

MetLife and Friedt contend that a defendant cannot be subjected to multiple punitive damages awards for the same course of conduct. Certainly, I agree that grossly excessive and arbitrary awards of punitive damages may violate a defendant's right to due process under the Fourteenth Amendment to the United States Constitution. <u>See</u> <u>State Farm v. Campbell</u>, 538 U.S. 408, 416, 123 S. Ct. 1513, 1519-20 (2003). If MetLife and Friedt actually were subjected to multiple awards of punitive damages which, in light of liability, were fairly described as "excessive" and "arbitrary," then a Due Process argument may be valid.

Yet at this point, such arguments are purely academic in nature. MetLife and Friedt have not offered any persuasive evidence that they have been subjected to multiple punitive damages awards. While the class action plaintiffs sought punitive damages from MetLife, the case never went to trial and MetLife was never ordered to pay punitive damages. Indeed, the case settled. Nowhere in the settlement papers is there any type of allocation between money paid as compensation and money paid as punitive damages. In fact, MetLife explicitly denied liability in that settlement. As such, I would be hard pressed to conclude that some of the money paid in conjunction with that settlement was in recognition of the egregious nature of MetLife's actions. Further, MetLife has not adduced any evidence that it has yet to be found liable on a punitive damage award on conduct similar to that at issue

here. Indeed, of the recent cases in this Court, the jury declined to award the plaintiff punitive damages in <u>Tran v. MetLife</u>, the <u>Solarchick v. MetLife</u> case settled, with no allocation of the settlement amount as punitive damages, and in the case repeatedly cited by MetLife and Friedt - <u>Maleski v. MetLife</u>, A.D. No. 95-10451 (C.C.P. Butler Cty), the jury did not even reach the issue of punitive damages. Finally, there is no evidence whatsoever that Friedt has previously been exposed to a punitive damages award.

Consequently, the Motion is denied insofar as the Defendants seek to bar Gonda from seeking punitive damages. Should a jury return a verdict, which includes a punitive damages component and which the Defendants view as violative of the Due Process Clause, they can seek post-trial relief.

2. **<u>Evidence of Conduct Outside of Pennsylvania</u>**

>   MetLife and Friedt argue that:
>
>> [a]s a general rule, state courts do not "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction. ... This is because the proper adjudication of conduct that has occurred to other individuals outside the state would require their inclusion in the lawsuit. ... [P]unitive damages may not be awarded as punishment for <u>any</u> conduct that occurred outside the forum state.

<u>See</u> Docket No. 57, p. 6. While I agree with this general proposition, I disagree with MetLife's and Friedt's conclusion - that all evidence of conduct occurring outside of the Commonwealth of Pennsylvania must be excluded.

In <u>State Farm Mutual Automobile Ins. Co. Of America v. Campbell</u>, 538 U.S. 408,

3

421 (2003), the Supreme Court stated:

> Lawful out-of-state conduct may be probative [on the issue of punitive damages] when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, but that conduct must have a nexus to the specific harm suffered by the plaintiff. A jury must be instructed, furthermore, that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred.

Thus, there is no blanket prohibition on out-of-state conduct to establish entitlement to punitive damages. Rather, so long as a nexus exists between the harm inflicted within the forum state, and MetLife's out-of-state conduct, then such evidence is permissible. In this case, evidence that MetLife encouraged or permitted similar sales techniques in other states, and that such techniques have a nexus with the harm suffered by Gonda, renders that evidence admissible. As such, I disagree that a blanket ban on evidence of out-of-state activities is appropriate in this case, and will deny the Motion in this respect.

***********************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **29th** day of June, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, Defendants' Motion in Limine to Exclude Plaintiff's Claim for Punitive Damages (Docket No. 56) is DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge