IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendant Metropolitan Life Insurance Company ("MetLife") and Defendant William Gerard Friedt, Jr. ("Friedt") have filed a Motion in Limine to Bifurcate Plaintiff's Claim for Punitive Damages. See Docket No. 58.  Specifically, MetLife and Friedt argue that the trial should be bifurcated into two phases - one based upon compensatory damages and the other based upon punitive damages.   The Defendants reason that bifurcating the trial would promote judicial economy and avoid inflaming and confusing the jury.

I disagree.   Much of the evidence that Plaintiff will undoubtedly offer regarding national deceptive sales practices that he allegedly fell victim to, will be relevant to both compensatory and punitive damages.  As such, I cannot see that separate proceedings will promote judicial economy.  Indeed, judicial economy is better served if the evidence is reviewed only once.  Met Life and Friedt are

1

certainly permitted to propose limiting instructions so as to avoid inflaming or confusing the jury.

Therefore, this **29th** day of June, it is Ordered that the Motion is Bifurcate (Docket No. 58) is DENIED.[1]


BY THE COURT:




/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[1] I issue this ruling in spite of the fact that, again, Plaintiff's Brief in opposition is replete with reference to the Solarchicks' claims, rather than to Gonda's claims.