IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendants Metropolitan Life Insurance Company and William Friedt, Jr. ("MetLife") have filed a Motion in Limine to Exclude References to "Retirement" and "Savings" Sales. <u>See</u> Docket No. 62. MetLife explains that, in his deposition, Plaintiff Ronald Gonda ("Gonda") referred to the 1992 Policy at issue as a retirement plan. Several of Gonda's proposed exhibits (Exhibits 4, 6-8, 32 and 40) also make reference to "retirement" or "savings plans." MetLife urges that Gonda should be precluded from introducing any evidence regarding "retirement" or "savings" sales because the Complaint makes no allegations that he purchased the 1992 Policy for purposes of retirement or savings, and because any such claims would otherwise be barred by

1

the class action settlement in <u>Horton v. Metropolitan Life Ins. Co.</u>, Civ. No. 93-1849-CIV-T-23A (M.D. Fla.).

Gonda acknowledges, in response, that he is precluded from presenting any claims that his policy was sold as a retirement or savings plan under <u>Horton</u>. Gonda further concedes that he is not permitted to make any reference, during testimony, to any retirement or savings plan aspect of his policy. <u>See</u> Docket No. 75, p. 1. Yet Gonda does not agree that the proposed exhibits should be excluded. Gonda contends that the "Accelerated Payment Plan" illustration is vital to the presentation of his case.

Therefore, this **29th** day of June, 2006, after careful consideration, it is Ordered that the Motion in Limine (Docket No. 62) is GRANTED IN PART and DENIED IN PART, as follows:

> 1. Gonda is precluded from asserting any claim, or evidence in support thereof, that he purchased the 1992 Policy for purposes of "retirement" or savings";
>
> 2. the documents filed at Docket No. 62-3 are admissible provided that pages 3-6 of the document are removed because they make no reference to the accelerated payment plan;
>
> 3. the document filed at Docket No. 62-4 is excluded in its entirety;
>
> 4. the documents filed at Docket No. 62-5 are excluded in their entirety, as they make no reference to the accelerated payment plan;
>
> 5. the documents filed at Docket No. 62-6 are admitted, as they address the accelerated payment plan;
>
> 6. the documents filed at Docket No. 62-7 are excluded;

7. the documents filed at Docket No. 62-8 are excluded as they do not reference the accelerated payment plan and, as it concerns MetLife's "knowledge" of the misrepresentations of its agent, Defendant Friedt, such knowledge, as evidenced by these documents, came two years <u>after</u> the sale to Gonda and as such is not relevant.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge