IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

Defendants Metropolitan Life Insurance Company ("MetLife") and William Gerald Friedt, Jr. ("Friedt") (collectively, "Defendants") have filed a Motion in Limine (Docket No. 60) seeking to exclude at trial evidence regarding the Pennsylvania Report of Market Conduct Examination of MetLife ("Pennsylvania Report") and related documents. Plaintiff opposes Defendants' Motion. (Docket No. 77). Defendants' Motion is granted in part and denied in part as follows.

MetLife's sales practices during the early 1990s were the focus of an investigation by the Pennsylvania Insurance Department, which issued a Market Conduct Examination Report on February 11, 1994. (Docket No. 60, Ex. A).[1] The

---

[1] Plaintiff lists the Pennsylvania Report as Exhibit 55 in his revised exhibit list dated June 12, 2006. See Docket No. 43.

1

report defined the scope of the investigation as follows:

> A targeted market conduct examination has been performed on Metropolitan Life Insurance Company, hereinafter referred to as "MetLife", at their Johnstown, Pennsylvania office and through interviews conducted with various consumers, insurance agents and MetLife employees located principally within a six (6) county Western Pennsylvania Region, and a Report thereon is submitted as follows:

> The examination covered the period January 1, 1990 through December 31, 1992, unless otherwise noted. The purpose of the examination was to review MetLife's management, marketing and sales practices and procedures in Western Pennsylvania. Western Pennsylvania was defined as the counties of Armstrong, Allegheny, Beaver, Butler, Westmoreland, and Washington. However, some areas of review were expanded beyond Western Pennsylvania when initial findings indicated the activities appeared to occur throughout Pennsylvania.

In order to obtain a thorough perspective on MetLife's marketing practices, the examination was conducted in three (3) phases:

> 1. MetLife's Johnstown, Pennsylvania office was visited by examiners to review copies of requested applications and consumer complaint files, as well as securing additional data relative to the examination.

> 2. Interviews were conducted with various consumers, agents and MetLife employees in Western Pennsylvania concerning MetLife marketing practices and procedures.

> 3. Interviews were conducted with principal MetLife corporate officials having management or supervisory responsibilities for the insurer's marketing and sales operations.

Pennsylvania Report at 4-5.

The investigation stemmed from complaints made in March 1993 that MetLife customers had been induced through misrepresentations to replace existing MetLife policies, thereby incurring additional costs and fees. Id. at 8. There also were customer allegations of deceptive marketing of insurance policies as retirement and savings plans. Id. The report details numerous interviews, and includes copies of the marketing materials utilized in several individual cases.

Defendants assert that this report is "classic hearsay" which should not be admitted at trial. Plaintiff responds that the report may be admitted as an "official record" under Federal Rule of Evidence 803(8)(C). Rule 803(8)(C) provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8); see also, e.g., Goodman v. Pa. Turnpike Comm'n, 293 F.3d 655, 669 n.10 (report of Legislative Budget and Finance Committee not inadmissible hearsay).

Defendants argue that Rule 803(8)(C) does not apply because there are several indicia of untrustworthiness in the Pennsylvania Report, including that: (1) MetLife was not given the benefit of a hearing before an impartial trier of fact; (2) there were no evidentiary rules; (3) none of the policyholders referred to in the report were subject to cross-examination; and (4) neither Plaintiff nor the agent who sold the policy at issue in this lawsuit were mentioned in the report.

The Advisory Committee Notes to Rule 803(8) identify four, non-exclusive, indicia of trustworthiness: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held and the level at which conducted; and (4) possible bias. Here, the investigation was initiated and completed in a timely fashion. In addition, the Insurance Commission is certainly qualified to conduct an investigation concerning the marketing strategies used by insurance companies within Pennsylvania. Thus, the first two indicia do not support a finding of untrustworthiness. Defendants, however, argue that the latter two of these four indicia – whether a hearing was held and possible motivational bias – are lacking in this case and compel exclusion of the report. I find neither of these arguments persuasive.

First, although the Pennsylvania Insurance Commission did not hold a hearing, that was due at least in part to MetLife's decision not to challenge the findings contained in the report. Pennsylvania Report, Section XIII. Thus, I do not view the lack of a hearing to be a controlling consideration in this case.

Second, as evidence of motivational bias, Defendants point to the ruling in Sherman v. Maleski, No. 309 M.D. 1994 (Pa. Cmwlth. Aug. 30, 1994), vacated, 664 A.2d 221 (1995), in which the court determined that public comments made by the then-insurance commissioner made it appear that the commissioner had "prejudged" one of the agents involved. That ruling, however, does not indicate that any bias existed with respect to MetLife or the agent who sold the policies in this case (who, as MetLife has indicated, is not mentioned in the report). Therefore, MetLife has not

shown any basis for believing that the report was biased, and I find no basis for excluding the report for this reason.

For all of these reasons, Defendants' Motion is denied to the extent it seeks to exclude the Pennsylvania Report in its entirety on the grounds that the Report is inadmissible hearsay. This ruling, however, does not mean that all of the contents of the Report are necessarily admissible as non-hearsay. To the extent Defendants contend that specific portions of the Report fall outside the scope of Rule 803(8) or otherwise object to specific portions of the Report (e.g., as hearsay within hearsay, etc.), I will consider such objections at trial.

Defendants also assert that, even if non-hearsay, evidence regarding the Pennsylvania Report should be excluded at trial on the grounds that it is irrelevant and/or unfairly prejudicial. This portion of Defendants' Motion is granted to the extent the report discusses or makes findings concerning alleged sales practices distinct from or dissimilar to the allegations contained in Plaintiff's Complaint. Such evidence would have a tendency to confuse the jury and, therefore, to unfairly prejudice Defendants.

Defendants' Motion is denied, however, to the extent the Pennsylvania Report discusses or makes findings concerning sales practices similar to Plaintiff's allegations, including allegations regarding "vanishing premiums." Such evidence may be relevant, for example, in establishing a pattern and practice on the part of

MetLife, or a corporate culture encouraging similar deceptive sales techniques.[2] This probative value is not substantially outweighed by the danger of unfair prejudice to Defendants.[3]

In sum, I will permit use of the Pennsylvania Report only to the extent that the report discusses or makes findings concerning sales practices similar to the allegations contained in Plaintiff's Complaint.

An appropriate Order follows.

---

[2] In this regard, I note that the Pennsylvania Report is focused on MetLife activity within Pennsylvania, the state where the transactions in this case took place.

[3] Of course, Defendants remain free to make Rule 403 objections, if appropriate, to specific portions of the Pennsylvania Report when offered at trial.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **29th** day of June, 2006, after careful consideration, it is Ordered that the Defendants' Motion in Limine to Exclude Evidence Regarding the Pennsylvania Market Conduct Examinations of Metropolitan Life Insurance Company and Related Documents (Docket No. 60) is granted in part and denied in part as set forth more fully in the Opinion accompanying this Order.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge