IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM ORDER

Before the Court is Defendants' Motion in Limine to preclude evidence regarding the recovery of purported expectation damages.

In <u>Solarchick v. Metropolitan Life Ins. Co.</u>, No. 01-444, 2006 U.S. Dist. LEXIS 32957 (May 12, 2006 W.D. Pa.), in response to a similar motion, I determined that Plaintiff's expert, Robert Boyd Carter, would not be permitted to testify as to the proper legal measure of damages. Instead, I indicated that the Court would determine the proper measure of damages, and instruct the jury accordingly. I also denied the motion to the extent that it sought to prevent plaintiffs from presenting testimony of any losses beyond premiums paid. I reach an identical conclusion in this case. In so doing, I reaffirm the reasoning set forth at length in that Opinion.

I will, however, address several of Defendants' concerns, as expressed in their Motion. First, I note that I did not, in <u>Solarchick</u>, adopt a measure of damages more expansive than "actual" loss. Instead, I observed that Pennsylvania courts have evaluated "actual" damages to include, for example, existing loss of value or

opportunity, as well as out-of-pocket expenses. That a loss of value may be somewhat difficult to conceptualize as a concrete loss, as opposed to the less airy out-of-pocket expenses incurred, does not mean that it failed to "actually" occur. I confirm here that damages under the UTPCPL or common law fraud must be both compensatory and actual, as those concepts have been interpreted by Pennsylvania courts, and its appellate courts in particular; such damages cannot constitute expectation, or "benefit of the bargain" damages, such as those awarded in contract actions. Defendant's remaining arguments, although purporting to counter my decision in <u>Solarchick</u>, are simply not at odds with that conclusion. Without particular direction from Pennsylvania appellate courts, I decline to either expand or restrict damages for common law fraud and state statutory violations beyond what those courts have delineated.

AND NOW, this **29th** day of June, 2006, after careful consideration, It is ORDERED that Defendant's Motion in Limine to Preclude Evidence Regarding the Recovery of Purported Expectation Damages (Docket No. 64) is GRANTED in part and DENIED in part, as stated herein.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge