IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Before the Court is Defendants' Motion in Limine to exclude evidence of prior "bad acts" by Defendant Freidt. In particular, Defendants seek to exclude evidence regarding Freidt's use of internal replacement practices, as well as other evidence that does not relate to the sales at issue here. This matter involves external replacement, and therefore, Defendants assert, Plaintiff's exhibits 34 through 39 are irrelevant and inadmissible under Fed. R. Evid. 401 and 402, or otherwise inadmissible under Fed. R. Evid. 403 or 404(b).[1] In addition, Defendants challenge the

---

[1] Defendants point to the distinction between the two practices as noted by this Court in Solarchick v. Met Life, No. 01-444. The distinction was relevant only because aspects of the particular testimony challenged in that case, such as inflated commissions and a load fee, applied only to internal replacement. The parties have pointed to no such distinction implicated by the

1

relevance of Plaintiff's exhibits 26, 27, 32, and 40, as unrelated to Plaintiff's allegations. In response, Plaintiff argues that evidence of replacement practices generally, whether internal or external, are relevant and admissible.[2]

## DISCUSSION

### A. Evidentiary Standards

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than in would be without the evidence. Fed. R. Evid. 401. This definition of relevance is very broad, and does not raise a high standard. Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004).

Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F. 2d 961, 972 (3d Cir. 1980).

Moreover, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

---

presently challenged evidence.

[2] I note that certain portions of Plaintiff's responsive Brief purport to incorporate by reference arguments made in other litigation. Clearly, Plaintiff has the ability to reiterate in full arguments made in other litigation, as portions of his Brief appear to have been cut and pasted from other court papers, and mistakenly refer to litigants other than those presently before the Court. I draw the parties' attention to my Chamber Practices and Procedures, II(B). I will not consider arguments that are inapplicable to this litigation or do not conform to chambers practice. The practices of each individual Judge on this Court are available online at www.pawd.uscourts.gov.

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). This list is not intended to be exclusive; the plain language of Rule 404(b) states that it may be satisfied whenever "other bad act" evidence is offered for a purpose other than proving character and conforming conduct. Our Court of Appeals has recognized that Rule 404(b) is a rule of "inclusion, rather than exclusion," and that the admission of such evidence is favored when offered for any purpose other than propensity. United States v. Daraio, 445 F.3d 253, 263 (3d Cir. 2006).

**B. Defendants' Motion**

**1. Replacement practices**

I first address Defendants' relevance and prejudice arguments under Fed. R. Evid. 401, 402, 403, and 404(b), which relate to evidence of Freidt's replacement practices.

Plaintiff contends that the overall business practice of replacement, or "churning" generally, is relevant to establish the context of the practices at issue, and is also relevant to knowledge, intent, and his claim for punitive damages. Defendants have not explained why the difference in the company originating an existing policy, which is used to fund a new Met Life policy, is significant in terms of the present litigation. Under the liberal definition of relevance that I must apply, the challenged evidence is admissible under Rules 401 and 402. Moreover, I find no reason to exclude the evidence under Rule 403. The danger of unfair prejudice does not outweigh the probative value of the evidence. Any potential prejudice

may be cured by cross-examination regarding the difference between the two subcategories of replacement practice. I will also consider a proposed limiting instruction to the jury, if necessary.

Defendants also, however, argue that the evidence is prohibited under Rule 404(b). Of course, Plaintiff does not contend that the evidence of Freidt's internal replacements will be offered to prove that he engaged in internal replacement in this case.[3] Plaintiff argues instead that evidence of replacement practices generally are relevant here, and that at a minimum, the evidence goes to Defendants' knowledge and intent, and to Plaintiff's claim for punitive damages. These are proper purposes under Rule 404(b), and an inference of Freidt's propensity is not required to render the Rule's exclusion inapplicable. Under applicable standards, therefore I will not exclude the evidence under that Rule.

## 2. Other Evidence

As a final matter, Defendants specifically identify several exhibits that do not relate to Freidt's replacement practices, and therefore are unaffected by the above discussion. Plaintiff's Brief focuses only on the admissibility of Mr. Freidt's internal replacement practices, and does not purport to address the admissibility of Exhibits 26, 27, 32, and 40 in particular. To the extent that the evidence relates to Freidt, therefore, I do not know the proper purpose for which it might be offered, and it appears to be prohibited by Rule 404(b); to the extent unrelated to Freidt, I cannot

---

[3] Defendants admit that external replacement occurred here; they contend only that Plaintiff understood that an existing policy would be surrendered and replaced, and would fund a new Met Life policy. Defendants' contention that Plaintiff should be precluded from showing propensity to commit an admitted act is a bit odd.

determine its relevance. Given the absence of pertinent opposing argument, I will grant this aspect of Defendants' Motion.[4]

## CONCLUSION

For the foregoing reasons, I will deny Defendants' Motion in Limine, except as regards Plaintiff's exhibits 26, 27, 32, and 40. An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

[4] Although Defendants refer to Exhibit J to their Motion, no such Exhibit appears on CM/ECF.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **30th** day of June, 2006, it is ORDERED that Defendant's Motion in Limine to Exclude Evidence of Prior "Bad Acts" by William Freidt (Docket No. 48) is GRANTED in part and DENIED in part. Plaintiff's Exhibits 26, 27, 32, and 40, as identified in his Pretrial Statement, are excluded from evidence. The remainder of the Motion is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge