# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR. | : |
| Defendants. | : |

## DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT, JR.'S PROPOSED JURY INSTRUCTIONS

Defendants Metropolitan Life Insurance Company ("MetLife") and William Friedt, Jr. (collectively, "defendants") hereby submit the following proposed jury instructions.  Defendants reserve the right to amend and supplement these proposed jury instructions as a result of the evidence presented at trial, any rulings on motions and/or other events prior to or during trial.  As plaintiff has not provided proposed jury instructions, the following proposed instructions are all currently contested.  On June 30, 2006, plaintiff's counsel advised us that the attorney responsible for plaintiff's jury instructions is in the hospital.  Plaintiff's counsel asked if defendants had an objection to a seven-day extension of the June 30, 2006 deadline.  By letter dated June 30, 2006, we advised plaintiff's counsel that we had no objection to the requested extension.  A copy of the June 30, 2006 letter is attached as Exhibit A.

**<u>Defendants' Proposed Jury Instruction No. 1</u>**

**Discretion to Determine Facts**

You, as a jury, are the sole arbiters of the facts relating to plaintiff's fraud and negligence claims. You, and you alone, decide which witnesses are truthful and which are less than truthful. Any conflicts in the testimony in this case are to be resolved by you as the finder of the facts in this case.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.10 (5th ed. 2000);

## Defendants' Proposed Jury Instruction No. 2

### Decision Based on Facts Alone

You must decide this case on the facts only, with no guessing or conjecture on your part. You are not permitted to reach a verdict merely on the basis of speculation or conjecture. There must be evidence upon which your conclusions are logically based.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Semet v. Andorra Nurseries, Inc., 219 A.2d 357 (Pa. 1966).

## Defendants' Proposed Jury Instruction No. 3

### Sympathy Not a Factor

Sympathy or a prejudice against any of the parties must not play any part in your decision-making process.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____



**Authority:**    Murphy v. Pennsylvania R.R. Co., 140 A. 867 (Pa. 1928).

**Defendants' Proposed Jury Instruction No. 4**


**All Persons Stand Equal Before the Law, Including Corporations**


The fact that the plaintiff is an individual and MetLife is a corporation must not enter into or affect your verdict. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar standings in life.  A corporation is entitled to the same fair trial as a private individual.  All parties, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.



**ACCEPT**          _____

**DECLINE**         _____

**MODIFY**          _____




**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.12 (5th ed. 2000);

**<u>Defendants' Proposed Jury Instruction No. 5</u>**

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.43 (5th ed. 2000).

**<u>Defendants' Proposed Jury Instruction No. 6</u>**
**Objections by Attorneys**

It is the duty of an attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney, or his or her client, because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.

When the court has sustained an objection to a question addressed to a witness or to a document, the jury must disregard the question or document entirely and may draw no inference from the wording of it or speculate as to what the witness could have said if he or she had been permitted to answer the question.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    <u>See</u> Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.49 (5th ed. 2000);  Pa. Proposed Points for Jury Instruction — Civil, Civil Procedure No. 4 at p. 358.

**<u>Defendants' Proposed Jury Instruction No. 7</u>**

**Questions Asked by a Judge During Trial**

During the course of the trial, I have had occasion to ask questions of some of the witnesses. The judge has the right, and, indeed, the duty to see that the facts are clearly presented; and my purpose in asking questions was to clarify certain matters in the case.

Again, and I emphasize this as strongly as I know how, you are not to draw any conclusion that, by my interrogation of the witnesses, I have intended to convey any point of view as to the witnesses' credibility or whether a verdict for either party is appropriate.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 101.30 (5th ed. 2000);  Pa. Proposed Points for Jury Instruction — Civil, Civil Procedure No. 5 at p. 358.

**<u>Defendants' Proposed Jury Instruction No. 8</u>**

**Number of Witnesses**

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors that you should consider. Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested persons, are among the important factors that indicate the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.54 (5th ed. 2000); Pa. S.S.J.I. (Civ.) § 5.03.

**Defendants' Proposed Jury Instruction No. 9**

**Conflicting Testimony**

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**   Pa. S.S.J.I. (Civ.) § 5.04; <u>See also</u> Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.01 (5th ed. 2000)

**Defendants' Proposed Jury Instruction No. 10**

**Manner of Impeachment**

A witness may be discredited or impeached by contradictory evidence, or by evidence that, at some other time, the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.  In determining the weight to be given to testimony, you can consider if the witness is receiving any pecuniary benefit for the testimony.

If you believe any witness has been impeached, and thus discredited, it is your exclusive right to give the testimony of that witness the credibility, if any, you may think it deserves.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other matters; and you may reject all the testimony of that witness or give it such credibility as you think it deserves. An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**ACCEPT**      _____

**DECLINE**     _____

**MODIFY**      _____

**Authority:**     See Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.04 (5th ed. 2000);  Pa. Proposed Points for Jury Instruction — Civil, Evidence No. 18 at p. 14.

## Defendants' Proposed Jury Instruction No. 11

### Willfully False Testimony

If you decide that a witness has deliberately falsified his or her testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his or her testimony; and you may refuse to believe the rest of his or her testimony, but you are not required to do so.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.05; <u>Lobozzo v. Adam Eidemiller, Inc.,</u> 437 Pa. 360, 263 A.2d 432 (1970); <u>Universal Builders, Inc. v. Moon Motor Lodge, Inc.,</u> 430 Pa. 550, 244 A.2d 10 (1968).

**Defendants' Proposed Jury Instruction No. 12**

**Deposition Testimony**

During the trial of this case, certain deposition testimony has been shown and read to you by way of written transcripts, consisting of answers under oath to questions asked of the witness in advance of the trial, in the presence of a court reporter, by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition under oath by videotaped depositions shown to you or a written transcript read to you.  Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, as if the witness otherwise had been present, and had testified from the witness stand.


**ACCEPT**         _____

**DECLINE**        _____

**MODIFY**         _____


**Authority:**     Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.02 (5th ed. 2000);  Pa. S.S.J.I. (Civ.) § 2.05.

## **Defendants' Proposed Jury Instruction No. 13**

### **Experts' Testimony**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.40 (5th ed. 2000).

**Defendants' Proposed Jury Instruction No. 14**

**Experts' Opinions – Basis for Opinion Generally**

In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Pa. S.S.J.I. (Civ.) § 5.31.

## Defendants' Proposed Jury Instruction No. 15

### Otherwise Inadmissible Evidence Must Be Limited

When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, you must consider the facts and data <u>only</u> to explain the basis for the expert's opinion, and <u>not</u> as substantive evidence.

**ACCEPT**        _____

**DECLINE**        _____

**MODIFY**        _____

**Authority**:  1 West's Pa. Prac., Evidence R 703 (2d ed. 2003); <u>Horn v. General Motors Corp.</u>, 1986 WL 12506, *1 (E.D.Pa. Nov. 3, 1986).

**<u>Defendants' Proposed Jury Instruction No. 16</u>**

**Hypothetical Questions**

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. By material fact, we mean one that was important to the expert in forming his or her opinion.

Similarly, if the expert has made it clear that his or her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.32.

**Defendants' Proposed Jury Instruction No. 17**

**Weighing Conflicting Expert Testimony**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 5.33.

## Defendants' Proposed Jury Instruction No. 18

### Negligence

The plaintiff claims that he sustained damages as a result of the negligent conduct of the defendants.  The plaintiff has the burden of proving those claims.

The defendants deny the plaintiff's claims and assert as an affirmative defense that plaintiff was negligent and that such negligence was a factual cause in bringing about the plaintiff's damages. The defendants have the burden of proving this affirmative defense.

Based upon the evidence presented at this trial, the issues for you to decide in accordance with the law as I will give it to you:

> First, were the defendants negligent?
> Second, was the defendants' conduct a factual cause in bringing about damages to the plaintiff?
> Third, was the plaintiff negligent and was such negligence a factual cause in bringing about the plaintiff's damages?

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

A defendant's negligent conduct need only be a factual cause of the plaintiff's harm.  It does not need to be the only cause.  The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the harm.  If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury.  Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendants was more than an insignificant factor in bringing about any harm to the plaintiff.  Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury.  However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury.  A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, a defendant's conduct need not be the only factor.  The fact that some other cause concurs with the negligence of defendant in producing an injury does not relieve the defendant from liability as long as his or her own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of another defendant or the plaintiff.  In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances. [1]

**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 3.00.

---

[1] In the event of a compensatory award to the plaintiff on another theory of liability, the defendants object to any instruction or award that would result in a duplicative recovery or windfall for the plaintiff.

## Defendants' Proposed Jury Instruction No. 19

### Burden of Proof - Negligence

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle the plaintiff to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think if you will of an ordinary balance scale, with a pan on each side.  On one side of the scale, place all of the evidence favorable to the plaintiff; on the other, place all of the evidence favorable to the defendants.  If, after considering the comparable weight of the evidence, you feel that the scales tip ever so slightly, or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

In this case, the plaintiff has the burden of proving the following propositions:  that the defendants were negligent, and that the defendants' negligence was a factual cause in bringing about the plaintiff's claims.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff.  Otherwise, your verdict should be for the defendants.


**ACCEPT**        _____

**DECLINE**        _____

**MODIFY**        _____



**Authority:**    Pa.S.S.J.I. (Civ.) § 5.50.

-15-

**<u>Defendants' Proposed Jury Instruction No. 20</u>**

**Negligence -- Definition**

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here.  Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.  In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful person would act in those circumstances.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 3.01.

## Defendants' Proposed Jury Instruction No. 21

### Ordinary Care -- Definition

Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case.  It is the duty of every person to use ordinary care not only for his or her own safety and the protection of his or her property, but also to avoid harm to others.  What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there.  The amount of care required by the law must be in keeping with the degree of danger involved.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Pa. S.S.J.I. (Civ.) § 3.02.

## Defendants' Proposed Jury Instruction No. 22

### Contributory Negligence

The defendants claim that the plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the plaintiff to prove his freedom from contributory negligence. The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the defendant has proven that the plaintiff, under all the circumstances present, failed to use reasonable care.

The defendants claim that the plaintiff was negligent in their own conduct because he had the opportunity to, but did not, read the application before signing or the policy when received, or return the policy if the policy was not what the plaintiff wanted.

Even if you find that the plaintiff was negligent, you must also determine whether the defendants have proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's damages. If the defendants have not sustained that burden of proof, then the defense of contributory negligence has not been made. In determining legal cause, you will refer to my previous instruction.


**ACCEPT**　　　_____

**DECLINE**　　　_____

**MODIFY**　　　_____


**Authority:**　　Pa. S.S.J.I. (Civ.) § 3.03;  Pa. Proposed Points for Jury Instruction — Civil, Negligence No. 13 at p. 85.

**<u>Defendants' Proposed Jury Instruction No. 23</u>**

**Contributory Negligence – Duty to See What is Obvious**

One who fails to observe the cause of his injury, which is plainly visible, and proceeds without regard for his own best interest is guilty of negligence as a matter of law.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:** <u>See</u> Pa. Proposed Points for Jury Instruction — Civil, Negligence No. 17 at p. 87.

**Defendants' Proposed Jury Instruction No. 24**

**Proving Negligent Misrepresentation**

Five elements must be established to find that a negligent misrepresentation occurred:
    (1) a misrepresentation;
    (2) an utterance of the misrepresentation by defendant;
    (3) an intention by defendant to induce the plaintiff to act by the utterance;
    (4) justifiable reliance by the plaintiff upon the misrepresentation; and
    (5) damages to the plaintiff as a result of his reliance on the misrepresentation.
To establish the second element, an utterance of the misrepresentation, you must find that:
    (1) the defendant's intent was knowing or reckless; and
    (2) he knew or believed the matter was not as represented, did not have confidence in the
        accuracy of the representation as stated or implied, or knew that there was no basis for
        the representation as stated or implied.
The elements of negligent misrepresentation differ from intentional misrepresentation in that the
misrepresentation must concern a material fact and the speaker need not know his or her words
are untrue, but must have failed to make a reasonable investigation of the truth of the words,
coupled with a duty from one party to another.

All elements must be proven by a preponderance of the evidence.

**ACCEPT**          _____

**DECLINE**         _____

**MODIFY**          _____

**Authority**:  Pa. SSJI (Civ), § 15.34 (2003); <u>Mele Construction Co. v. Crown American Corp.</u>,
618 A.2d 956 (Pa.Super. 1992); <u>Brindle v. West Allegheny Hospital</u>, 594 A.2d 766 (Pa.Super.
1991); <u>Bortz v. Noon</u>, 556 Pa. 489, 499, 729 A.2d 555, 561 (1999); <u>Fiorentino v. Travelers Ins.
Co.</u>, 448 F.Supp. 1364 (E.D.Pa. 1978); <u>Avondale Cut Rate v. Associates Excess Indemnities</u>, 406
Pa. 493, 178 A.2d 758 (1962); <u>Arresto v. National-Ben Franklin F. Ins. Co.</u>, 184 Pa.Super. 114,
133 A.2d 304 (1957); <u>Rempel v. Nationwide Life Ins. Co., Inc.</u>, 227 Pa.Super. 87, 323 A.2d 193
(1974), <u>aff'd</u>, 471 Pa. 404, 370 A.2d 366 (1977); <u>Busy Bee, Inc. v. Wachovia Bank, N.A.</u>, 2006
WL 723487 (Pa.Com.Pl. Feb. 28, 2006).

**<u>Defendants' Proposed Jury Instruction No. 25</u>**

**<u>Negligent Misrepresentation Cannot Constitute a Fraudulent Misrepresentation</u>**

A single representation cannot serve as both a fraudulent misrepresentation and a negligent misrepresentation.  In other words, the same representation cannot constitute a fraudulent misrepresentation as well as a negligent misrepresentation.

**ACCEPT**        _____

**DECLINE**        _____

**MODIFY**        _____

**Authority**:  <u>Busy Bee, Inc. v. Wachovia Bank, N.A.</u>, 2006 WL 723487 (Pa.Com.Pl. Feb, 28, 2006).

<u>**Defendants' Proposed Jury Instruction No. 26**</u>

**Comparative Negligence and Apportionment Among Joint Tortfeasors**

The court has already instructed you about what you may consider in determining whether the defendants were negligent, whether the plaintiff was contributorily negligent, and whether such negligence, if any, was a factual cause in bringing about the plaintiff's harm. If you find, in accordance with these instructions, that the defendants were negligent, and such negligence was a factual cause in bringing about the plaintiff's harm, you must then consider whether the plaintiff was contributorily negligent. If you find that the plaintiff was contributorily negligent and such contributory negligence was a factual cause in bringing about the harm, then you must apply the Comparative Negligence Act, which provides, in Section 1:

> The fact that a plaintiff may have been guilty of contributory
> negligence shall not bar a recovery by the plaintiff where such
> negligence was not greater than that causal negligence of the
> defendant, or defendants against whom recovery is sought, but any
> damages sustained by the plaintiff shall be diminished in
> proportion to the amount of negligence attributed to the plaintiff.

Under this act, if you find that the defendants were causally negligent, and you find that the plaintiff was also causally negligent, it is your duty to apportion the relative degree of causal negligence between the defendants and the plaintiff. In apportioning the causal negligence, you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this occurrence, as you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than the causal negligence of the defendant you find to have been negligent, then the plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiff's causal negligence was equal to or less than the causal negligence of the defendant you find to have been causally negligent, then you must set forth the percentages of causal negligence attributable to the plaintiff, and the percentage of causal negligence attributable to the defendant or the defendants you find to have been causally negligent. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if he had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff.

To further clarify these instructions, the court will now distribute to each of you a verdict form containing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the court clerk. The verdict form reads as follows:

Question 1:

Has the plaintiff proven by a preponderance of the evidence that William Friedt, Jr. or MetLife was negligent as to the sale of the 1992 policy?

Yes _____          No _____

If you answer question 1 "No" as to the defendants, the plaintiff cannot recover and you should not answer any further questions on this form.

Question 2:

Was the act of William Freidt, Jr. or MetLife you have found to be negligent a factual cause of any harm to the plaintiff as to the 1992 policy?

Yes _____          No _____

If you answer question 2 "No," the plaintiff cannot recover and you should not answer any further questions on this form.

Question 3:

Was the plaintiff contributorily negligent?

                Yes __          No __

If you answer question 3 "No," proceed to question 5.

Question 4:

If you answered question 3 "Yes," was the plaintiff's contributory negligence a factual cause of any harm to him?

                Yes __          No __

Question 5:

Taking the combined negligence that was a factual cause of any harm to the plaintiff as 100 percent, what percentage of that causal negligence was attributable to the defendants you have found causally negligent and what percentage was attributable to the plaintiff?

-23-

Percentage of causal negligence attributable to MetLife and
William Friedt, Jr. (answer only if you have answered "yes" to
questions 1 and 2) _____%

Percentage of causal negligence attributable to the plaintiff (answer
only if you have answered "yes" to questions 3 and 4) _____%

Total 100%

If you found the plaintiff's causal negligence to be greater than 50
percent, then the plaintiff cannot recover and you should not
answer Question 6.

Question 6:

State the amount of damages, if any, sustained by the plaintiff as a
result of the transaction at issue, without regard to and without
reduction by the percentage of causal negligence, if any, that you
have attributed to the plaintiff.                              $_____

After you return your answers to these questions on the verdict form, signed by your foreman,
the court will determine the amount to be awarded to the plaintiff, if any, by reducing the amount
of damages found by you in proportion to the percentage of the plaintiff's causal contributory
negligence, if any.  I again caution you that you are not to make this reduction yourselves in
reaching the amount of the plaintiff's damages, as set forth by you in answer to Question 6.

**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 3.03A;  Pa. Proposed Points for Jury Instruction — Civil,
Negligence No. 19 at p. 88.

## Defendants' Proposed Jury Instruction No. 27

### Fraud

(1)    A person who makes a fraudulent misrepresentation of material fact to another person is responsible for all harm resulting from that other person's reliance on the fraudulent misrepresentation.  In order for plaintiff to recover against the defendants, you must find that (1) the defendants made a misrepresentation to plaintiff, (2) the misrepresentation made by the defendants to plaintiff was fraudulent, (3) the misrepresentation was of a material fact, (4) the defendants intended that the plaintiff would rely on the defendants' misrepresentation, (5) the plaintiff relied on the defendants' misrepresentation, (6) the reliance was justifiable, and (7) the plaintiff's reliance on the defendants' misrepresentation was a factual cause of the harm suffered by the plaintiff.

(2)    A misrepresentation is fraudulent when the person making the misrepresentation (a) knows that it is untrue or (b) does not believe it is true or is indifference as to whether it is true.

(3)    A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action.  A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision.  A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

"Reliance" means a person would not have acted (or would not have failed to act) as he or she did unless he or she considered the misrepresentation to be true.  To be justifiable, the reliance on the misrepresentation must be reasonable.

In deciding whether there is justifiable reliance in a noncommercial insurance transaction, you are instructed that an insured is not necessarily required to read the insurance policy at the time it is delivered.  Instead, you must consider the positions of the parties, their expertise and experience, and the circumstances of the transaction.  If you find that, under the circumstances of the transaction that is the subject of this litigation, a reasonable person with the plaintiff's background and experience would rely on the agent's description of the material terms of the insurance policy, there is justifiable reliance even though the plaintiff did not read the policy when it was delivered.

On the other hand, a plaintiff cannot recover if he or she blindly relies upon a misrepresentation the falsity of which would be patent or obvious if he or she used the opportunity to make a cursory examination or investigation.  You may consider plaintiff's background and experience, the relationship of the parties, and the circumstances of the transaction as to whether it was unreasonable for the plaintiff not to have read the policy when it was delivered.

In summary, policyholders are not always required to read their insurance policies.  As to the contrary, an insured may, instead, rely on the representations of his or

her insurance agent unless, under the circumstances, it was unreasonable for that insured not to read the policy when it is delivered.

**ACCEPT**          _____

**DECLINE**         _____

**MODIFY**          _____

**Authority:**      Pa. S.S.J.I. (Civ.) § 13.14.
                    Pa. Proposed Points for Jury Instruction — Fraud, No. 7.
                    See Gibbs v. Ernst, 647 A.2d 882, 889-90 (Pa. 1994); Equitable Life Assurance
                    Soc'y. v. McCausland, 200 A. 85, 86 (Pa. 1938) (quoting Applebaum v. Empire
                    State Life Assurance Soc'y, 166 A. 768, 769 (Pa. 1933)); Kilmore v. Erie Ins.
                    Co., 595 A.2d 623, 626-27 (Pa. Super. 1991); Fasig v. Security-Connecticut Life
                    Ins. Co., 41 Pa. D.&C. 4th 494, 504 (C.C.P. Wayne Cty. 1999); McGuire v.
                    Schneider, Inc., 534 A.2d 115, 1991 (1987); Field v. Mans, 516 U.S. 59, 71
                    (1995); Rempel v. Nationwide Life Ins. Co., 370 A.2d 366, 369 (Pa. 1977);
                    Emery v. Third Nat'l Bank, 162 A. 281, 283 (Pa. 1932); Bradley v. Ragheb, 633
                    A.2d. 192, 196 (Pa. Super. 1993); Noyes v. General Am. Life Ins. Co., 1998 WL
                    54347, *11 (E.D. Pa., Jan. 16, 1998); Toy v. Metropolitan Life Ins. Co., 2004 Pa.
                    Super. 404 (2004).

## Defendants' Proposed Jury Instruction No. 28

### Intent Necessary to Prove Fraud

The intent necessary to prove fraud has been characterized as knowing or reckless, and applies when the maker of the statement knows or believes that the matter is not as he or she represents it to be, does not have the confidence in the accuracy of the representation that is stated or implied, or knows that there is no basis for the representation that is stated or implied.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____


**Authority:**    Pa. Proposed Points for Jury Instruction — Fraud, No. 4 at p. 294; <u>see</u> also Mele Constr. Co., Inc. v. Crown Am. Corp., 618 A.2d 956 (Pa. Super. 1986).

**<u>Defendants' Proposed Jury Instruction No. 29</u>**
**Justifiable Reliance Necessary to Prove Fraud**

To prevail on their fraud claim, plaintiff must establish that he justifiably relied on alleged misrepresentations at the time of the sale of the policies.

When you consider whether plaintiff "justifiably relied" on any oral representations at the time of the sale of the policies, you are not to consider whether plaintiff <u>actually</u> relied on the oral representations.  Instead, you must consider whether, under the circumstances, it was <u>justifiable</u> that plaintiff relied on those representations.

ACCEPT        _____

DECLINE       _____

MODIFY        _____

Authority:     See <u>Gibbs v. Ernst</u>, 647 A.2d 882, 889-90 (Pa. 1994); <u>Equitable Life Assurance Soc'y. v. McCausland</u>, 200 A. 85, 86 (Pa. 1938) (quoting <u>Applebaum v. Empire State Life Assurance Soc'y</u>, 166 A. 768, 769 (Pa. 1933)); <u>Kilmore v. Erie Ins. Co.</u>, 595 A.2d 623, 626-27 (Pa. Super. 1991); <u>Fasig v. Security-Connecticut Life Ins. Co.</u>, 41 Pa. D.&C. 4th 494, 504 (C.C.P. Wayne Cty. 1999); <u>McGuire v. Schneider, Inc.</u>, 534 A.2d 115, 1991 (1987).

**Defendants' Proposed Jury Instruction No. 30**

**Knowledge of Content of Policy Imputed**

Under Pennsylvania law, an insured is required and presumed to know the contents of his insurance policy.  An insured is also deemed to know what he has signed.  Therefore, even if plaintiff has not read the insurance policy or the applications for the policy, which was signed, you must assume that plaintiff knew what was contained in the applications and the policy.

**ACCEPT**        _____

**DECLINE**        _____

**MODIFY**        _____

**Authority:**    Equitable Life Assurance Soc'y. v. McCausland, 200 A. 85, 86 (Pa. 1938) (quoting Applebaum v. Empire State Life Assurance Soc'y, 166 A. 768, 769 (Pa. 1933)); Kilmore v. Erie Ins. Co., 595 A.2d 623, 626-27 (Pa. Super. 1991).

**Defendants' Proposed Jury Instruction No. 31**

**Illustration of Future Dividends**

At the time of the sale of the policy at issue, Pennsylvania Insurance Regulations required MetLife to use current dividend scales in illustrations.

**ACCEPT**          _____

**DECLINE**          _____

**MODIFY**          _____

**Authority**:  31 Pa. Code § 87.29

**Defendants' Proposed Jury Instruction No. 32**

**Fraud – Misrepresentation Limited to Past or Present Material Fact**

A cause of action for fraud must allege a false statement of a past or present material fact, and not a promise, predictor or opinion of what might happen in the future.  Representations of future performance are not actionable.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Bruck v. Pennsylvania Nat'l Ins. Cos., 449 Pa. Super. 22, 672 A.2d 1335, 1338
(1996); Krause v. Great Lakes Holdings Inc., 563 A.2d 1182, 1187-88 (Pa. Super.
1989).

**Defendants' Proposed Jury Instruction No. 33**

**Burden of Proof: Clear and Convincing Evidence**

The plaintiff also contend that the defendants should be held liable for fraud. The plaintiff also has the burden of proof with respect to the fraud claim. The burden of proof for the plaintiff's fraud claim requires that the plaintiff's fraud claim must be established by clear and convincing evidence.

To satisfy the burden of proof as to these issues, the plaintiff must prove every element of these claims by clear and convincing evidence. For evidence to be clear and convincing, the witnesses must be found credible; the facts to which they testify must be distinctly remembered, and the testimony must be so clear, direct, and convincing that you can reach a clear conviction, without hesitancy, of the truth of the precise facts at issue.

In other words, plaintiff must present you with witnesses who both specifically remember facts to which they testify and carefully relate details of the alleged fraudulent misrepresentations. If plaintiff fails to do so, they have failed to carry the burden of persuasion and have not sufficiently established a claim for fraud or fraudulent misrepresentations by defendants. If plaintiff so fail, plaintiff is not entitled to damages for fraud or fraudulent misrepresentation.

**ACCEPT**          _____

**DECLINE**         _____

**MODIFY**          _____

**Authority:**   Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.02 (5th ed. 2000); Pa. S.S.J.I. (Civ.) § 5.50A; Pa. Proposed Points for Jury Instruction — Fraud, No. 2 at p. 294; see also Laughlin v. McConnel, 191 A.2d 921, 923 (Pa. Super. Ct. 1963).

**Defendants' Proposed Jury Instruction No. 34**

**Damages – Fraud**

Provided plaintiff establish the fraud claim by clear and convincing evidence, the appropriate measure of damages for that claim is the "actual loss" incurred as a result of the fraud and not what plaintiff expected would be the benefit of the bargain.  In other words, plaintiff's damages for the alleged fraud are limited to the losses that were immediately and proximately caused by the fraud.  Such damages consist of out-of pocket expenses incurred.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243 (Pa. Super. 1983); see also Savitz v. Weinstein, 149 A.2d 110 (Pa. 1959); see also Neuman v.Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759 (Pa. 1947); see also First Lehigh Bank v. North River Ins. Co., 1989 WL 146654 (E.D. Pa. Dec. 4, 1989).

## Defendants' Proposed Jury Instruction No. 35

### Damages -- Fraud

The plaintiff is entitled to be fairly and adequately compensated (1) in an amount measured by the difference between the value they gave and the value they received in the transaction; and (2) for all monetary losses otherwise suffered as a result of the fraud.

**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**       _____

**Authority:**    Pa. S.S. J.I. (Civ.) § 13.15.

**<u>Defendants' Proposed Jury Instruction No. 36</u>**

**UTPCPL – Burden of Proof**

Plaintiff claims that defendants violated Pennsylvania's Unfair Trade Practices Consumer Protection Law (the "UTPCPL"), which is a law enacted to outlaw unfair or deceptive business practices. As with a claim for fraud, plaintiff bears the burden of establishing a violation of the UTPCPL by clear and convincing evidence.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**   <u>Yocca v. Pittsburgh Steelers Sports, Inc.</u>, 854 A.2d 425, 438 (Pa. 2004);  <u>see</u> <u>also</u> <u>Feeney v. Disston Manor</u>, 849 A.2d 590, 597 (Pa. Super. 2004);  <u>Sewak v. Lockhart</u>, 699 A.2d 755, 759, 761 (Pa. Super. 1997);  <u>Dawson v. Dovenmuehle Mtge., Inc.</u>, 2002 WL 501499, *6 (E.D. Pa. 2002).

## **Defendants' Proposed Jury Instruction No. 37**

### **UTPCPL**

Plaintiff claims that defendants violated the UTPCPL by:

1. Representing that good or services have approval, characteristics benefits or quantities that they do not have;

2. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

3. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made;

4. Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding

In order to prove any of the above claims, plaintiff must, by clear an convincing evidence, demonstrate: (1) a misrepresentation by defendants;  (2) that plaintiff justifiably relied on this misrepresentation;  (3) and that plaintiff suffered damages as a result of this reliance.  If you find otherwise, you must find in favor of defendants.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004).

## Defendants' Proposed Jury Instruction No. 38

### Damages -- UTPCPL

If you find that defendants committed a violation of the UTPCPL, plaintiff is entitled to his "actual loss" as a result of that violation.  As with fraud, the plaintiff is entitled to be fairly and adequately compensated (1) in an amount measured by the difference between the value they gave and the value they received in the transaction; and (2) for all monetary losses otherwise suffered as a result of the violation.


**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____


**Authority:**    Newman v. Corn Exch. Nat'l Bank & Trust Co., 51 A.2d 759, 766 (Pa. 1947); Agliori v. Metropolitan Life Ins. Co., No. 1579 WDA 2004, 2005 Pa. Super. 253 (July 8, 2005); Skurnowicz v. Lucci, 798 A.2d 788, 795 (Pa. Super. 2002);  Young v. Dart, 428 Pa.Super. 43, 53-54 (1993).

## Defendants' Proposed Jury Instruction No. 39

### Damages Must Be Proven with Reasonable Certainty

Under the law of Pennsylvania, damages are not to be presumed, and they cannot be based upon guess or speculation.  Therefore, each party has the burden of proving with reasonable certainty the damages which they allege to have sustained on each of their claims.  If, after hearing all the evidence, you cannot determine the damages on a particular claim with any degree of certainty, you cannot award damages on that claim.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Pa. Proposed Points for Jury Instruction — Damages, No. 1 at p. 318;  Pratt v. Stein, 444 A.2d 674 (Pa. Super. 1982); Gordon v. Trovato, 338 A.2d 653 (Pa. Super. 1975).

## Defendants' Proposed Jury Instruction No. 40

### Mitigation of Damages

The law requires a person who is damaged by the conduct of another to take all reasonable steps to minimize his or her damages.  The defendant has the burden to prove the plaintiff's failure in this regard.  If you believe that the defendants have proven that the plaintiff could have taken such steps and did not do so, then you must not award damages for harm that could have been avoided.  A person damaged by the actions of another is not entitled to recover damages for any harm that he or she could have avoided by the use of reasonable effort or expenditure after the damages.

In determining whether a person's damages should be reduced by his or her failure to take reasonable steps to minimize the damages, you must consider the amount of effort and the possible risk and expense that would have been involved in doing so.


**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____


**Authority:**     Pa. S.S.J.I. (Civ.) § 6.35; Pa. Proposed Points for Jury Instruction — Damages, No. 13 at p. 345.

## Defendants' Proposed Jury Instruction No. 41

### Discovery Rule

If you find for the plaintiff as to the fraud and/or negligence claims, there is another question that you must decide. This has to do with the defense of the defendants that the lawsuit was not timely filed.

If you find that the defendants committed fraud or negligence, you have decided that at the time the insurance policy was delivered, the plaintiff neither knew nor should have known of the defendants' fraud or negligence. In this situation, the plaintiff had to sue within two years after the plaintiff acquired additional information that would cause a reasonably diligent person in the plaintiff's position to no longer rely on the defendants' misrepresentations.

The question you need to decide is when it was no longer reasonable for the plaintiff to continue to rely on those representations of the agent that were inconsistent with the provisions in the insurance policy. The policyholder must employ those qualities of attention, knowledge, intelligence and judgment which society requires for its members for their protection and the protection of others. It is the plaintiff's burden to demonstrate that he could not have discovered the misrepresentation through the exercise of reasonable diligence. A party is not under an absolute duty to discover the cause of his injury; rather, he must exercise only that level of diligence that a reasonable person would employ under the facts and circumstances presented in the case.

In this case, the lawsuit was filed on November 28, 1995. Consequently, it was timely filed unless the plaintiff had by November 28, 1993, acquired information that would cause a reasonably diligent person in the plaintiff's position to no longer rely on the defendants' representations.

In answering the question asking – Was this lawsuit timely filed? – you shall answer "yes" if it was reasonable for the plaintiff to continue to rely on those representations of the insurance agent that were inconsistent with the provisions in the policy until on or after November 28, 1993. However, if some time before November 28, 1993, it was no longer reasonable for the plaintiff to rely on these misrepresentations, you shall answer "no" to the question of whether this lawsuit was timely filed.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Pa. S.S.J.I. (Civ.) § 3.33

**Defendants' Proposed Jury Instruction No. 42**[2]

**Punitive Damages – General Instructions**

You must decide whether any defendant is liable for punitive damages. Punitive damages may be awarded only for conduct that is outrageous. Conduct is outrageous when the defendant acts with evil motive or acts with reckless indifference to the rights of others.

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**    Pa. S.S.J.I. (Civ.) § 14.00; <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 555 A.2d 800 (Pa. 1989).

---

[2] To the extent that punitive damages may be available to plaintiff, the punitive damages phase of the trial should be bifurcated. Accordingly, instructions pertaining to punitive damages should be read to the jury only if (i) the jury finds that any defendant is liable to plaintiff, (ii) the jury finds that plaintiff suffered actual loss, and (iii) this Court finds that the evidence in this case supports a punitive damage award.

## Defendants' Proposed Jury Instruction No. 43

### Punitive Damages – General Instructions

The conduct required to find a defendant liable for punitive damages is of a different kind than that required to find the defendant liable for compensatory damages. The conduct giving rise to the award of compensatory damages is not sufficient in and of itself, to base an award of punitive damages.

**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____

**Authority:**     Pittsburgh Live, Inc. v. Servov, 615 A.2d 438 (Pa. Super. 1992).

**<u>Defendants' Proposed Jury Instruction No. 44</u>**

**Punitive Damages – General Instructions**

During the liability phase of the trial, you found plaintiff is entitled to compensatory damages. That finding does not mean, however, that you are required to award punitive damages against any defendant. The purpose of punitive damages is to punish a defendant for conduct that is outrageous, because of evil motive or reckless indifference to the rights of others and to ensure that the conduct does not occur again in the future. Punitive damages are not awarded as a matter of right and are not to be considered a form of compensation as plaintiff has already been compensated in the prior phase of the trial. You should award punitive damages only if you conclude that, even after the defendant has paid the compensatory award, further sanctions are necessary to accomplish the goals of punishment and deterrence.

**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____

**Authority:**    <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003); <u>Kirkbride v. Lisbon Contractors, Inc.</u>, 555 A.2d 800 (Pa. 1989).

**<u>Defendants' Proposed Jury Instruction No. 45</u>**

**Punitive Damages – General Instructions**

Even if you find that the defendant's conduct was outrageous, because of evil motive or reckless indifference to the rights of others, you are not required to award punitive damages. Whether punitive damages should be imposed is left to your sound discretion, which must be exercised without passion or prejudice.

**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____

**Authority:**    <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

## Defendants' Proposed Jury Instruction No. 46

### Punitive Damages – Amount of Award

If you determine that some amount of punitive damages should be imposed on any defendant, it will then be your task to set an amount that is appropriate. The amount should be a sum that you believe is sufficient, but no higher than necessary, to achieve the objectives of punishment and deterrence.


**ACCEPT**    _____

**DECLINE**    _____

**MODIFY**    _____



**Authority:**    State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Viener v. Jacobs, 834 A.2d 546 (Pa Super. 2003); Pittsburgh Live, Inc. v. Servov, 615 A2d 438 (Pa. Super. 1992); Hollock v. Erie Ins. Exch., 842 A.2d 409 (Pa. Super. 2004).

**Defendants' Proposed Jury Instruction No. 47**

**Punitive Damages – Amount of Award**

The "size of a punitive damages award must be reasonably related to the State's interest in punishing and deterring the particular behavior of the defendant and not the product of arbitrariness or unfettered discretion."

**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____

**Authority:**     Shiner v. Moriarty, 706 A.2d 1228, 1241 (Pa. Super. 1998); State Farm Mut. Auto. Ins. Co.v. Campbell, 538 U.S. 408 (2003).

-46-

## Defendants' Proposed Jury Instruction No. 48

### Punitive Damages – Amount of Award

The amount of punitive damages, if any, must be proportionate to the wrongfulness of a defendant's conduct.  In determining the degree of reprehensibility of a defendant's conduct, you should consider whether (i) the harm caused to plaintiff was physical as opposed to economic; (ii) the conduct evidenced an indifference to or reckless disregard of the health or safety of others; (iii) plaintiff was financially vulnerable; (iv) defendant's conduct involved repeated actions or instead was an isolated incident; and (v) whether the harm to plaintiff resulted from intentional malice, trickery, or deceit.  Even if you find some of the factors weighing in favor of a finding of reprehensibility to be present in this case, that does not mean that a large (or indeed any) punitive damages award necessarily is warranted.  If, however, you do not find any of these factors showing reprehensibility to be present, punitive damages are most likely not justified and you should decline to award them.

**ACCEPT**      _____

**DECLINE**      _____

**MODIFY**      _____

**Authority:**      BMW of North America Inc. v. Gore, 517 U.S. 559 (1996); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## Defendants' Proposed Jury Instruction No. 49

### Punitive Damages – Amount of Award

The amount of punitive damages, if any, must be reasonable and proportionate to the amount of harm to the plaintiff and to the compensatory damages recovered.  In any event, the punitive damages award may not exceed ten times the compensatory damages award.


**ACCEPT**  _____

**DECLINE**  _____

**MODIFY**  _____


**Authority:**  State Farm Mut. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003); Hollock v. Erie Ins. Exch., 842 A.2d 409 (Pa. Super. 2004).

**<u>Defendants' Proposed Jury Instruction No. 50</u>**

**Punitive Damages – Amount of Award**

The amount of punitive damages, if any, may be based solely on the defendant's wrongful conduct toward plaintiff and may not be based on a percentage of the wealth of the defendant.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____



**Authority:**     <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

<u>**Defendants' Proposed Jury Instruction No. 51**</u>

**Punitive Damages – Amount of Award**

A wealthy defendant may not be punished more severely than a less wealthy one.  The fact that a defendant is wealthy is not a valid basis for imposing a large punitive damage award.  No matter what the wealth of the defendant, you may not impose substantial punitive damages if you conclude that the defendant's conduct is not especially reprehensible or that the compensatory damages are sufficient to satisfy the goals of deterrence and punishment.


**ACCEPT** _____

**DECLINE** _____

**MODIFY** _____


**Authority:**    <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 427 (2003).

**<u>Defendants' Proposed Jury Instruction No. 52</u>**

**Punitive Damages – Amount of Award**

You may not impose punitive damages for hypothetical or alleged harms suffered by persons other than the plaintiff before you.  Those individuals can bring their own lawsuits, in which other juries can resolve their claims.

**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____

**Authority:**    <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 423 (2003).

**<u>Defendants' Proposed Jury Instruction No. 53</u>**


In deciding whether to award punitive damages, you may not consider any conduct that occurred outside Pennsylvania.

Also, conduct or actions that are not similar to those specially at issue here may not serve as the basis for punitive damages.  A punitive damage award can be based only on conduct that harmed the plaintiff; punitive damages cannot be based on allegations that a defendant is or was an unsavory individual or business.

You may also consider whether any fines or other penalties already imposed on a defendant have satisfied the purposes of a punitive damage award and that, as a result, punitive damages are not necessary here.



**ACCEPT**        _____

**DECLINE**       _____

**MODIFY**        _____




**Authority:**     <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

Respectfully Submitted,

Dated:  June 30, 2006

s/ B. John Pendleton, Jr.
B. John Pendleton, Jr., Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendants
Metropolitan Life Insurance Company
and William Friedt, Jr.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 30th day of June, 2006, a true and correct

copy of the foregoing was served upon the following via the electronic filing system:

Kenneth R. Behrend, Esquire
BEHREND & ERNSBERGER, P.C.
Union National Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, Pennsylvania  15222


s/ B. John Pendleton, Jr._____