UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR.<br><br>Defendants. | : CIVIL ACTION NO. 00-2286<br>:<br>:<br>:<br>:<br>: CHIEF JUDGE AMBROSE<br>:<br>:<br>:<br>:<br>: |

**Proposed Verdict Sheet
With Special Interrogatories**[1]

**AND NOW,** this ___ day of July, 2006, we the empaneled jurors in the above-captioned case find as follows:

**A.     Statute of Limitations**

**1.     Sale of the 1992 policy -** By what date, through the use of reasonable diligence, did the Plaintiff know or should they have known the facts upon which this lawsuit is based with respect to the sale of the 1992 policy:

_____   _____   _____

Month          Date          Year

If you answered with any date before **November 28, 1993**, then you have found that plaintiffs' negligence and fraud claims regarding the 1990 policy on the life of Alan Solarchick are barred by the statute of limitations.  Proceed to Section E.

If you answered with any date after **November 28, 1993,** then you have found that plaintiff's claims regarding the 1992 policy are not barred by the statute of limitations. Proceed to the next question.

---

[1] As plaintiff has not provided a propsed verdict sheet, each of the special interrogatories contained herein are currently contested.  On June 30, 2006, plaintiff's counsel advised us that the attorney responsible for plaintiff's jury instructions is in the hospital.  Plaintiff's counsel asked if defendants had an objection to a seven-day extension of the June 30, 2006 deadline.  By letter dated June 30, 2006, we advised plaintiff's counsel that we had no objection to the requested extension.  A copy of the June 30, 2006 letter is attached as Exhibit A.

**B.     Fraud Claim**

    2.    Has the plaintiff proven, by clear and convincing evidence, that William Friedt, Jr. or MetLife made a misrepresentation to the plaintiff in connection with the sale of the 1992 policy:

        Yes _____        No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

    3.    Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation was fraudulent in connection with the sale of the 1992 policy:

        Yes _____        No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

    4.    Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation was of a material past or present fact in connection with the sale of the 1992 policy:

        Yes _____        No _____

If you answered "No," then skip to Section D.

If you answered "Yes," proceed to the next question.

    5.    Has the plaintiff proven, by clear and convincing evidence, that William Friedt, Jr. or MetLife intended that the plaintiffs rely on the misrepresentation in connection with the sale of the 1992 policy:

        Yes _____        No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

      6.      Has the plaintiff proven, by clear and convincing evidence, that plaintiff did in fact, rely on the misrepresentation in connection with the sale of the 1992 policy:

           Yes _____       No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

      7.      Has the plaintiff proven, by clear and convincing evidence, that his reliance on the misrepresentation was justifiable as to the 1992 policy:

           Yes _____       No _____

If you answered "No," skip to Section D.

If you answered "Yes," proceed to the next question.

      8.      Has the plaintiff proven, by clear and convincing evidence, that the misrepresentation caused any direct out-of-pocket loss to plaintiff as to the 1992 policy:

           Yes _____       No _____

Proceed to the Section C

**C.**      **Punitive Damages**

**You only need to answer Part C if you answered "Yes" to Question 8 in Part B.**

      9.      Has the plaintiff proven by a preponderance of the evidence that either William Friedt, Jr.'s or MetLife's conduct was outrageous, that is, done with evil motive or with reckless indifference to the interests of other:

           Yes _____       No _____

If you answered "No," skip to section D.

3

If you answered "Yes," proceed to the next question.

10. State the amount of punitive damages, if any, you award as a result of William Friedt, Jr.'s or MetLife's outrageous conduct in connection with the sale of the 1992 policy:

$ _____

Proceed to Section D.

**D.  Negligence Claims**

**You only need to answer the questions in Part D if you answered "No" to Question 8 in Part B.**

11. Has the plaintiff proven by a preponderance of the evidence that William Friedt, Jr. or MetLife was negligent as to the sale of the 1992 policy?

Yes _____        No _____

If you answered "No," then skip to Section E.

If you answered "Yes," proceed to the next question.

12. Was the act of William Freidt, Jr. or MetLife you have found to be negligent a factual cause of any harm to the plaintiff as to the 1992 policy?

Yes _____        No _____

If you answered "No," then skip to Section E.

If you answered "Yes," proceed to the next question.

13. Have defendants shown, by a preponderance of the evidence, that the plaintiff was contributorily negligent with respect to the 1992 policy?

Yes _____        No _____

If you answered "No," then proceed to Section E.

If you answered "Yes," proceed to the next question.

14. If you answered "yes" to question 14, was the plaintiff's contributory negligence a factual cause of any harm to him as the 1992 policy?

4

Yes _____          No _____

15. Taking the combined negligence that was a factual cause of any harm to the plaintiffs as 100 percent, what percentage of that causal negligence was attributable to William Friedt, Jr. or MetLife you have found causally negligent and what percentage was attributable to the plaintiff for the 1992 policy?

Percentage of causal negligence attributable to William Friedt, Jr. or MetLife (answer only if you have answered "yes" to questions 12 and 13)

_____%

Percentage of causal negligence attributable to the plaintiff (answer only if you have answered "yes" to questions 14 and 15).

_____%

Total 100%

Proceed to Part E.

**E.    UTPCPL**

16. Has plaintiff proven by clear and convincing evidence that either William Friedt, Jr. or MetLife represented that the 1992 policy had approval, characteristics, benefits or quantities that it did not have?

Yes _____          No _____

If you answered "No," then skip to Question 19.

If you answered "Yes," proceed to the next question.

17. Has plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 policy?

Yes _____          No _____

If you answered "No," then skip to Question 19.

If you answered "Yes," proceed to the next question.

5

18. Has plaintiff sustained damages as a result of their justifiable reliance on the above violation of Pennsylvania's UTPCPL?

Yes _____     No _____

Proceed to the next Question.

19. Has Plaintiff proven by clear and convincing evidence that either William Friedt, Jr. or MetLife made false and misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions in the sale of the 1992 policy?

Yes _____     No _____

If you answered "No," then skip to Question 22.

If you answered "Yes," proceed to the next question.

20. Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 policy?

Yes _____     No _____

If you answered "No," then skip to Question 22.

If you answered "Yes," proceed to the next question.

21. Has Plaintiff sustained damages as a result of his justifiable reliance on the above violation of the UTPCPL in connection with the sale of the 1992 policy?

Yes _____     No _____

Proceed to the next Question.

22. Has Plaintiff proven by clear and convincing evidence that either William Friedt or MetLife failed to comply with the terms of any written guarantee or warranty given to Plaintiff at, prior to, or after the contract for purchase of the 1992 policy?

Yes _____     No _____

If you answered "No," then skip to Question 25.

If you answered "Yes," proceed to the next question.

23. Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 policy?

Yes _____    No _____

If you answered "No," then skip to Question 25.

If you answered "Yes," proceed to the next question.

24. Has Plaintiff sustained damages as the result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL in relation to the 1992 policy?

Yes _____    No _____

Proceed to the next Question.

25. Has Plaintiff proven by clear and convincing evidence that either William Friedt, Jr. or MetLife engaged in any other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding in the sale of the 1992 policy?

Yes _____    No _____

If you answered "No," then skip to Section F.

If you answered "Yes," proceed to the next question.

26. Has Plaintiff proven by clear and convincing evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 policy?

Yes _____    No _____

If you answered "No," then skip to Section F.

If you answered "Yes," proceed to the next question.

27. Has Plaintiff sustained damages as a result of his justifiable reliance on the above violations of the UTPCPL in relation to the 1992 policy?

Yes _____    No _____

Proceed to Section F.

**F.     Damages**

**28.    You only need to answer Question 37 if you answered (i) "Yes" to Question 8 in Part B, OR (ii) if you answered "Yes" to Question 15 in Part D, OR (iii) if you answered "Yes" to Questions 18, 21, 24, or 27 in Part E.**

**If you did not answer "Yes" to Question 8 in Part B, OR Question 15 in Part D, OR Questions 18, 21, 24, or 27 in Part E, then you have reached a verdict.**

State the amount of out-of-pocket damages, if any, sustained by the plaintiff as a result of the actions of defendants as to the sale of the 1992 policy:

$_____

Please have the foreperson sign the verdict sheet and inform the court that you have reached a verdict.

_____
FOREPERSON

**Respectfully Submitted,**

s/ B. John Pendleton, Jr._____
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendant
Metropolitan Life Insurance Company

Dated: June 28, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of June, 2006, a true and correct copy of the foregoing **DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT, JR.'S PROPOSED VERDICT SHEET** was served upon the following via the electronic filing system:

> Kenneth R. Behrend, Esquire
> BEHREND & ERNSBERGER, P.C.
> Union National Bank Building, 3rd Floor
> 306 Fourth Avenue
> Pittsburgh, Pennsylvania  15222

        s/ B. John Pendleton, Jr.