UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | : CIVIL ACTION NO. 00-2286 |
| Plaintiff, | : |
| v. | : CHIEF JUDGE AMBROSE |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | : |
| Defendants. | : |

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND WILLIAM FRIEDT'S BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR "BAD ACTS" OF WILLIAM FRIEDT**

**PRELIMINARY STATEMENT**

Defendants Metropolitan Life Insurance Company ("MetLife") and William Friedt (collectively "defendants") bring this Motion for Reconsideration of Their Motion in Limine to Exclude Evidence of Prior "Bad Acts" of William Friedt. Specifically, defendants respectfully ask this Court to reconsider its Order allowing plaintiff to present evidence of undisclosed "internal replacement" in order to show intent, preparation, knowledge identity, or absence of mistake or accident in this case, which involved a disclosed, external replacement. See Gonda v. Metropolitan Life Ins. Co., Civil Action No. 00-2286, Opinion and Order of Court at 3 (W.D. Pa. June 30, 2006). Quite simply, the evidence identified as plaintiff's proposed Exhibits 33, 34, 35, 36, 37, 38, and 39 has no bearing on any of the above factors, due to both the marked differences between internal and external replacement and the particular facts of this case.

Internal replacement occurs when a policyholder uses value in an existing policy to purchase a new insurance policy from the same insurance provider. On the other hand, external replacement occurs where an insured uses value in an existing policy to purchase a new insurance policy from a <u>different</u> insurance provider. The differences between these two transactions are not academic. The Pennsylvania Insurance Regulations cover only the practice of external replacement, and require notification to be sent both to the policyholder and to the provider of the replaced insurance policy of the proposed replacement transaction. <u>See</u> 31 Pa. Code §§ 81.3-81.4. Thus, where, as here, the replacing insurance company complies with Pennsylvania Insurance Regulations, the policyholder is directly informed of the pending replacement transaction <u>and</u> his existing insurance provider is informed and given an opportunity to dissuade the policyholder from completing the transaction. Here, as the Court aptly noted, defendants do not deny that an existing Pruco policy was replaced with the 1992 policy at issue. This act of external replacement was fully disclosed pursuant to Pennsylvania Insurance Regulations. Not only did plaintiff answer "yes" to question 12(c) on his application, indicating that he acknowledged the Pruco policy would be replaced, but he was further informed by a statutory disclosure form, and, finally, Pruco was also informed of the pending replacement transaction. Altogether, plaintiff was provided with ample information regarding his external replacement transaction.

The above set of facts is starkly contrasted by internal replacement transactions of the sort plaintiff wishes to introduce into evidence. First, there is no statutory disclosure requirement of an internal replacement. Therefore, the potential for customer confusion is higher than in the external replacement scenario. Second, an internal replacement transaction in some circumstances will subject a policyholder to certain internal "load" charges and other costs not

relevant to this case.[1]  Because of this, MetLife has enacted the "FIP ratio" program to track internal replacement to ensure that internal replacements occur only when appropriate.

In sum, the distinctions between external and internal replacement are significant. Therefore, any evidence regarding alleged internal replacement performed by Mr. Friedt does not prove motive, opportunity, intent, preparation, plan, knowledge identity, or absence of mistake regarding any allegations involving the external replacement at issue.[2]  In any event, the documentary evidence reveals that replacement transaction at issue was indisputably disclosed in accordance with Pennsylvania law.  All of the customer complaints proffered by plaintiff in evidence in this case involve not only internal replacements, but <u>undisclosed</u> internal replacements.[3]  As plaintiff cannot credibly point to <u>any</u> undisclosed replacement in this case, internal or external, evidence regarding allegedly improper undisclosed internal replacements is wholly irrelevant.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order barring the introduction of plaintiff's Exhibits 33 through 39.

---

[1] It should be noted that internal replacements are not prohibited by the Pennsylvania Department of Insurance, and in many circumstances can be beneficial to the policyholder.

[2] Further, this evidence has a strong potential for misleading or confusing the jury.  The introduction evidence regarding internal replacement, and MetLife's methods of tracking and controlling the same, will lead the jury to conclude that a similar transaction occurred in this case.  Defendants will then be forced to waste the Court's time by introducing testimony and evidence regarding the distinctions between internal and external replacement transactions.  All of the above will distract the jury from the sole question presented in this case:  what was said -- or not said -- at the 1992 sale of the policy at issue.

[3] The distinction between disclosed and undisclosed replacement is also significant.  The crux of an undisclosed replacement allegation is that the sales representative was motivated by the higher commissions presented by non-replacement transactions, and thus, failed to disclose the replacement.  This allegation carries no weight where, as here, MetLife was fully apprised of the replacement transaction, and accordingly paid the sales representative the lower commission.

                          Respectfully Submitted,

                          <u>s/ B. John Pendleton, Jr.</u>
                          B. John Pendleton, Jr.
                          McCARTER & ENGLISH, LLP
                          Four Gateway Center
                          100 Mulberry Street
                          Newark, NJ 07102
                          (973) 622-4444

                          Attorneys for Defendants
                          Metropolitan Life Insurance Company
                          and William Friedt, Jr.

Dated:  July 5, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the electronic filing service, on this 5th day of July 2006, on the following counsel of record:

> Kenneth R. Behrend, Esq.
> Behrend and Ernsberger, P.C.
> Union National Bank Building
> 306 Fourth Avenue, Suite 300
> Pittsburgh, PA  15222

                                                __s/ B. John Pendleton, Jr._____