IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD M. GONDA, | Civil Action No. 00-2286 |
| Plaintiff, | Chief Judge Donetta W. Ambrose |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM GERALD FRIEDT, JR., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JUNE 28, 2006, GRANTING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXHIBITS 95 AND 107**

1. On June 19, 2006, Defendants filed 15 Motions *in Limine*, one of which was a Motion *in Limine* to exclude Exhibits 95 and 107.

2. The Court provided Plaintiff with one week to respond thereto.

3. Prior to June 26, 2006, Plaintiff prepared responses to the 15 Motions *in Limine*.

4. On June 26, 2006, Plaintiff believed that responses were filed to all 15 Motions *in Limine*. Kenneth R Behrend, Esquire, trial counsel, assigned the task of responding to the Motions *in Limine* to an associate of the law firm, Kevin Miller, Esquire. Mr. Miller suffered a mild stroke and was admitted to the hospital on June 26, 2006. Prior to his leaving the office he believed in good faith that he had electronically filed the responses to all 15 of the Defendants' Motions. In fact he refused to leave for the hospital until the responses were filed. See Affidavit of Kevin Miller, Esquire.

5.      Mr. Miller has worked on the Motions *in Limine* in the other MetLife cases before this Court and, as such, is intimately familiar with all legal issues raised therein. Indeed, Mr. Miller has prepared and filed the Briefs in Opposition filed in the MetLife life insurance sales practices cases previously before this Court. The Motions *in Limine* filed by Metropolitan Life in most respects are identical in all of the cases.

6.      On June 28, 2006, the Court entered an Order granting defendants' motion in limine "since it appears as though Plaintiff des not oppose the Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107," because no response in opposition was filed thereto. See Order of June 28, 2006.

7.      After being kept in the hospital for a couple of days for tests and observation, Mr. Miller was released and returned to work, today, July 5, 2006.[1] Upon reviewing the Court Orders on the Motions *in Limine*, he retrieved his work product and located the Brief in Opposition to Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107 he prepared and believed that he had filed timely along with the other 14 Briefs in Opposition.

8.      Both MetLife's Motion and Plaintiff's Brief in Opposition to Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107 is virtually identical to the corresponding Motion *in Limine* by MetLife and the Plaintiffs' Brief in Opposition filed in the Solarchick case. Mr. Miller is unable to explain how the Brief in Opposition to Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107 was not electronically filed when the other 14 Briefs in Opposition were filed timely prior to his leaving for the hospital.

9.      In Solarchick, Plaintiffs opposed MetLife's Motion to Exclude the same exhibits and

---

[1] Plaintiff's counsel's offices were closed on July 3rd and 4th in observation of the holiday.

intended to do so in the instant case based on the exact same arguments as was presented and filed in <u>Solarchick</u>. Thus, preparing the Brief in Opposition to Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107 was not a major endeavor. However, Mr. Miller's filing the electronic responses to 14 of the Motions *In Limine* at the time of his suffering a stroke caused him to some how miss the fact that he failed to electronically file the Briefs in Opposition to all 15 of Defendants' Motions.

10. In the instant case, Plaintiff's expert, Robert Carter, viewed and relies upon the videotape made by MetLife in September of 1996 regarding the use of the Accelerated Payment Arrangement ("AP") in his expert report as part of the information relied upon in reaching his opinions regarding the deceptive nature of the "AP," MetLife's knowledge of the same and the sales agent's training in how to sell policies using the "AP." Mr. Carter also relied upon and reference the video tape in his expert report filed in the <u>Solarchick</u> case. To preclude the use of this exhibit based upon a technical ruling of an untimely filing and not on the merits of the arguments would prejudice the Plaintiff and limit his ability to present relevant and admissible evidence in his case.

11. It is asserted that since the trial in this case does not begin until July 31, 2006, that Defendants will suffer no prejudice by the Court ruling upon its Motion in Limine on the merits at this time.

12. Plaintiff has attached as Exhibit Two, the Brief in Opposition to Defendants' Motion *in Limine* to Exclude Exhibits 95 and 107 for the Court's consideration, if the Court is willing to permit the late filing of the Brief on the basis that the attorney that was filing the same suffered a stroke at the time of filing.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its Order of June 28, 2006 and permit, Plaintiff to file his Brief in Opposition to Defendants' Motions *in Limine* to Exclude Exhibits 95 and 107.

                                                     Respectfully submitted,

                                                     /s/Kenneth R. Behrend
                                                   Kenneth R. Behrend
                                                   Pa. I.D. No. 37961
                                                   Behrend and Emsberger, P.C.
                                                   Firm No. 018
                                                   Suite 300 Union Bank Building
                                                   306 Fourth Avenue
                                                   Pittsburgh, PA 15222
                                                   (412) 391-2515

## CERTIFICATE OF SERVICE

      I, Kenneth R. Behrend, do hereby certify that I have served a true and correct copy of the foregoing Motion for Reconsideration was served upon the below listed counsel and parties by either electronic filing or U.S. First Class mail, postage pre-paid on the 5th day of July, 2006.

B. John Pendleton, Jr., Esquire
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, NJ 07101-0652

                                            BEHREND AND ERNSBERGER, P.C.

                                            BY: /s/Kenneth R. Behrend
                                                    Kenneth R. Behrend
                                                    Pa. ID No. 37961
                                                    BEHREND AND ERNSBERGER, PC
                                                    Firm ID No. 018
                                                    306 Fourth Avenue, Suite 300
                                                    Pittsburgh, PA 15222
                                                    (412) 391-2515
                                                    (412) 391-2762 facsimile
                                                    Attorney for Plaintiff