IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION & ORDER**

Before the Court is Defendants' Motion in Limine to exclude the deposition testimony of Wilhelmenia Taylor. Defendants claim that because Ms. Taylor lacks firsthand knowledge of the policy sale at issue, her testimony is irrelevant or unduly prejudicial and confusing. I disagree.

Relevant evidence is evidence that tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than in would be without the evidence. Fed. R. Evid. 401. This definition of relevance is very broad, and does not raise a high standard. Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004).

Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "may

cause a jury to base its decision on something other than the established propositions in the case." <u>Carter v. Hewitt</u>, 617 F. 2d 961, 972 (3d Cir. 1980).

Here, Plaintiff claims that Met Life trained its agents to use misleading illustrations, and that Defendant Freidt created misleading illustrations and provided them to Plaintiff.  Plaintiff also claims that Freidt told him that his policy would qualify for the APP.  Under our liberal standards, the testimony identified by Plaintiff, relating to brochures and sales documents and the APP, is relevant to this litigation.  The relevance of these materials does not hinge on whether Plaintiff recalls seeing such documents, or whether Ms. Taylor has firsthand knowledge of Plaintiff's purchase; these considerations, instead, go to the weight of the evidence.   Furthermore, I cannot discern any significant potential for unfair prejudice, confusion of the issues, or misleading the jury that could not be cured by a limiting instruction or pointed cross-examination.

Therefore, this **6th** day of July, 2006, it is  ORDERED that Defendants' Motion in Limine to Exclude the Deposition Testimony of Wilhelmenia Taylor (Docket No. 66) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge