### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD M. GONDA, | ) | Civil Action No. 00-2286 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY and WILLIAM FRIEDT, JR., | ) ) ) | |
| Defendants. | ) | |

**VERDICT SLIP**

**Fraudulent Misrepresentation**

1. Has Plaintiff proven by clear and convincing evidence that either Defendant Friedt or Defendant MetLife made a material misrepresentation regarding the sale of the 1992 Policy to Plaintiff Ronald Gonda?

    YES _____    NO _____

    If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

2. Has Plaintiff proven by clear and convincing evidence that the material misrepresentation was fraudulent?

    YES _____    NO _____

    If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

1

1. Has Plaintiff proven by clear and convincing evidence that Defendants intended for him to rely on the fraudulent misrepresentation?

   YES _____     NO _____

   If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

2. Has Plaintiff proven by clear and convincing evidence that he justifiably relied on the fraudulent misrepresentation?

   YES _____     NO _____

   If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

3. Has Plaintiff proven by clear and convincing evidence that his justifiable reliance on the fraudulent misrepresentation was a substantial factor in bringing about harm suffered by the Plaintiffs?

   YES _____     NO _____

   If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

4. Has Plaintiff sustained damages as a result of the fraudulent misrepresentation?

   YES _____     NO _____

   If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 9.

**Punitive Damages**

1.  Has Plaintiff proven by a preponderance of evidence that any of the Defendant's conduct was outrageous, that is, done with an evil motive or with reckless indifference to the interest of others?

|  | YES | NO |
|---|---|---|
| Metropolitan Life Insurance Company | _____ | _____ |
| William Friedt, Jr. |  | _____ |
|  |  | _____ |

If you answered "YES", as to any or all Defendants listed above, proceed to the next question. If you answered "NO", proceed to question 9.

2.  State the amount of punitive damages, if any, you award as a result of Defendants' outrageous conduct in connection with the sale of Policy No. 092 646 307 UL:

Metropolitan Life Insurance Company   $_____

William Friedt, Jr.$_____   **Negligent Misrepresentation**

3.  Has Plaintiff proven by a preponderance of the evidence that Defendant William Friedt, Jr. or MetLife made a misrepresentation of a material fact in connection with the sale of the 1992 Policy to Plaintiff?

YES _____   NO _____

If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 14.

4.  Has Plaintiff proven by a preponderance of the evidence that the misrepresentation

3

of the material fact was made under circumstances in which the misrepresenter ought to have known of its falsity?

      YES _____    NO _____

  If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 14.

1. Has Plaintiff proven by a preponderance of the evidence that the misrepresentation was intended to induce him to act?

      YES _____    NO _____

  If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 14.

2. Has Plaintiff proven by a preponderance of the evidence that he justifiably relied on the misrepresentation?

      YES _____    NO _____

  If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 14.

3. Has Plaintiff sustained damages as a result of the negligent misrepresentation?

      YES _____    NO _____

  Proceed to the next question.

### Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL)

4. Has Plaintiff proven by preponderance of the evidence that either Defendant MetLife, Defendant William Friedt, Jr. represented that the life insurance policy, sold to Plaintiff had approval, characteristics, benefits or quantities that it did not have?

      YES _____    NO _____

4

If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 17.

1. Has Plaintiff proven by preponderance of the evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 Policy?

    YES _____    NO _____

    If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 17.

2. Has Plaintiff sustained damages as a result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL?

    YES _____    NO _____

    Proceed to the next question.

3. Has Plaintiff proven by preponderance of the evidence that either Defendant MetLife, Defendant William Friedt, Jr. made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions in the sale of the life insurance policy to Plaintiff?

    YES _____    NO _____

    If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 20.

4. Has Plaintiff proven by preponderance of the evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 MetLIfe Policy?

    YES _____    NO _____

    If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 20.

5. Has Plaintiff sustained damages as a result of his justifiable reliance on the above

5

violation of Pennsylvania's UTPCPL?

        YES _____  NO _____

Proceed to the next question.

1. Has Plaintiff proven by preponderance of the evidence that either Defendant MetLife, Defendant William Friedt, Jr. failed to comply with the terms of any written guarantee or warranty given to Plaintiff at, prior to, or after the contract for the purchase the 1992 Policy was made?

        YES _____  NO _____

If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 23.

2. Has Plaintiff proven by preponderance of the evidence that he justifiably relied upon the preceding in his decision to purchase 1992 Policy?

        YES _____  NO _____

If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 23.

3. Has Plaintiff sustained damages as a result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL?

        YES _____  NO _____

Proceed to the next question.

4. Has Plaintiff proven by preponderance of the evidence that either Defendant MetLife, or Defendant William Friedt, Jr. engaged in any other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding in the sale of the 1992 life insurance to Plaintiff?

        YES _____  NO _____

        If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 26.

5.      Has Plaintiff proven by preponderance of the evidence that he justifiably relied upon the preceding in his decision to purchase the 1992 MetLife Policy ?

        YES _____    NO _____

If you answered "YES", proceed to the next question; if you answered "NO", proceed to question 26.

1. Has Plaintiff sustained damages as a result of his justifiable reliance on the above violation of Pennsylvania's UTPCPL?

        YES _____    NO _____

Proceed to question 26.

## **DAMAGES**

2. If you answered "YES", to any or all of question numbers 6, 13, 16, 19, 22 and/or 25, state the amount of compensatory damages you award to Plaintiff in connection with the sale of the 1992 MetLife Policy.

    $_____

Please sign the verdict slip and ring the buzzer.

_____        _____

_____        _____

_____        _____

Date: