**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD M. GONDA, | ) | Civil Action No. 00-2286 |
| | ) | |
| Plaintiffs, | | |
| ) | | |
| | ) | |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY and WILLIAM FRIEDT, JR., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**- INTRODUCTORY CHARGE -**

[TO BE GIVEN AT THE END OF THE PRELIMINARY INSTRUCTION BY THE COURT]

At this time I will instruct you on several rules of law that you must follow in making your decision. In this case you will be asked to decide whether an insurance policy sold to Ronald Gonda was sold through the use of a fraudulent misrepresentation and/or through a violation of Pennsylvania's Unfair trade Practices and Consumer Protection Law. Each of these claims requires Mr. Gonda to demonstrate the Defendants' conduct under a different standard of proof.

Mr. Gonda's fraud claim requires Mr. Gonda to demonstrate that Metropolitan Life Insurance Company and/or its sales representative William Friedt, Jr. made a material misrepresentation or omitted a material fact with either knowledge that the representation was false or in reckless disregard to the truth of the statement; that the misrepresentation or omission must have been done in the expectation that Mr. Gonda would rely on either the

1

misrepresentation or omission and the misrepresentation or omission must be the cause of Mr. Gonda's injury. In order to succeed in demonstrating the defendant's fraudulent conduct, Mr. Gonda must demonstrate the proof of fraud by clear and convincing evidence. Clear and convincing evidence is that amount of evidence, which produces a firm belief that the allegations of wrongdoing made by Mr. Gonda are true.

The Pennsylvania Unfair Trade Practices and Consumer Protection law was enacted by the Pennsylvania legislature for the purpose of eradicating or eliminating the use of unfair and deceptive business practices in the Commonwealth of Pennsylvania. Pursuant to this statute, you will be asked at the end of this case to determine whether any unfair or deceptive business practices were used in the sale of a life insurance policy. The United States Supreme Court has defined unfair or deceptive business practices as business practices that offend public policy, and are immoral, unethical, oppressive, unscrupulous, exploitive or inequitable. If, in addition to being morally objectionable, the business practice is seriously detrimental to consumers or others it is also considered an unfair and deceptive practice.

In the sale of insurance, normal contract principals do not apply, because insurance contracts are not freely negotiated and the consumer must place a certain amount of trust in his or her agent. There are two steps to an insurance sale. The first step is the when the insurance agent and the customer meet and the insurance agent makes a sales presentation. During the sales presentation the insurance salesman explains the material terms and conditions of the policy. This includes the amount of insurance protection provided, and how much it costs to purchase the insurance protection. The cost is also known as the premium payments and the insurance salesman is to explain the amount of the premiums to be paid per year and the number

2

of years that the premium payments are to be made. The second step is the delivery of the policy this occurs some time after the sales presentation.

In making the aforementioned determinations you should also consider that, it is clear that Pennsylvania law does not allow an insurer to use the explicit language of its insurance policy to defeat the reasonable expectations of an insured, at least when the insured's expectations are based on the insurer's or its agent's representations, and that it is not unreasonable for insureds to rely on the representations of the insurer's agent rather than on the contents of the insurance policy to understand the material terms of the policy they have purchased. This is because, at the time of delivery, the insurance agent has an affirmative obligation and duty to inform the customer that the terms of the insurance policy differ materially from the terms as explained during the sales meeting, if the terms are materially different. Thus, if the insurance agent or insurance company fails to make an explanation as to the material differences in the policy at the time of delivery, it is reasonable for the consumer to not read his or her insurance policy since the consumer has no obligation to read the policy to discover any misrepresentations and that the reasonable expectations of the consumer created by the sales presentation should prevail.

Ladies and gentleman of the jury, as part of your role as jurors, you will be asked to decide based upon the evidence admitted in this case what were the reasonable expectations created in the plaintiff[s] at the time of sale, were the reasonable expectations matched by the material terms of the policy. If you determine that the reasonable expectations were not met by the terms of the policy, then you must determine whether the insurance agent or the insurance

3

company at the time of delivery of the policy explained that the material terms of the policy differed from the terms represented at the time of sale.

It is now time for the opening statements.

**Federal Trade Commission v. Sperry & Hutchinson Co.,** 405 U.S. 233 at 244-245 fn. 5 (1972); **Rempel v. Nationwide Life Ins. Co., Inc.,** 323 A.2d 193, 196 (Pa. Super.1974), aff'd, 471 Pa. 404, 370 A.2d 366 (1977); **Pressley v. Travelers Property Casualty Corp.,** 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.,** 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.,** 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.,**408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.,** 418 F.3d 345 (3d. Cir. 2005); **Commonwealth v. Monumental Properties, Inc.,** 329 A.2d 812 (Pa. 1974)

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**RELIANCE ON SALES REPRESENTATIONS**

To determine whether the Plaintiff knew or should have known that the information supplied was false, you must consider the relationship of the parties involved and the nature of the transaction. Tran, 408 F.3d at 135.

In considering the relationship of the parties involved and the nature of the transaction, you should consider that consumers view an insurance agent as one possessing expertise in a complicated subject. It is therefore not unreasonable for consumers to rely on the representations of the expert rather than on the contents of the insurance policy itself since an insured must place a certain amount of trust in its agent. Tran, 408 F.3d at 135. The idea that people do not read or are under no duty to read a written insurance policy is not novel. Tran, 408 F.3d at 136. Accordingly, a policyholder has no duty to read the policy unless under the circumstances it is unreasonable not to read it. Tran, 408 F.3d at 136.

In certain situations the insured's reasonable expectations will be allowed to defeat the express language of an insurance policy. Tran, 408 F.3d at 135. Where the insurer or its agent creates in the insured a reasonable expectation of cost that is not supported by the terms of the policy, that expectation will prevail over the language of the policy. Tran, 408 F.3d at 136.

**Tran v. Metropolitan Life Ins. Co.,** 408 F.3d 130 (3d. Cir. 2005)

Accepted:_____    Not Accepted:_____    Covered:_____

5

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2
## RELIANCE ON SALES REPRESENTATIONS

The responsibility for any actions of the insurance agent is also on Metropolitan Life Insurance Company, regardless of the fact that the language used in the insurance policy disavows and rejects any representations made by the insurance agent to induce the sale. Evidence may be introduced for the purpose of proving that the policy was obtained by means of untrue statements.   Under Pennsylvania law, the reasonable expectations created in the policyholder at the time of sale control the terms of the transaction and not the policy language. It is against the public policy of the Commonwealth of Pennsylvania for an insurance company to use clauses in the insurance policies related to the "Limitation on Sales Representative's or Other Persons Authority" and/or the "Ten Day Right to Examine Policy" to avoid any responsibility for negligent and/or fraudulent acts committed by its sales agent while acting within the scope of their employment.   Therefore, the reasonable expectations of the policyholder created at the time of sale overcome the "free look" provision and the limitation of the agents' rights to make representations on behalf of MetLife.

**Rempel v. Nationwide Life Ins. Co., Inc.**, 323 A.2d 193, 196 (Pa. Super.1974), aff'd, 471 Pa. 404, 370 A.2d 366 (1977); **Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005).

Accepted: _____     Not Accepted: _____     Covered: _____ _____

_____

6

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
## RELIANCE ON SALES REPRESENTATIONS

The issue of Mr. Gonda's reliance cannot be considered in a vacuum. You must consider the relationship of the parties involved and the nature of the transaction while determining whether mr. Gonda justifiably relied on the sales presentation. In determing whether reliance was justifiable, the Supreme Court of Pennsylvania has held that a jury must consider the relationship of the parties involved and the nature of the transaction.

You should also consider that ordinary men are not usually acquainted with all the intricacies of insurance contracts and that consumers view an insurance agent and an insurance company such as Metropolitan Life as possessing expertise in a complicated subject.

It is a matter of common knowledge that the consumers are accustomed to rely largely on the insurer for information as to their rights and liabilities. It is, therefore, not unreasonable for consumers to rely on the representations of the life insurance expert salesman rather than on the contents of the insurance policy itself and to pass when it comes time to read the contents of the policy.    Therefore, if you find, based upon the relative position and sophistication of Metropolitan Life and its agent as to their knowledge of life insurance products, compared to that of Mr. Gonda, and based upon the nature of the transactions, that the life insurance policy delivered to Mr. Gonda differed from the reasonable expectations created in Mr. Gonda to induce the sales of the policies, then you must find in favor of Mr. Gonda.

**Rempel v. Nationwide Life Ins. Co.**,  370 A.2d 366, 368 (Pa. 1977);**Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003); **Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005).

Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
## DUTY TO READ

"Normal" contract principals do not apply to insurance transactions. Life insurance policies are contracts of adhesion and the adhesionary nature of life insurance documents is such that a non-commercial insured is under no duty to read the policy as issued and sent by the insurance company. The expectations of the buying public are in large measure created by the insurance industry itself.

There is no requirement that a non-commercial life insurance customer must scrutinize an insurance policy to ascertain its provisions and thereby determine whether the policy accords with the insurance agent's representations and meets the insured's expectations.

The Superior Court has held that an insurance agent's expertise in the field of life insurance vests his or her representations with authority and tends to induce the insured to believe that reading the policy would be superfluous.

**Collister v. Nationwide Life Insurance Company**, 479 Pa. 579, 589-90, 388 A.2d 1346, 1351 (1978); **Tonkovic v. State Farm Mutual Automobile Insurance Company**, 513 Pa. 445, 456, 521 A.2d 920, 926 (1987); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005)

Accepted: _____    Not Accepted: _____    Covered: _____

8

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
## RELIANCE ON SALES REPRESENTATIONS

When an insurance company elects to issue a policy differing from what the insured requested and paid for, there is clearly a duty to advise the insured of the changes so made. The burden is not on the insured to read the policy to discover such changes. Thus, if you find that either Metropolitan Life Insurance Company or William Friedt, Jr. failed to inform Mr. Gonda that the policy delivered to him had material terms that were different than those represented to induce the sale, then Mr. Gonda had no obligation or duty to read the policy to discover that the policy differed from the material terms and conditions represented at the time of sale.

**Tonkovic v. State Farm Mutual Auto Ins. Co.**, 521 A.2d 920 (Pa. 1987); **Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1140-1141 (Pa. Super. 2003);**Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05);**Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005).

Accepted: _____    Not Accepted: _____    Covered: _____

9

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**
**CORPORATE RESPONSIBILITY FOR ACTS OF EMPLOYEES[1]**

At all times material to this case, William Friedt, Jr., the sales representative who made the sale to Mr. Gonda, was acting within the scope of his employment and was an employee and agent of Metropolitan Life Insurance Company.

Accepted: _____    Not Accepted: _____    Covered: _____

---

[1]Should Defendant MetLife deny that Mr. Friedt was acting on behalf of MetLife at the time of sale, Plaintiff would request that instructions 7, 8and 9 be used in lieu of instruction No. 6.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7[2]**
**AGENT DEFINED**

      An agent is a person authorized by another to act for him, one entrusted with another's business. One who deals not only with things, as does a servant, but with persons using his own discretion as to means, and frequently establishing contractual relations between his principal and third persons.

**BLACK'S LAW DICTIONARY**, Revised Fourth Ed. (1968); **Turley v. Kotter**, 398 A.2d 699 (Pa. Super. 1979)

Accepted: _____     Not Accepted: _____     Covered: _____

---

[2]Should Defendant MetLife not deny that the agents were acting on behalf of MetLife at the time of sale, Plaintiff would request that instruction No. 6 be used in lieu of instructions 7,8 and 9

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**
**CORPORATION -AGENTS ABILITY TO BIND**


A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of [his/her] duties as an employee of the corporation.

**8th CIR. CIVIL JURY INSTR. 8.01(2001)**


Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9[3]
## AGENCY - DEFINITIONS (VICARIOUS LIABILITY)

Agency is a relationship that exists when one person, called a principal (employer, master), obtains another person, called an agent (employee, servant) to perform services for him and to act on his behalf, but subject to the principal's (employer's, master's) right of control, and the agent (employee, servant) consents so to act. It is the right to control, which is conclusive, and if such right exists even though not exercised, the relation of principal and agent may be found to be present.

The principal (employer, master) is liable to third persons for the wrongful conduct of his agent (employee, servant) performed in furthering the interests, activities, affairs or business of the principal (employer, master), if the agent (employee, servant) himself is liable.

The plaintiff claims that the defendant sales representative was the agent of MetLife, which the latter denies. It is for you to determine from all of the evidence received in this case the nature of the relationship then and there existing between the defendants.

**Pa. SSJI (Civ) 4.00**

Accepted: _____    Not Accepted: _____    Covered: _____

---

[3]Should Defendant MetLife not deny that the agents were acting on behalf of MetLife at the time of sale, Plaintiff would request that instruction No. 6 be used in lieu of instructions 7,8 and 9

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**CORPORATE LIABILITY**

Pennsylvania law holds a corporation such as Metropolitan Life Insurance Company responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

Authority to act for a corporation in a particular matter, or in a particular way or manner, may be inferred from the surrounding facts and circumstances shown by the evidence in the case.

Every act of every director, or officer, or employee, or other agent, on behalf of, or in the name of a corporation, if done within the scope of his authority, is in law the act of the corporation itself.

**Lokay v. Lehigh Valley Cooperative Farmers, Inc.,** 492 A.2d 405 (Pa.Super. 1985); **Todd v. Skelly,** 120 A.2d 906 (Pa. 1956).

Accepted: _____    Not Accepted: _____    Covered: _____

14

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**AGENCY - DEFINITIONS (VICARIOUS LIABILITY)**

A corporation such as Metropolitan Life Insurance Company is liable to innocent third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of its employee sales agents committed in the course of their employment, although Metropolitan Life did not authorize, justify or participate in, or indeed know of, such misconduct, or even if Metropolitan Life forbade the acts or disapproved of them. Thus, where one of two innocent persons must suffer, the loss should be borne by him who put the wrongdoer in a position of trust and confidence and thus enabled the wrongdoer to do the wrong.

**Aiello v. Ed Saxe Real Estate, Inc**., 499 A.2d 282, 287 (Pa. 1985); **Artkraft Strauss Sign Corp. v. Dimeling**, 631 A.2d 1058, 1061 (Pa.Super. 1993).

Accepted: _____    Not Accepted: _____    Covered: _____

15

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**
**AGENCY - CORPORATE LIABILITY**

The defendant, Metropolitan Life Insurance Company, may be held liable for the negligent misrepresentation on the part of one of its employees, providing the plaintiffs prove a detrimental reliance on such representation; The reason for this rule of law is that a corporation can act only through its officers and employees, and any act or omission of an employee made within the scope of his employment is considered by law to be the act or omission on the corporation for which he was acting.

**Aiello v. Ed Saxe Real Estate, Inc**, 499 A.2d 282, 287 (Pa. 1985).


Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**
**NEGLIGENCE - DEFINED**

The defendants in this case are Metropolitan Life Insurance Company, an insurance company licensed to do business in the Commonwealth of Pennsylvania by the Pennsylvania Department of Insurance and Defendant William Friedt, Jr. an employee of Metropolitan Life Insurance Company who at the time of sale were also licensed by the Pennsylvania Department of Insurance to sell life insurance policies in the Commonwealth of Pennsylvania. By virtue of their licensure, both defendants are required by law to use a higher degree of care than that ordinarily imposed on others and must be judged by a stricter standard. Although legal duty does not make them absolutely responsible for the plaintiff's purchase of the policy in all cases, it does obligate this these defendants to exercise that degree of diligence and care as required by the Pennsylvania Department of Insurance in the sale of life insurance policies. Any failure of the defendants to use such care under all circumstances of the particular situation in this case is negligence.

Under Pennsylvania law neither an insurance agent nor an insurance company shall:

... issue, circulate, or use, or cause or permit to be issued, circulated or used, any written or oral statement or circular misrepresenting the terms of any policy issued or to be issued by such company, ... or make an estimate, with the intent to deceive, of the future dividends payable under such policy.

Pennsylvania law requires the full and proper disclosure of the material terms of a policy at the time of sale and at the time of delivery, anything to the contrary is prohibited. Therefore, under Pennsylvania law neither an insurance agent nor an insurance company may engage in any of the following:

(a)(1)  Making, publishing, issuing or circulating any estimate, illustration, circular, statement, sales presentation, omission comparison which:

(i)  Misrepresents the benefits, advantages, conditions or terms of any insurance policy.

(12)  Making false or fraudulent statements or representations on or relative to an application for an insurance policy, for the purpose of obtaining a fee, commission, money or other benefit from any insurers, agent, broker or individual.

Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful licensed insurance company and licensed insurance agent would do, or doing something that a

17

reasonably careful licensed insurance company and licensed insurance agent would not do, in light of all the surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful licensed insurance company and licensed insurance agent would act in those circumstances.

**Pa. S.S.J.I. (Civ.) § 3.01**, **40 P.S.** § **277**, **40 P.S.** § **472**. **40 P.S.** §**1171.5**, **Al's Café v. Sanders Ins. Agency**, 820 A.2d 745, 750 (Pa. Super. 2003), **Toy v Metropolitan Life**, 863 A.2d 1 (Pa. Super. 2004), **Drelles v. Metropolitan Life Insurance Company,** 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05), **Moser  v. DeSetta**, 589 A.2d 679 (Pa. 1991).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**
**NEGLIGENCE - BUSINESS TRANSACTION**

A person who, in the course of his business, profession or employment, supplies false information for the guidance of others in their business transactions will be liable to those persons if he fails to exercise reasonable care in obtaining or communicating that information.

**Neuman v. Corn Exchange National Bank & Trust Co.**, 51 A.2d 759, 764 (Pa. 1947).

Accepted: _____     Not Accepted: _____     Covered: _____ ___

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**
**NEGLIGENCE - DEFENDANTS' DUTIES**

The Commonwealth of Pennsylvania imposes a duty on anyone or any company who sells products. That duty requires the seller to avoid any material misrepresentation that could induce purchasers to buy its product in the first instance.

**Michael v. Shiley, Inc.**, 46 F.3d 1316 (3rd Cir. 1995); **Moser v. DeSetta**, 589 A.2d 679 (Pa. 1991).

Accepted: _____    Not Accepted: _____    Covered: _____

20

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**
**NEGLIGENCE - DEFENDANTS' DUTIES**

There exist both statutory and common-law duties of an insurance agent and an insurance company to not misrepresent material terms and conditions of an insurance policy in order to induce the sale of an insurance policy.

**Al's Café v. Sanders Ins. Agency,** 820 A.2d 745, 750 (Pa. Super. 2003).

Accepted: _____     Not Accepted: _____     Covered: _____

21

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**
**DUTIES OF A LICENSED INSURANCE AGENT**

As a licensed insurance agent, William Friedt, Jr. was required to exercise the skill and knowledge normally possessed by members of that profession and if you find that he failed to do so, then he is liable to Mr. Gonda.

**Pressley v. Travelers Property Casualty Corp.**, 817 A.2d 1131, 1141 (Pa. Super. 2003); **Restatement (Second) of Torts, § 299A** (1965).


Accepted: _____    Not Accepted: _____    Covered: _____

22

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**
**NEGLIGENCE - INTENT NOT NECESSARY**

In proving a negligent misrepresentation, it is not necessary for Mr. Gonda to prove that the agents intentionally or willfully misrepresented the insurance policy; it is sufficient if the testimony convinces you, by a preponderance of the evidence, that the Metropolitan Life Insurance Company's sales representative in fact made representations to Mr. Gonda about the insurance policies which were false, and were made without sufficient knowledge or information on the subject and with the intention that Mr. Gonda should believe and rely upon them.

**Al's Café v. Sanders Ins. Agency**, 820 A.2d 745 (Pa. Super. 2003); **Rempel v. Nationwide Insurance Co.**, 370 A.2d 366 (Pa. 1977).

Accepted: _____    Not Accepted: _____    Covered: _____

23

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**
**BURDEN OF PROOF - NEGLIGENCE**

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him or her to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think if you will of an ordinary balance scale, with a pan on each side. On one side of the scale, place all of the evidence favorable to the plaintiffs; on the other, place all of the evidence favorable to the defendants. If, after considering the comparable weight of the evidence, you feel that the scales tip ever so slightly, or to the slightest degree, in favor of the plaintiffs, your verdict must be for the plaintiffs. If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

In this case, Mr. Gonda has the burden of proving the following propositions: that the defendants were negligent, and that the defendants' negligence was a factual cause in bringing about Mr. Gonda's injuries. Defendants have the burden of proving the following propositions: that the material terms of the policies were explained to Mr. Gonda, that defendants made sure Mr. Gonda understood the material terms of the policy, and that there was in fact a real and voluntary meeting of the minds. If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for Mr. Gonda. Otherwise, your verdict should be for the defendants.

**Pa.S.S.J.I. (Civ.) § 5.50**, **Commonwealth v. Monumental Properties,** 329 A.2d 812, 830 (Pa. 1974).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**
**FRAUDULENT MISREPRESENTATIONS AND NONDISCLOSURE**

A person must use reasonable care to disclose a material fact if (1) he knows he is making or subsequently learns he has made a misrepresentation or (2) he knows he is making or subsequently learns he has made a misleading representation or (3) he knows he is making or subsequently learns that another is about to act in reliance upon the misrepresentation or misleading representation. If he fails to do so, he is responsible for all harm resulting from that others person's reliance on the misrepresentation or misleading representation.

A misrepresentation is any assertion by words or conduct that is not in accordance with the facts.

A misleading representation is an assertion by words or conduct that is likely to mislead another regarding the facts.

An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or course of dealing. A usage of trade is any practice or method of dealing which has been regularly observed among persons in a particular place, trade or vocation. Because a usage of trade is so regularly observed a buyer may justifiably expect it to be observed by the seller in any sale. A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose.

A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact, however, need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the person who fails to disclose it knows the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important.

Reliance means a person would not have acted as he did or would not have failed to act unless he considered the misrepresentation or misleading representation to be true.

**Pa. SSJI (Civ) § 13.16.**

Accepted: _____    Not Accepted: _____    Covered: _____

25

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**
**FRAUDULENT MISREPRESENTATIONS AND INTENT**

The key inquiry to be made by you the members of the jury in this case to determine whether a fraudulent misrepresentation took place is not whether there was intent to injure, but whether there was intent to deceive.   You as a jury must determine whether any of the defendants intended to deceive Mr. Gonda in order for any of the defendants to receive a financial gain from the sale of life insurance.

**Skurnowicz v. Lucci**, 798 A.2d 788, 794 (Pa. Super 2002).


Accepted: _____    Not Accepted: _____    Covered: _____

26

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**
**FRAUDULENT MISREPRESENTATIONS AND INTENT**

Establishing the intent requirement of fraud can be done through either the defendants making an affirmative misrepresentation of a material fact or where the defendants conceal a material fact. In this case, you are asked to determine if Metropolitan Life Insurance Company and/or William Friedt, Jr. intended to deceive Mr. Gonda into relying on the misrepresentations of material facts through either affirmative misrepresentations or the withholding of material information made to induce the sales.

**Skurnowicz v. Lucci**, 798 A.2d 788, 794 (Pa. Super 2002 ).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23**
**INTENT AND EVIDENCE**

You, the jury, properly may infer the intent of the Defendants from their conduct and the circumstances surrounding the sale of the policy at issue in this case.

**Commonwealth v. Odom,** 764 A.2d 53 (Pa. Super. 2000); **Com. v. Thorton**, 430 A.2d 1168 (Pa. 1981).

Accepted: _____    Not Accepted: _____    Covered: _____

28

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24
## FRAUDULENT MISREPRESENTATION THROUGH OMISSION

It is well-established that fraud consists of anything calculated to deceive, whether by single act or combination, or by suspension of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. Proof of a misrepresentation clearly envisions that the omission of a material fact may be actionable. The suppression of material fact or the willful concealment of a material fact by the sales agent or Metropolitan Life Insurance Company constitutes a fraud and under certain circumstances, even silence will be deemed a fraud. The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement.

**Commonwealth v. Monumental Properties, Inc**., 329 A.2d 812, 829 (Pa. 1974); **Moser v. Desetta**, 589 A.2d 679, 682 (Pa. 1991)

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**
**FRAUDULENT MISREPRESENTATION THROUGH OMISSION**

When a defendant actively conceals defects known to be material to the purchaser, this is legally equivalent to an affirmative misrepresentation.

**Restatement (Second) of Torts § 550** (1965); **National Building Leasing, Inc. v. Byler**, 381 A.2d 963, 966 (Pa. Super.1977).

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**
**AMBIGUOUS POLICY LANGUAGE**

When the language of an insurance policy is ambiguous, the ambiguity must be resolved against the insurer, Metropolitan Life Insurance Company as the drafter of the contract, and in favor of the insured.

**Pennsylvania Nat. Mutual Casualty Insurance Co. v. Traveler's Insurance Co.**, 592 A.2d 51 (Pa. Super. 1991), **DiFabio v. Centaur Ins. Co.**, 531 A..2d 1141 (Pa. Super. 1987).

Accepted: _____      Not Accepted: _____      Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26
## BURDEN OF PROOF - FRAUDULENT MISREPRESENTATION

In order to succeed in demonstrating the Defendants' fraudulent conduct, Mr. Gonda must demonstrate the proof of fraud by clear and convincing evidence. Clear and convincing evidence is that amount of evidence which produces a firm belief that the allegations of wrongdoing made by Mr. Gonda are true.

What is meant by the statement that the evidence must be clear, precise and indubitable? It means that the witnesses must be credible, distinctly remember the facts to which they testify, and narrate the details exactly, that the evidence is not only found to be credible, but of such weight and directness as to make out the facts alleged beyond a reasonable doubt; that the witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction without hesitancy, of the truth of the precise facts in issue.

**Gerfin v. Colonial Smelting & Refining Co.**, 97 A.2d 71, 72 (1953); **Stafford v. Reed**, 70 A.2d 345, 346 (1950).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**
**BURDEN OF PROOF - MASS FORM CONTRACTS**

The burden is on the party submitting a standardized mass contract to show that the other party had knowledge of any unusual or unconscionable terms contained therein. The party seeking to enforce such a contract has the burden of showing that the provisions were explained to the other party and came to his knowledge and there was in fact a real and voluntary meeting of the minds and not merely an objective meeting.

**Commonwealth v. Monumental Prop., Inc.**, 329 A.2d 812 (Pa. 1974)

Accepted: _____    Not Accepted: _____    Covered: _____

33

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28**
**INSURANCE POLICIES COVERED UNDER UTPCPL**

Ladies and gentlemen of the jury, the sale of insurance in Pennsylvania is subject to the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**Sabo v. Metropolitan Life Insurance Company**, 137 F.3d 185, 192 fn4 (3rd Cir. 1998); **Pekular v. Eich**, 513 A.2d 427, 432-41 (Pa. Super. 1986); **73 P.S. § 201-9.2**

Accepted: _____    Not Accepted: _____    Covered: _____

34

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29**
**CLAIMS UNDER THE UTPCPL**

Pursuant to the Unfair Trade Practices and Consumer Protection Law a claim may be brought for the use of unfair methods of competition and unfair or deceptive acts or practices including any one or more of the following business practices:

(ii) causing a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(v) representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they did not have;

(vii) representing the goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are another;

(ix) advertising goods or services with intent not to sell them as advertised;

(xi) making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(xiv) failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of good or services is made;

(xv) knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

(xxi) engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

**73 P.S. § 201-2(4)**

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**
**DEFINITION OF UNFAIR AND DECEPTIVE**

The United States Supreme Court has defined "unfair" and "deceptive" business practices as business practices that offend public policy and are immoral, unethical, oppressive, unscrupulous, exploitive or inequitable. If, in addition to being morally objectionable, the business practice is seriously detrimental to consumers or others it is also considered an "unfair" and "deceptive" practice.

**F.T.C. v. Sperry & Hutchinson Co.**, 405 U.S. 233, 244-245 fn 5. (1972)


Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification in the sale of the life insurance policy to Mr. Gonda then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(ii).**

Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. caused a likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by another, in the sale of the life insurance policy to Mr. Gonda then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(iii).**


Accepted: _____    Not Accepted: _____    Covered: _____

38

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33
## CLAIMS UNDER THE UTPCPL

      If you find that either Defendant Metropolitan Life and/or William Friedt, Jr. represented that the life insurance policy sold to Mr. Gonda had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that it did not have then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(v).**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or Defendant William Friedt. Jr. represented that the life insurance policy sold to Mr. Gonda was of a particular standard, quality or grade, or that goods are of a particular style or model, when they were not then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(vii).**

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. advertised the life insurance policy purchased by Mr. Gonda with the intent not to sell the policy as advertised then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(ix).**


Accepted: _____     Not Accepted: _____     Covered: _____

41

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35**
**CLAIMS UNDER THE UTPCPL**

      If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions regarding the policy sold to Mr. Gonda then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xi).**

Accepted: _____    Not Accepted: _____    Covered: _____

42

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36**
**CLAIMS UNDER THE UTPCPL**

  If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. failed to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of good or services was made then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xiv).**

Accepted: _____  Not Accepted: _____  Covered: _____

43

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37
## CLAIMS UNDER THE UTPCPL

If you find that either Defendant Metropolitan Life and/or Defendant William Friedt, Jr. knowingly misrepresented that services, replacements or repairs were needed when they were not needed then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xv).**

Accepted: _____    Not Accepted: _____    Covered: _____

44

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38**
**CLAIMS UNDER THE UTPCPL**

If you find that either Defendant Metropolitan Life Defendant William Friedt, Jr. engaged in any other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding on the part of Mr. Gonda then you must find that the Defendants used an unfair or deceptive business practice in the sale to Mr. Gonda and violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

**73 P.S. § 201-2(4)(xxi).**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39**
**DAMAGES - FRAUD**

The law does not permit a person to benefit from a fraudulent act.   If you find that the financial harm to Mr. Gonda was caused through deception and fraud, then you must award an amount sufficient to compensate Mr. Gonda for the value of the use of the Mr. Gonda's' money by Metropolitan Life and Defendant William Friedt, Jr..   Furthermore, Defendants are not permitted to earn any profit on Mr. Gonda's money that was unlawfully held.

**Rizzo v. Haines**, 357 Pa. Super. 57, 515 A.2d 321, (1986), aff'd, 520 Pa. 484, 555 A.2d 58 (1989).

Accepted: _____    Not Accepted: _____    Covered: _____

46

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40**
**DAMAGES - FRAUD**

The law of Pennsylvania does not permit a person guilty of fraudulently withholding the funds of another to profit therefrom. Accordingly, where funds are wrongfully and intentionally procured or withheld from one who seeks their restoration, the interest on these monies should be calculated at the market rate of interest. The rate of interest in fraud cases is based upon a market rate of interest, but never less than the legal rate of interest of 6%. Consequently, a market rate of interest that is never less than the legal rate of interest of 6% should be used to calculate the increase in the out-of-pocket loss from the time of the sales to the present.

**Rizzo v. Haines**, 515 A.2d 321, (Pa. Super. 1986), aff'd, 555 A.2d 58 (Pa. 1989)**; Gregorius v. Safeway Steel Scaffolds Co.**, 187 A.2d 646, 649 (Pa. 1963).

Accepted: _____     Not Accepted: _____     Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41
## DAMAGES - AFFIRMANCE OF CONTRACT

Rescission of the life insurance policy is not the only remedy available to Mr. Gonda. Where it is determined that rescission is not appropriate, or where Mr. Gonda elects to affirm the contract, damages at law may be awarded. Such damages include "(a) the difference between the actual cost of the policies purchased by Mr. Gonda and the cost as represented by the defendants at the time of sale; and (2) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation."

**Restatement (Second) of Torts § 549**; <u>**Lesoon v. Metropolitan Life Insurance Company**</u>

Accepted: _____    Not Accepted: _____    Covered: _____

48

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42**
**AFFIRMANCE OF CONTRACT NOT BAR TO FRAUD CLAIM**

      The affirmance of a contract induced by fraud of the seller does not extinguish the right of the purchaser, and it is not a waiver of the fraud, nor does it bar the right of the purchaser to recover damages for the fraud. "Affirmance of the contract is not a waiver of the fraud; nor does it bar the right to recover; it does bar a subsequent rescission."  Accordingly, Mr. Gonda could affirm the contract and yet maintain this action for fraud.

**Tilghman v. Dollenberg**, 418 Pa. 604, 610, 213 A.2d 324, 327 (1965). **Miller v. Central Trust & Savings Co.**, 285 Pa. 472, 486, 132 A. 579, 584 (1926); **Emery v. Third Nat'l Bank**, 314 Pa. 544, 171 A. 881 (1934).

Accepted: _____    Not Accepted: _____    Covered: _____

49

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.43
## DAMAGES - FRAUDULENT MISREPRESENTATION OR NONDISCLOSURE

The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of fraudulent misrepresentation against the party found to have acted fraudulently the monetary loss which the misrepresentation caused to him.  This recovery should include:

(a)     the difference between the actual cost of the policy purchased by Mr. Gonda and the cost as represented by the defendants at the time of sale ; and

(b)     pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation

Where there is no fair market value or special circumstances exist, value may be determined otherwise in accordance with the dictate of fair and just compensation.  Although the value may be measured by a combination of factors particularized to fit the facts of the case, the value must be 'actual' or 'real' or 'intrinsic.'

The recipient of a fraudulent misrepresentation is entitled to recover from its maker in all cases the actual out-of-pocket loss, which, because of its falsity, he sustains through his action or inaction in reliance on it.

Then, where a fraudulent misrepresentation has caused Mr. Gonda to suffer a financial loss, Mr. Gonda has the option to recover benefit-of-the-bargain damages, and then to select the remedy that provides the greatest relief where more than one method of calculating the damages exists.

**Neuman v. Corn Exchange National Bank & Trust Co.**, 51 A.2d 759, 766 (Pa. 1947); **Silverman v Bell Sav. & Loan Ass'n**, 533 A.2d 110 (Pa. Super.1987); **Pa. SSJI (Civ) Damages- Fraud § 13.17**; **Scaife v. Rockwell**, 285 A.2d 451 (Pa. 1971); **Restatement of the Law Second Torts, Second, § 549**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 44**
**DAMAGES - UNCERTAINTY AS TO AMOUNT**

Recovery will not be precluded simply because there is some uncertainty as to the precise amount of damages incurred. Damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. It is well established that mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct. The basis for this rule is that Metropolitan Life and the Defendant agents are not allowed to shift the loss to Mr. Gonda when damages, even if uncertain in amount, were certainly the responsibility of Metropolitan Life and/or Defendant William Friedt, Jr.

**Pugh v. Holmes**, 405 A.2d 897, 909-910 (Pa. 1979); **Delahanty v. First Pennsylvania Bank, N.A.,** 464 A.2d 1243, 1257 (Pa. Super. 1983).

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 45**
**DAMAGES - BURDEN OF PROOF**

Mr. Gonda bears the burden of proving damages only by a preponderance of the evidence.  Mr. Gonda is required only to provide you the members of the jury with a reasonable amount of information so as to enable you to fairly estimate the amount of damages without engaging in speculation.  Damages need not be proven with mathematical certainty.  If there is uncertainty as to the amount of damages, this shall not hinder recovery where it is clear that damages and a loss of money to Mr. Gonda resulted from the sale of the life insurance policy.

**Com. v. U.S. Mineral Prod. Co.**, 809 A.2d 1000, 1016 (Pa.Cmwlth.2002); **Bolus v. United Penn Bank**, 525 A.2d 1215 (Pa.Super. 1987); **Scullion v. Emeco Industries, Inc.**, 580 A.2d 1356 (Pa.Super. 1990).


Accepted: _____    Not Accepted: _____    Covered: _____

52

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 46**
**DAMAGES - REDUCTION**

If the defendant wishes to argue for a reduction in damages or to rebut the adequacy of plaintiff's evidence, the burden of such a showing is on the defendant.

**Penn Elec. Sup. v. Billows Elec. Sup.**, 528 A.2d 643 (Pa. Super. 1987).

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 47**
**PUNITIVE DAMAGES**

There are three Defendants in this case and punitive damages may be assessed against one, two or all of the Defendants. If you find that Metropolitan Life Insurance Company's, and/or Defendant William Friedt, Jr.'s conduct was a substantial factor in bringing about the harm Mr. Gonda suffered and if you find that the conduct of the Metropolitan Life Insurance Company and/or Defendant William Friedt, Jr. was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the Defendants for their conduct and to deter them and others from the commission of like acts in the future.

A corporation's conduct is outrageous when it, through its agents, servants and/or employees, acts with a bad motive or when it acts with reckless indifference to the interests of others.

**Pa. SSJI (Civ) 14.00.**

Accepted: _____   Not Accepted: _____   Covered: _____

54

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 48
## PUNITIVE DAMAGES

If the conduct of Defendant William Friedt, Jr. was outrageous, punitive damages may be awarded against Metropolitan Life if you find that any of the following occurred:

(a)     Metropolitan Life authorized the doing and the manner of the act, or

(b)     Defendant William Friedt, Jr. was unfit and Metropolitan Life was reckless in employing either of them, or

(c)     Defendant William Friedt, Jr. was acting within the scope of his employment, or

(d)     Metropolitan Life or another agent of Metropolitan Life employed in a managerial capacity ratified or approved of the acts, or

(e)     The acts were foreseeable.

**Pa. SSJI (Civ) 14.01.**

Accepted: _____     Not Accepted: _____     Covered: _____

55

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 49**
**PUNITIVE DAMAGES**

If you decide that Mr. Gonda is entitled to an award of punitive damages, the amount of such damages must be fixed by you. In doing so you may consider any or all of the following factors: (1) the character of Metropolitan Life Insurance Company's and/or its agents acts as against Mr. Gonda (2) the nature and extent of the harm to Mr. Gonda which Metropolitan Life Insurance Company and/or its agents caused or intended to cause including Mr. Gonda's trouble and expense in seeking to protect his interests in legal proceedings and in this suit, (3) similar deceptive conduct and/or actions engaged in by Metropolitan Life and/or Defendant William Friedt, Jr. in the Commonwealth of Pennsylvania and (4) the wealth of Metropolitan Life Insurance Company insofar as it is relevant in fixing an amount which will punish them for their actions in this case, and to deter them and others from like conduct in the future. The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages.

You must determine whether punitive damages are to be assessed against each defendant by that defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors, which I have enumerated, as they apply to each particular defendant. While you return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

The amount of punitive damages awarded must not be the result of passion or prejudice against the Defendants on the part of the jury. The sole purposes of punitive damages and the only purpose for which you may make an award and set an amount of punitive damages is to punish Metropolitan Life Insurance Company's and/or its agents outrageous conduct and to deter Metropolitan Life Insurance Company and/or its agents and others from the commission of like acts.

**Pa. SSJI (Civ) § 14.02.**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50**
**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence that is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**5TH CIR. CIVIL JURY INSTR. 2.18**

Accepted: _____    Not Accepted: _____    Covered:_____

57

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 51**
**TESTIMONY OF PARTIES**

During the course of the trial, Mr. Gonda and the Defendants testified in their own behalf.  You should not disregard such testimony merely because the person giving it is a party to the action and interested in the verdict, but you should consider such testimony in connection with all the evidence in the case and give it such weight and credit as you believe it is entitled to.

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 52**
**CONFLICTING TESTIMONY**

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**Pa SSJI (Civ) § 5.04**


Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 53**
**NUMBER OF WITNESSES**

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses or evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to be of the same quality, the weight of numbers assumes particular significance.

**Pa. SSJI (Civ) § 5.03**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 54
## WILFULLY FALSE TESTIMONY

If you decide that a witness has deliberately falsified his testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his testimony; and you may refuse to believe the rest of his testimony, but you are not required to do so.

**Pa. SSJI (Civ) § 5.05**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 55
## DEPOSITION TESTIMONY

During the trial of this case, certain deposition testimony has been shown and read to you by way of written transcripts, consisting of answers under oath to questions asked of the witness in advance of the trial, in the presence of a court reporter, by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition under oath by videotaped depositions shown to you or a written transcript read to you.  Such deposition testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, as if the witness otherwise had been present, and had testified from the witness stand.

**Pa. SSJI (Civ) § 2.05**

Accepted: _____    Not Accepted: _____    Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 56**
**EXPERT WITNESSES - GENERALLY**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is called an expert witness and is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

**5TH CIR. CIVIL JURY INSTR. 2.19**

Accepted: _____    Not Accepted: _____    Covered: _____

63

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 57**
**EXPERTS' TESTIMONY - CREDIBILITY GENERALLY**

You may recall that [INSERT EXPERTS NAMES] gave testimony of their qualifications as an expert in their fields.

A witness who has specific knowledge, skill, experience, training, or education in a particular science, profession, or occupations may give an opinion as an expert as to any matter in which he or she is skilled. In determining the weight to be given to the expert's opinion, you should consider the qualifications and reliability of the expert and the reasons and facts given for the opinion. You are not bound by an expert's opinion merely because he or she is an expert; you may accept or reject it, as in the case of other witnesses. Give it the weight, if any, to which you deem it is entitled.

**Pa. SSJI (Civ) § 5.30**

Accepted: _____     Not Accepted: _____     Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 58**
**EXPERTS' OPINIONS - BASIS FOR OPINION GENERALLY**

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**Pa. SSJI (Civ) 5.31**

Accepted: _____    Not Accepted: _____    Covered: _____

65

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 59
HYPOTHETICAL QUESTIONS**

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. By material fact, we mean one that was important to the expert in forming his or her opinion.

Similarly, if the expert has made it clear that his or her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**Pa. SSJI (Civ) 5.32**

Accepted: _____    Not Accepted: _____    Covered: _____

66

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 60**
**WEIGHING CONFLICTING EXPERT TESTIMONY**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witness, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**Pa. SSJI (Civ) 5.33**

Accepted: _____    Not Accepted: _____    Covered: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 61
## MISLEADING PROJECTIONS

Projections and financial forecasts made with a reasonable basis are not made misleading merely because they may ultimately be proven incorrect.  However, a projection or a forecast may constitute a basis for a verdict in Mr. Gonda's favor if, but only if, it is proved by a preponderance of the evidence that at the time the forecast or projection was made, the defendants either:

(1) did not believe that the forecast or projection was reliable, or

(2) had reason to believe that the forecast or  projections were not reliable.

If you find defendants had reason to believe that the projection was not reliable, you should find that they issued a misleading statement.

**Eisenberg v. Gagnon**, 766 F.2d 770 (3rd Cir. 1985)

Accepted: _____       Not Accepted: _____       Covered: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 62**
**DUTIES OF PROFESSIONAL**

One who in the course of his business or profession supplied information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if:

      (a)  he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

      (b)  the harm is suffered;

            (i)     by the person or one of the class of persons for whose guidance the information was supplied, and

            (ii)    because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith.

**Rempel v. Nationwide Insurance Co.**, 471 Pa. 404, 370 A.2d 366 (1977); **Restatement of Torts § 522**

Accepted: _____     Not Accepted: _____     Covered: _____

69

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 63
### STATUTE OF LIMITATIONS - DISCOVERY RULE - FRAUDULENT CONCEALMENT.

The general rule is that a claim for a negligent or fraudulent misrepresentation must be brought within two years of the misrepresentation. Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute. Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action. There are, however, exceptions that act to toll the running of a statute of limitations. The discovery rule and the doctrine of fraudulent concealment are such exceptions. In this case, Mr. Gonda seeks to apply the discovery rule to avoid the limitations bar.

The discovery rule originated in cases in which the injury or its cause was neither known nor reasonably knowable. The purpose of the rule is to exclude from consideration that period of time during which a party who has not suffered an immediately ascertainable injury remains "reasonably unaware" so that he has essentially the same rights as those who have suffered an immediately ascertainable injury. As the discovery rule has developed, the key point that gives rise to its application is the inability of the injured party, despite the exercise of reasonable diligence, to know that he has been injured and by what cause.

Our Supreme Court has explained that reasonable diligence is not an absolute standard. Rather, it is "what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence. Put another way, the question in any given case is not, what did Mr. Gonda know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?

Although "reasonable diligence" is an objective test, it must remain sufficiently flexible to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question. A party's actions must be evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.

When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arose. Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.

**Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05)

Accepted: _____    Not Accepted: _____    Covered: _____

**PROPOSED JURY INSTRUCTION NO. 65**
**NEGLIGENCE - DEFINED**

The term "negligent" or "negligence" as used in these Instructions means the failure to use that degree of care which an ordinarily careful person would use under the same or similar circumstances. The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent you must determine what that person knew or should have known and the harm that should reasonably have been foreseen.

**8TH CIR. CIVIL JURY INSTR. 7.09**

Accepted: _____ Not Accepted: _____ Covered: _____

71

## PROPOSED JURY INSTRUCTION NO. 66
## DUTIES OF AN INSURER AT DELIVERY

At the time of delivery, the insurance agent has an affirmative obligation and duty to inform the customer that the terms of the insurance policy differ materially form the terms as explained during the sales presentation.   Thus if the insurance agent or insurance company fails to make an explanation as to the material differences in the policy at the time of delivery, it is reasonable for the consumer to not read his or her insurance policy to discover any misrepresentations and the reasonable expectations of the consumer created at the sales presentation should prevail

_____

**Toy v. Metropolitan Life Ins. Co.**, 862 A.2d 1(Pa. Super. 2004); **Drelles v. Metropolitan Life Ins. Co.**, 2005 Pa. Super. 249, 2005 Pa. Super. LEXIS 1594 (Pa. Super. 7/05/05); **Tran v. Metropolitan Life Ins. Co.**,408 F.3d 130 (3d. Cir. 2005); **Dilworth v. Metropolitan Life Ins. Co.**, 418 F.3d 345 (3d. Cir. 2005)

Accepted: _____     Not Accepted: _____     Covered: _____

## PROPOSED JURY INSTRUCTION NO. 67
### FRAUDULENT OMISSION OF MATERIAL INFORMATION

It is a "well-settled" principle of law that the deliberate nondiclosure of a material fact amounts to a misrepresentation no less than does an intentional false statement of a material fact.

The continuing development of modern business ethics has limited to some extent the privilege to take advantage of ignorance. There are situations in which the defendant not only knows that his bargaining adversary, the plaintiff, is acting under a mistake basic to the transaction, but also knows that the plaintiff, by reason of the relationship between the two parties, the custom of the trade, and/or other objective circumstances, is reasonably relying upon a disclosure of the unrevealed fact if it exists. In this type of case good faith and fair dealing may require disclosure.

This means that the defendant has a duty to disclose information basic to the transaction, if he knows that the plaintiff is about to enter into the purchase of the policy under a mistake as to the undisclosed information and that the plaintiff, as a result of the relationship between the defendant and the plaintiff and the customs of the trade or other objective circumstances, would reasonably expect the defendant to disclose this information.

It is alleged that the salesperson in the instant case, Defendant William Friedt, Jr., kept from Mr. Gonda material information which Defendant William Friedt, Jr. possessed by reason of their superior knowledge, training and/or education. If you find that a deliberate nondisclosure of material information occurred, that Mr. Gonda could have reasonably expected disclosure of this information, and that Mr. Gonda was prevented from knowingly balancing the positive and negative aspects of the proposed new policy in making his decision to purchase the policy, then you must find that a fraudulent misrepresentation occurred and that the elements of justifiable reliance is satisfied.

**Slaybaugh v. Newman**, 479 A.2d 517, 520-521 (Pa. Super. 1984); **Restatement (Second) of Torts § 551**; **Agliori v. Metropolitan Life Insurance Company**, 2005 PA. Super 253, ¶15, 2005 Pa. Super. LEXIS 2221 (Pa. Super. 2005)

Accepted: _____    Not Accepted: _____    Covered: _____

## PROPOSED JURY INSTRUCTION NO. 68
## DAMAGES – DEGREE OF CERTAINTY

There are cases in which the experience of mankind is convincing that a substantial pecuniary loss has occurred, while at the same time it is of such a character that the amount in money is incapable of proof.  In these cases the defendant usually has reason to foresee this difficulty of proof and should not be allowed to profit by it.  In such cases, it is reasonable to require a lesser degree of certainty as to the amount of loss.

**Stentor Electric Mfg. Co. v. Klaxon Co.**, 115 F.2d 268, 273-274 (3rd Cir. 1940); **Pugh v. Holmes**, 405 A.2d 897, 909-910 (Pa. 1979)

Accepted: _____        Not Accepted: _____        Covered: _____

74

**PROPOSED JURY INSTRUCTION NO. 69**
**DAMAGES – BENEFIT OF BARGAIN**

The recipient of a fraudulent misrepresentation in a business transaction is entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty.

**Restatement (Second) of Torts § 549 (2)**

Accepted: _____     Not Accepted: _____     Covered: _____