## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD M. GONDA,                 :   CIVIL ACTION NO. 00-2286
                                     :
                                     :
                 Plaintiffs,        :
                                       :
                  v.              :   CHIEF JUDGE AMBROSE
                                       :
                                     :
METROPOLITAN LIFE INSURANCE      :
COMPANY and WILLIAM FRIEDT, JR.,   :
                                       :
                  Defendants.

**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S
AND WILLIAM FRIEDT, JR.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF JUNE 28, 2006,
GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS 95 AND
107**

## ARGUMENT

Defendants Metropolitan Life Insurance Company ("MetLife") and William Friedt submit this Response in Opposition to Plaintiff's Motion for Reconsideration of the Court's Order of June 28, 2006, Granting Defendants' Motion in Limine to Exclude Exhibits 95 and 107.

On June 28, 2006, this Court entered an Order granting defendants' uncontested Motion in Limine to Exclude the videotape identified as plaintiff's Exhibit 95 and 107 (the "APP videotape"). On July 5, 2006, plaintiff filed a Motion for Reconsideration, asserting that Mr. Miller of Behrend & Ernsberger, plaintiff's law firm, suffered a stroke and therefore failed to file plaintiff's Brief in Response to Defendants' Motion. Plaintiff asserts that the Court's Order excluding the APP videotape will prejudice plaintiff because his expert, Robert Boyd Carter relied upon this tape in rendering his expert report.

Regardless of Plaintiff's failure to file a brief, this Court's Order was consistent with the Federal Rules of Evidence. The APP videotape consists wholly of inadmissible hearsay, including double and triple hearsay, and thus is inadmissible under Federal Rule of Evidence 803. Importantly, the Response Brief attached by plaintiff to his Motion for Reconsideration does not argue that a single exception to the hearsay rule applies to the APP videotape.

Furthermore, the APP videotape is evidence of MetLife's subsequent remedial measures to correct alleged confusion regarding the accelerated payment program, and thus is inadmissible under Federal Rule of Evidence 407. Moreover, the videotape is irrelevant to plaintiff's claims under Federal Rule of Evidence 402 as it does not focus on the relevant parties, time frame or geographical area. In sum, this Court did not abuse its discretion by excluding the APP videotape; in fact, this decision comports with the Federal Rules of Evidence.

Finally, plaintiff's assertion that he would somehow be prejudiced by the exclusion of this videotape because his expert relied upon it is without merit. "The fact that an expert's opinion is based in whole or part on inadmissible evidence does not mean that the inadmissible evidence becomes admissible as substantive evidence…" <u>Horn v. General Motors Corp.</u>, 1986 WL 12506 at *1 (E.D. Pa. 1986). Neither Federal Rule of Evidence 703 nor 705 requires that every document relied upon by the expert be accepted in evidence for the consideration of the jury. <u>Id.</u>; <u>see also</u> <u>In re Industrial Silicon Antitrust Litig.</u>, 1998 WL 1031508 at *1 (W.D. Pa. 1998).

## **<u>CONCLUSION</u>**

For the foregoing reasons, defendants MetLife and Mr. Friedt respectfully request that this Honorable Court uphold its June 28, 2006 Order barring the introduction or use of the Plaintiff's Proposed Exhibits 95 and 107.

Respectfully Submitted,

<u>s/ B. John Pendleton, Jr.</u>
B. John Pendleton, Jr.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Attorneys for Defendants
Metropolitan Life Insurance Company and
William Friedt, Jr.

Dated: July 13, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of July, 2006, a true and correct copy of

the foregoing **DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY'S AND**

**WILLIAM FRIEDT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**

**RECONSIDERATION OF THE COURT'S ORDER OF JUNE 28, 2006, GRANTING**

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXHIBITS 95 AND 107** was

served upon the following via the electronic filing service:

Kenneth R. Behrend, Esquire
BEHREND & ERNSBERGER, P.C.
Union National Bank Building, 3rd Floor
306 Fourth Avenue
Pittsburgh, Pennsylvania  15222

s/ B. John Pendleton, Jr._____