IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GONDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  00-2286 |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| and WILLIAM FRIEDT, JR., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM ORDER OF COURT**

On June 19, 2006, Defendants filed a Motion *in Limine* to Exclude Exhibits 95 and 107,[1] which is a videotape made in September of 1996 of MetLife sales representatives discussing confusion they or their customers have had regarding the accelerated payment ("AP") arrangement.  (Docket No. 46).  Plaintiff filed a response thereto (Docket No. 107).  The issues are now ripe for review.

Defendants first seek to exclude the video based on Rule 407 - Subsequent Remedial Measures. *See,* Fed. R. E. 407.  After a review of the transcript of the video, I find that this is not a discussion of subsequent remedial measures.  It discusses problems, but it is not a remedial measure "that, if taken previously, would have made the injury or harm less likely to occur."  Fed. R. E. 407.  Consequently, I will not exclude it on this basis.

_____

[1]Plaintiff has identified the same document twice: once as Exhibit 95 and once as Exhibit  107.

Defendants next argue that the video should be excluded because it is irrelevant to this litigation based on Rule 402.  I disagree.  The video is relevant to show a business pattern and practice of selling policies with vanishing premiums, an issue in this case.  *See,* Fed. R. E. 406.  Consequently, I will not exclude it on this basis either.

Defendants then argue that the video should be excluded because of the danger of unfair prejudice to Defendant, confusion, and because it would be misleading to the jury based on Rule 403.  Again, I disagree.  The fact that there is no specific time frame discussed goes to the weight and not admissibility of the video.  Additionally, even thought Defendant Friedt was not a part of the discussion, he can be asked specifically how he understood the program to work.  Consequently, I will not exclude the video based on Rule 403.

Finally,  Defendants argue that the video should be excluded based on inadmissible hearsay.  (Docket No. 47, p. 9).   I agree with Defendants that the excerpts[2] at 3-8 and 4-17 should not be admitted based on hearsay.  I disagree with Defendants that the excerpts at 1-1, 1-2, 2-4, 2-5, 2-6, 2-7, 3-9, 3-9A, 3-10, 3-11, 4-12, 4-13, 4-14, 4-15, and 4-16 should not be admitted based on hearsay.  Finally, the objections identified as occurring on pages 5 though 9 of the video transcript are moot since Plaintiff does not plan on introducing those portions of the transcript at trial.  (Docket No. 107, p. 3, n. 1).

---

[2]The excerpts are identified by two numbers.  The first number is the page of the transcript on which the objection occurs.  The second number is the designation number as listed by Defendant on the exhibit attached to Docket No. 172.

THEREFORE, this **18th** day of July, 2006, after careful consideration of the Motion (Docket No. 46) and the related submissions, it is ordered that the Motion (Docket No. 46) is granted in part and denied in part as follows:

1.  The following excerpts will be admitted: 1-1; 1-2; 2-3; 2-4; 2-5; 2-6; 2-7; 3-9; 3-9A; 3-10; 3-11; 4-12; 4-13; 4-14; 4-15; and 4-16;

2.  The following excerpts will not be admitted: 3-8; 4-17; and

3.  The objections identified as occurring on pages 5 through 9 of the video transcript are denied as moot, since Plaintiffs have stated that they do not intend to introduce the portions of the transcript occurring on pages 5-9.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge